1  MORGAN, LEWIS & BOCKIUS LLP
   Joseph Duffy, Bar No. 241854
2  joseph.duffy@morganlewis.com
   Megan A. Suehiro, Bar No. 316104
3  megan.suehiro@morganlewis.com
   300 South Grand Avenue, Twenty-Second Floor
4  Los Angeles, CA 90071-3132
   Tel:    +1.213.612.2500
5  Fax:    +1.213.612.2501

6  Alexandra M. Gonsman, Bar No. 339361
   alexandra.gonsman@morganlewis.com
7  One Market, Spear Street Tower
   San Francisco, CA  94105-1596
8  Tel:    +1.415.442.1000
   Fax:    +1.415.442.1001
9
   Attorneys for Defendant
10 PEET'S COFFEE, INC.

11 CLARK HILL LLP
   Myriah V. Jaworski, Bar No. 336898
12 mjaworski@clarkhill.com
   505 Montgomery Street
13 San Francisco, CA 94111
   Tel:    + 1.619.557.0404
14 Fax:    + 1.619.557.0460

15 Attorneys for Defendant
   PRESIDIO BRANDS, INC.
16
   *[Additional Counsel Listed on Signature Page]*
17
                    UNITED STATES DISTRICT COURT
18
                   NORTHERN DISTRICT OF CALIFORNIA
19

20 | OATHER MCCLUNG, ABBY LINEBERRY, | Case No. 3:23-cv-01996-VC |
   | TERRY MICHAEL COOK, and GREG | |
21 | DESSART, individually and on behalf of all | **DEFENDANTS PRESIDIO BRANDS,** |
   | others similarly situated, | **INC. AND PEET'S COFFEE, INC.'S** |
22 | | **JOINT NOTICE OF MOTION AND** |
   | Plaintiffs, | **MOTION TO DISMISS CLASS ACTION** |
23 | | **COMPLAINT, AND MEMORANDUM** |
   | v. | **OF POINTS AND AUTHORITIES IN** |
24 | | **SUPPORT THEREOF** |
   | ADDSHOPPERS, INC., PRESIDIO BRANDS, | |
25 | INC., PEET'S COFFEE, INC., and JOHN | Date:      July 27, 2023 |
   | DOE COMPANIES, | Time:      10:00 a.m. |
26 | | Ctrm:      4 – 17th Floor |
   | Defendants. | Judge:     Hon. Vince Chhabria |
27 | | |
   | | Complaint Filed:     April 24, 2023 |
28 | | Trial Date:  N/A |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

## JOINT NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE that on July 27, 2023, at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Vince Chhabria, in Courtroom 4 of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Presidio Brands, Inc., d/b/a Every Man Jack ("Every Man Jack") and Peet's Coffee, Inc. ("Peet's") (collectively, the "Retail Defendants"), by and through their attorneys of record, will and hereby do move for an order dismissing the Class Action Complaint, ECF No. 1 ("Complaint"), with prejudice pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP").

The Retail Defendants move to dismiss the Complaint on the following grounds:

(1) Pursuant to FRCP 12(b)(1), the Retail Defendants move to dismiss Plaintiffs' claims against them because Plaintiffs have not met their burden to plead sufficient factual information to support a finding of Article III standing and subject matter jurisdiction.

(2) Pursuant to FRCP 12(b)(6), the Retail Defendants move to dismiss all claims alleged against them in the Complaint, namely Violation of the California Invasion of Privacy Act, Cal. Penal Code § 631 ("CIPA") (Count 1), Violation of the Computer Data Access and Fraud Act, Cal. Penal Code § 502 ("CDAFA") (Count 2), Statutory Larceny, Cal. Penal Code §§ 484 and 496 (Count 3), and Common Law Invasion of Privacy/Intrusion (Count 9).  Each of these claims is unsupported by the facts alleged and otherwise fails to state a claim upon which relief can be granted.

This Motion is based upon this Joint Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities and supporting declarations, the pleadings and records on file in this action, and such other evidence and argument as may be presented to the Court at or before the hearing on the Motion.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

2

RETAIL DEFENDANTS' JOINT MOTION
TO DISMISS; 3:23-CV-01996-VC

1    Dated: June 20, 2023                          MORGAN, LEWIS & BOCKIUS LLP

2

3                                                  By  */s/ Joseph Duffy*
                                                   Joseph Duffy
4                                                  Megan A. Suehiro
                                                   Alexandra M. Gonsman
5                                                  Ezra D. Church (*pro hac vice forthcoming*)

6                                                  Attorneys for Defendant
                                                   PEET'S COFFEE, INC.
7    Dated: June 20, 2023                          CLARK HILL LLP

8

9                                                  By  */s/ Myriah Jaworski*
                                                   Myriah Jaworski
10                                                 Chirag H. Patel (*pro hac vice forthcoming*)

11                                                 Attorneys for Defendant
                                                   PRESIDIO BRANDS, INC.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

3

RETAIL DEFENDANTS' JOINT MOTION
TO DISMISS; 3:23-CV-01996-VC

**TABLE OF CONTENTS**

|  |  | Page |
|---|---|---|
| I. | Introduction | 1 |
| II. | Factual Background | 2 |
| III. | Legal Standard | 3 |
| IV. | Argument | 4 |

A.    Plaintiffs Cook and Dessart Lack Article III Standing to Bring Claims Against Peets and Every Man Jack, Respectively. ............. 4

     1.    Plaintiffs Fail to Allege an Injury-in-Fact. ............. 5

         a.    A bare procedural violation of CIPA is insufficient to show an injury-in-fact. ............. 5

         b.    Plaintiff Cook and Plaintiff Dessart's wife did not disclose PII during their respective visits to Peet's and Every Man Jack's websites. ............. 6

         c.    The receipt of an email does not constitute an injury-in-fact. ............. 6

         d.    Disclosure of confidential or private information is necessary to allege an injury-in-fact in support of Plaintiffs' other claims. ............. 6

B.    Plaintiffs Cook and Dessart's California Statutory Claims Fail. ............. 7

C.    Plaintiffs' Claims Should Be Dismissed Because They Consented to the Retail Defendants' Alleged Conduct. ............. 8

     1.    Plaintiff Cook's Consent to Peet's Privacy Policy Bars His Claims. ............. 9

     2.    Users of Every Man Jack's Website Must Agree to Its Privacy Policy. ............. 11

D.    Plaintiffs' Claims Against the Retail Defendants Fails for Additional Reasons. ............. 12

     1.    Plaintiffs' CIPA Claim (Count 1) Against the Retail Defendants Suffers From Four Separate Legal Defects and Cannot Be Sustained. ............. 12

         a.    Plaintiff Dessart's CIPA claim fails to allege facts showing that AddShoppers intercepted a "communication" between him and Every Man Jack. ............. 13

         b.    Plaintiffs Cook and Dessart's CIPA claims fail because they do not allege facts showing that any alleged interception occurred in California. ............. 13

         c.    Plaintiffs Cook and Dessart's CIPA claims fail because they consented to the sharing of information with third parties. ............. 14

         d.    Plaintiffs Cook and Dessart's CIPA claims fail because they concede that Peet's and Every Man Jack did not collect confidential information. ............. 14

     2.    Plaintiffs' CDAFA Claim (Count 2) Fails. ............. 15

     3.    Plaintiffs' Statutory Larceny Claim (Count 3) Fails. ............. 15

1

**TABLE OF CONTENTS**
(continued)

2                                                                                      **Page**

3              4.      Plaintiffs Fail to State a Claim for Common Law Invasion of
                        Privacy/Intrusion (Count 9)..........................................................................16

4      V.      Conclusion ..............................................................................................................17

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) .................................................................................................... 3

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) .................................................................................................... 3

*Belluomini v. Citigroup, Inc.,*
    2013 WL 3855589 (N.D. Cal. July 24, 2013) ................................................... 16, 17

*Byars v. Sterling Jewelers, Inc.,*
    2023 WL 2996686 (C.D. Cal. Apr. 5, 2023) ..................................................... 5, 6, 14

*Cairo, Inc. v. Crossmedia Servs., Inc.,*
    2005 WL 756610 (N.D. Cal. Apr. 1, 2005) ............................................................ 10

*Calhoun v. Google LLC,*
    526 F. Supp. 3d 605 (N.D. Cal. 2021) ................................................................. 9, 10

*Cottle v. Plaid Inc.,*
    536 F. Supp. 3d 461 (N.D. Cal. 2021) ...................................................................... 7

*In re Facebook Internet Tracking Litig.,*
    140 F. Supp. 3d 922 (N.D. Cal. 2015) ...................................................................... 7

*In re Facebook, Inc. Internet Tracking Litig.,*
    956 F.3d 589 (9th Cir. 2020) ............................................................................... 5, 7

*Fogelstrom v. Lamps Plus, Inc.,*
    195 Cal.App.4th 986 (2011) ................................................................................... 16

*In re Google Android Consumer Privacy Litig.,*
    2013 WL 1283236 (N.D. Cal. Mar. 26, 2013) ......................................................... 7

*In re Google Assistant Privacy Litig.,*
    457 F. Supp. 3d 797 (N.D. Cal. 2020) .................................................................... 16

*In re Google, Inc. Privacy Policy Litig.,*
    58 F. Supp. 3d 968 (N.D. Cal. 2014) ...................................................................... 17

*In re iPhone Application Litig.,*
    844 F. Supp. 2d 1040 (N.D. Cal. 2012) .................................................................. 16

*Javier v. Assurance IQ, LLC*,
     2023 WL 114225 (N.D. Cal. Jan. 5, 2023) ................................................................ 12, 13, 14

*Licea v. Am. Eagle Outfitters, Inc.*,
     2023 WL 2469630 (C.D. Cal. Mar. 7, 2023) ...................................................................... 12, 13

*Lightoller v. Jetblue Airways, Corp.*,
     No. 23-cv-00361-H-KSC, Order Granting Mot. to Dismiss (S.D. Cal. June 12,
     2023), ECF No. 18 ...................................................................................................................... 5, 6

*Low v. LinkedIn Corp.*,
     900 F. Supp. 2d 1010 (N.D. Cal. 2012) .......................................................................... 16, 17

*Lujan v. Defs. of Wildlife*,
     504 U.S. 555 (1992) ........................................................................................................................ 4

*Mastel v. Miniclip SA*,
     549 F. Supp. 3d 1129 (E.D. Cal. 2021) ................................................................................ 13

*Molnar v. 1-800-Flowers.com, Inc.*,
     2008 WL 4772125 (C.D. Cal. Sept. 29, 2008) ................................................................... 11

*Moreno v. San Francisco Bay Area Rapid Transit Dist.*,
     2017 WL 6387764 (N.D. Cal. Dec. 14, 2017) .................................................................... 16

*N. Alaska Salmon Co. v. Pillsbury*,
     174 Cal. 1 (1916) ........................................................................................................................ 1, 7

*NovelPoster v. Javitch Canfield Grp.*,
     140 F. Supp. 3d 938 (N.D. Cal. 2014) ................................................................................. 15

*People v. Johnson*,
     82 Cal.App.3d 183 (Ct. App. 1978) ...................................................................................... 15

*Perkins v. LinkedIn Corp.*,
     53 F. Supp. 3d 1190 (N.D. Cal. 2014) .................................................................................... 9

*Ribas v. Clark*,
     38 Cal.3d 355 (1985) ..................................................................................................................... 8

*Smith v. Facebook, Inc.*,
     262 F. Supp. 3d 943 (N.D. Cal. 2017), *aff'd*, 745 F. App'x 8 (9th Cir. 2018) .......... 8

*Spokeo, Inc. v. Robins*,
     578 U.S. 330 (2016) .................................................................................................................. 4, 5

*Sullivan v. Oracle Corp.*,
     51 Cal.4th 1191 (2011) ................................................................................................................ 7

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

1

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
   551 U.S. 308 (2007) .......................................................................................... 9

*Ticketmaster L.L.C. v. RMG Techs., Inc.*,
   507 F. Supp. 2d 1096 (C.D. Cal. 2007) ........................................................ 10

*TransUnion LLC v. Ramirez*,
   141 S. Ct. 2190 (2021) ...................................................................................... 5

**Statutes**

Cal. Civ. Code § 484 ............................................................................................. 15

Cal. Penal Code § 502 ...................................................................................... 8, 15

Cal. Penal Code § 630 ............................................................................................. 8

Cal. Penal Code § 631(a) ........................................................................................ 8

Cal. Penal Code § 632(a) ........................................................................................ 8

**Other Authorities**

Restatement (Second) of Torts § 892A (1979) ..................................................... 8

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.     INTRODUCTION**

3

Plaintiffs bring this federal lawsuit because they claim they received marketing emails as a

4 result of one-time visits to the retail websites of Defendants Presidio Brands, Inc., d/b/a Every Man

5 Jack ("Every Man Jack") and Peet's Coffee, Inc. ("Peet's") (collectively, the "Retail Defendants").

6 Complaint ¶ 2.  They allege that the emails were part of a supposed "marketing enterprise" allegedly

7 run by Defendant AddShoppers, Inc. ("AddShoppers"), in which Plaintiffs allege information about

8 consumers is collected through the Retailer Defendants' websites.  *Id.* ¶¶ 2, 11-12.  While Plaintiffs

9 seek to hold the Retail Defendants liable for aiding and abetting AddShoppers' alleged violation of

10 various California penal code violations and common law invasion of privacy/intrusion, Plaintiffs'

11 allegations against the Retail Defendants completely fail to state any cognizable claim.

12

***First***, Plaintiffs Cook and Dessart (the two Plaintiffs asserting claims against the Retail

13 Defendants) do not allege facts showing they suffered an injury-in-fact stemming from their single

14 alleged interaction with Peet's (Plaintiff Cook) and Every Man Jack's (Plaintiff Dessart) websites.

15 Neither Plaintiff alleges facts showing that Peet's or Every Man Jack collected any specific

16 information, let alone how they have a protectable interest in such information.  Moreover, as set

17 forth in AddShoppers' motion to dismiss, receipt of an email containing the items Plaintiffs are

18 alleged to have viewed on Peet's and Every Man Jack's website does not constitute an injury-in-

19 fact.  Plaintiffs have not satisfied their burden to demonstrate they have Article III standing, and

20 the Complaint should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil

21 Procedure ("FRCP").

22

***Second***, Plaintiffs' California statutory claims against the Retail Defendants fail.  Plaintiffs

23 Cook and Dessart cannot assert claims under the various California Penal Code sections they seek

24 to invoke because those statutes "have no force beyond [the State's] boundaries."  *N. Alaska Salmon*

25 *Co. v. Pillsbury*, 174 Cal. 1, 4 (1916).  Both Plaintiff Cook and Dessart are non-California residents,

26 and the only reasonable inference is that they interacted with the Retail Defendants' websites in

27 their home states.  Even if Plaintiffs could avail themselves of the protections of an out-of-state

28 statute, Plaintiffs do not plead any facts that would give rise to liability under those California Penal

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

RETAIL DEFENDANTS' JOINT MOTION
TO DISMISS; 3:23-CV-01996-VC

Code sections.  And Plaintiffs' common law tort claim for invasion of privacy/intrusion suffers from similar defects as Plaintiffs do not allege egregious of highly offensive conduct.  Plaintiffs' claims fail as a matter of law and should be dismissed pursuant to FRCP 12(b)(6).

*Finally*, even if Plaintiffs could demonstrate standing and the ability to pursue California statutory claims, each of their claims against the Retail Defendants would still be barred by the defense of consent.  Both Plaintiff Cook and Dessart consented to the Retail Defendants' alleged conduct through the Privacy Policies conspicuously displayed on Every Man Jack's and Peet's respective websites.

For these reasons and the reasons set forth below, Plaintiffs' claims against the Retail Defendants should be dismissed in their entirety.

## II.   <u>FACTUAL BACKGROUND</u>

Plaintiffs allege that Defendant AddShoppers "runs a marketing enterprise that illicitly tracks persons across the internet, collects their personal information without consent, and then uses that information to send direct solicitations" to the individual without their consent.  Compl. ¶ 2. Plaintiffs allege that AddShoppers' technology, known as "SafeOpt," is "embed[ed]" on the Retail Defendants' websites.  *Id.* ¶¶ 3, 94, 107, 117, 165.  According to Plaintiffs, if a retailer is part of the AddShoppers "Data Co-Op," AddShoppers "captures information provided to the retailer, tracks the person's web browsing across the internet, and then uses their information to provide targeted advertisements to the individual on behalf of members of the Data Co-Op."  *Id.* ¶ 2.

Plaintiff Terry Michael Cook is a resident of Seminole, Florida, who claims that he visited Peet's website (Peets.com) on March 3, 2023.  *Id.* ¶¶ 8, 67.  During that visit, Plaintiff Cook alleges that he clicked on and reviewed some of Peet's products, but did not provide any personal information to Peet's, agree to any terms on Peet's website, or click "accept" on Peet's cookie notice banner.  *Id.* ¶ 67.  Plaintiff Cook alleges that AddShoppers' SafeOpt technology tracked his visit to Peet's website, including the "items exact coffee products" that he viewed, and that he was later "shocked" to receive two emails to his personal email account from "peets@safeopt.com" with pictures of the coffee products that he viewed on Peet's website.  *Id.* ¶¶ 68, 69.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

2

RETAIL DEFENDANTS' JOINT MOTION
TO DISMISS; 3:23-CV-01996-VC

Plaintiff Greg Dessart is a resident of Everett, Washington, who claims that on March 31, 2023, he saw a product with the brand name "Every Man Jack," and called his wife to research the product on a shared computer. *Id.* ¶¶ 9, 72. Plaintiff Dessart's wife then browsed the Every Man Jack website. *Id.* Later that day, Plaintiff Dessart claims that he received an email to his personal email account from "everymanjack@safeopt.com," with pictures of the products that his wife had viewed on Every Man Jack's website. *Id.* ¶ 73. Plaintiff Dessart alleges he was "shocked" that his (but actually his wife's) "personal browsing history was now being sent to him" by a company to which he never provided his email address. *Id.* ¶ 74.

Based on these allegations, Plaintiff Cook alleges claims against Peet's, and Plaintiff Dessart alleges claims against Every Man Jack, for: Violation of the California Invasion of Privacy Act, Cal. Penal Code § 631 ("CIPA") (Count 1), Violation of Computer Data Access and Fraud Act, Cal. Penal Code § 502 ("CDAFA") (Count 2), Statutory Larceny, Cal. Penal Code §§ 484 and 496 (Count 3), and Common Law Invasion of Privacy/Intrusion (Count 9). Plaintiffs seek to recover "the value of the unauthorized access to their personally identifying information ("PII") resulting from Defendants' wrongful conduct." *Id.* ¶ 77.

### III.   LEGAL STANDARD

To survive a motion to dismiss under FRCP 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (quotations and citation omitted). The complaint must allege facts which, when taken as true, raise more than a speculative right to relief. *Twombly*, 550 U.S. at 555. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "Determining whether a complaint states a plausible claim for relief" is "a context-specific task" that requires a court "to draw on its judicial experience and common sense." *Id.*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

3

RETAIL DEFENDANTS' JOINT MOTION
TO DISMISS; 3:23-CV-01996-VC

Plaintiffs also bear the burden of properly pleading sufficient factual information to support a finding of Article III standing and subject matter jurisdiction to survive a FRCP 12(b)(1) challenge. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) ("[E]ach element [of standing] must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation.").

## IV.   ARGUMENT

### A.   Plaintiffs Cook and Dessart Lack Article III Standing to Bring Claims Against Peets and Every Man Jack, Respectively.

Plaintiffs Cook and Dessart each allege a single visit, respectively, to Peet's and Every Man Jack's websites. Compl. ¶¶ 67, 72. During that single website visit, Plaintiff Cook and Plaintiff Dessart's wife allegedly looked at products available on the website, and each then alleges to have later received an email from AddShoppers containing the products viewed during the website visits at issue. *Id.* ¶¶ 69, 73. The only harm alleged by Plaintiffs Cook and Dessart is that AddShoppers collected some unidentified PII or otherwise monitored their internet browsing behavior without their consent. *Id.* ¶ 76. Plaintiffs Cook and Dessart's allegations fail to plausibly demonstrate injury-in-fact for their claims against Peet's and Every Man Jack because: (1) neither Plaintiff Cook nor Plaintiff Dessart alleges facts showing that Peet's or Every Man Jack ever collected their PII; (2) neither specifies what PII was collected; (3) the receipt of an email containing items viewed on Peet's and Every Man Jack's website does not constitute an injury-in-fact; and (4) both Plaintiff Cook and Dessart fail to allege facts demonstrating that any alleged injury is fairly traceable to conduct by Peet's and Every Man Jack.

To establish Article III standing, each Plaintiff must show that he "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). Plaintiffs bear the burden of establishing each has Article III standing. "[E]ven at the pleading stage, the plaintiff must clearly . . . allege facts demonstrating each element." *Id.* (internal quotations omitted). "[I]n a putative class action, the named representative must personally allege

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

4

RETAIL DEFENDANTS' JOINT MOTION
TO DISMISS; 3:23-CV-01996-VC

1    that he has standing to sue." *Id.* (citing *Warth v. Seldin*, 422 U.S. 490, 502 (1975)).  "And standing

2    is not dispensed in gross; rather, plaintiffs must demonstrate standing for each claim that they press

3    and for each form of relief that they seek (for example, injunctive relief and damages)."

4    *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2208 (2021).

5                    **1.    Plaintiffs Fail to Allege an Injury-in-Fact.**

6                          **a.    A bare procedural violation of CIPA is insufficient to show an**
                               **injury-in-fact.**

7

8            A bare violation of CIPA is insufficient to confer standing.  *See Byars v. Sterling Jewelers,*

9    *Inc.*, 2023 WL 2996686, at *4 (C.D. Cal. Apr. 5, 2023); *Lightoller v. Jetblue Airways, Corp.*,

10   No. 23-cv-00361-H-KSC, Order Granting Mot. to Dismiss, at 5 (S.D. Cal. June 12, 2023), ECF

11   No. 18, attached as Exhibit B to the Declaration of Joseph Duffy ("Duffy Decl.") (dismissing CIPA

12   claim for lack of Article III standing where plaintiff did not allege that she disclosed any personal

13   information when she visited the website).  This is consistent with the Supreme Court's "rejection

14   of the proposition that 'a plaintiff automatically satisfies the injury-in-fact requirement whenever a

15   statute grants a person a statutory right and purports to authorize that person to sue to vindicate that

16   right.'" *TransUnion*, 141 S. Ct. at 2205 (quoting *Spokeo*, 578 U.S. at 341).  Thus, any prior holdings

17   that a bare procedural violation of CIPA satisfies Article III is "untenable in light of the Supreme

18   Court's holding in *TransUnion*."  *Lightoller*, No. 23-cv-00361-H-KSC, at 5.

19           *Byers* and *Lightoller* are directly on point.  In those cases, the California district courts found

20   that the plaintiffs alleged only a bare violation of CIPA while visiting the defendants' websites,

21   without an any plausible allegation that their confidential or personal information was disclosed.

22   *Byars*, 2023 WL 2996686, at *3 ("Plaintiff does not allege that she disclosed any sensitive

23   information to Defendant, much less identify any specific personal information she disclosed that

24   implicates a protectable privacy interest."); *Lightoller*, No. 23-cv-00361-H-KSC, at 7 ("Plaintiff

25   does not allege that she disclosed any personal information when she visited the website."); *cf. In*

26   *re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 599 (9th Cir. 2020) (plaintiffs claimed

27   defendant website received and compiled their personally identifiable browsing history).  As such,

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

5

RETAIL DEFENDANTS' JOINT MOTION
TO DISMISS; 3:23-CV-01996-VC

the *Byars* and *Lightoller* plaintiffs were found to lack Article III standing, and their complaints were dismissed. *Byars*, 2023 WL 2996686, at *3; *Lightoller*, No. 23-cv-00361-H-KSC, at 7.

### b. Plaintiff Cook and Plaintiff Dessart's wife did not disclose PII during their respective visits to Peet's and Every Man Jack's websites.

Plaintiffs Cook and Dessart do not allege any facts showing that they "disclosed any sensitive information to [Peet's and Every Man Jack], much less identify any specific personal information [either] disclosed that implicates a protectable privacy interest," *Byars*, 2023 WL 2996686, at *3, during Plaintiff Cook and Plaintiff Dessart's wife's single respective visits to Peet's and Every Man Jack's websites. Indeed, both Plaintiff Cook and Dessart make clear that they did *not* provide, for example, their email addresses to Peet's and Every Man Jack. Compl. ¶¶ 70, 74. And, the product information Plaintiffs do allege was collected (though not by Peet's or Every Man Jack) (Compl. ¶¶ 69, 72) does not constitute personal information. *See Lightoller*, No. 23-cv-00361-H-KSC, at 7 (website's collection of flight pricing information viewed by plaintiff during website visit "is not personal information" for injury-in-fact purposes). Accordingly, Plaintiff Cook and Dessart fail to allege facts demonstrating any conduct by Peet's or Every Man Jack caused them to suffer an injury-in-fact.

### c. The receipt of an email does not constitute an injury-in-fact.

To the extent Plaintiffs Cook and Dessart's respective claims against Peet's and Every Man Jack are based on imputing to Peet's and Every Man Jack the alleged violative conduct of AddShoppers, Plaintiffs Cook and Dessart lack Article III standing for reasons stated in Section IV.A.2 of AddShoppers' motion to dismiss, incorporated herein. *See e.g.*, Compl. ¶ 94 (Count I; alleging that Peet's and Every Man Jack aided and abetted AddShoppers' alleged violation of CIPA); *id.* ¶ 164 (Count IX; alleging invasion of privacy based on AddShoppers' alleged conduct).

### d. Disclosure of confidential or private information is necessary to allege an injury-in-fact in support of Plaintiffs' other claims.

Similar to the CIPA cases discussed above, Plaintiffs must allege facts showing the disclosure of confidential or private information to demonstrate an injury-in-fact in support of their

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

6

RETAIL DEFENDANTS' JOINT MOTION
TO DISMISS; 3:23-CV-01996-VC

CDAFA, larceny, and invasion of privacy claims.  *See Cottle v. Plaid Inc.*, 536 F. Supp. 3d 461, 480 (N.D. Cal. 2021) (discussing *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 598–99 (9th Cir. 2020) ("The Ninth Circuit has held that the disclosure of *sensitive private information* constitutes a 'concrete and particularized' injury for purposes of Article III . . . .") (emphasis added). Moreover, to the extent that Plaintiffs allege that the disclosure of their PII caused loss or diminishment of its value, Compl. ¶ 77, Plaintiffs must allege facts demonstrating that the collected sensitive information had economic value, and that they intended to sell that information.  *See In re Facebook Internet Tracking Litig.*, 140 F. Supp. 3d 922, 930-32 (N.D. Cal. 2015) (finding no standing where plaintiffs did not show "that they personally lost the opportunity to sell their information"); *In re Google Android Consumer Privacy Litig.*, 2013 WL 1283236, at *4 (N.D. Cal. Mar. 26, 2013) (no standing where plaintiffs "d[id] not allege they attempted to sell their personal information, that they would do so in the future, or that they were foreclosed from entering into a value for value transaction").  Accordingly, Plaintiffs Cook and Dessart fail to allege facts showing an injury-in-fact in support of their CDAFA, larceny, and invasion of privacy claims because neither alleges disclosure of privacy or confidential information nor an intention to sell such information.

For all of the reasons above, this Court should dismiss Plaintiffs Cook and Dessart's claims against Peet's and Every Man Jack under FRCP 12(b)(1).

## B.    Plaintiffs Cook and Dessart's California Statutory Claims Fail.

"Ordinarily, the statutes of a state have no force beyond its boundaries." *N. Alaska Salmon Co.*, 174 Cal. at 4.  "The intention to make the act operative, with respect to occurrences outside the state, will not be declared to exist unless such intention is clearly expressed or reasonably to be inferred 'from the language of the act or from its purpose, subject matter or history.'" *Id.* (citations omitted); *see also Sullivan v. Oracle Corp.*, 51 Cal.4th 1191, 1207 (2011) ("[W]e presume the Legislature did not intend a statute to be operative, with respect to occurrences outside the state, . . . unless such intention is clearly expressed or reasonably to be inferred 'from the language of the act or from its purpose, subject matter or history.'").

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

7

RETAIL DEFENDANTS' JOINT MOTION
TO DISMISS; 3:23-CV-01996-VC

None of the California statutes under which Plaintiffs assert claims against the Retail Defendants applies extraterritorially.   Indeed, CIPA expressly provides that the California Legislature intended "to protect the right of privacy of the people *of this state*."  Cal. Penal Code § 630 (emphasis added); *Ribas v. Clark*, 38 Cal.3d 355, 359 (1985) (finding that the intent to protect individuals *in California* "lie[s] at the heart of virtually all the decisions construing [CIPA]"). Here, neither Plaintiff Cook nor Plaintiff Dessart is a resident of California.  Compl. ¶ 8 (alleging Plaintiff Cook is a resident of Florida); *id.* ¶ 9 (alleging Plaintiff Dessart is a resident of Washington state).  Absent any allegations otherwise, the only reasonable inference is that Plaintiffs Cook and Dessart interacted with the Retail Defendants' websites while in their home states.   Indeed, Plaintiffs do not even allege any interception occurred in California.  And insofar as Plaintiffs' claims are all based on AddShoppers' alleged interception and use of Plaintiffs' data, AddShoppers is a Delaware corporation with its principal place of business in North Carolina. *Id.* ¶ 11.

Plaintiffs cannot assert any of their California statutory claims, which should be dismissed for this additional reason.

C.     **Plaintiffs' Claims Should Be Dismissed Because They Consented to the Retail Defendants' Alleged Conduct.**

Plaintiffs claim that Defendants "intercepted," "stole," and "accessed" their personal information and "communications."  Compl. ¶¶ 88-121, 161-70.  Each of Plaintiffs' claims against the Retail Defendants, however, is barred by the defense of consent.  *See* Cal. Penal Code §§ 631(a), 632(a) (CIPA) (prohibiting wiretapping and eavesdropping "without the consent of all parties to the communication"); Cal. Penal Code § 502(c)(2) (CDAFA) (providing that a person who "knowingly accesses and *without* permission takes, copies, or makes use of any data" is guilty of a public offense) (emphasis added); *Smith v. Facebook, Inc.*, 262 F. Supp. 3d 943, 955–56 (N.D. Cal. 2017), *aff'd*, 745 F. App'x 8, 9 (9th Cir. 2018) ("Plaintiff's consent [] bars their common-law tort claims and their claim for invasion of privacy under the California Constitution.") (citing Cal. Civ. Code § 3515 ("He who consents to an act is not wronged by it.")); Restatement (Second) of Torts § 892A (1979) ("One who effectively consents to conduct of another intended to invade his interests cannot recover in an action of tort for the conduct.").  Consent "can be explicit or implied."

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

8                                        RETAIL DEFENDANTS' JOINT MOTION
                                          TO DISMISS; 3:23-CV-01996-VC

1  *Calhoun v. Google LLC*, 526 F. Supp. 3d 605, 620 (N.D. Cal. 2021) (quoting *In re Google, Inc.*,

2  2013 WL 5423918, at *12 (N.D. Cal. Sept. 26, 2013)).

3       Here, Plaintiffs Cook and Dessart each consented to the Retail Defendants' respective terms

4  of service, which disclose the potential uses of consumer information, including uses at issue here.

5                   **1.       Plaintiff Cook's Consent to Peet's Privacy Policy Bars His Claims.**

6       Plaintiff Cook acknowledges in the Complaint that Peet's website contains a "cookie

7  acceptance banner," Compl. ¶ 67, which appears at the bottom of Peet's website as shown below.[1]

8  *See* Duffy Decl., ¶ 2.



18       Peet's cookie notice banner clearly discloses that Peet's "website uses cookies," which is

19  exactly the technology Plaintiff Cook alleges was used by AddShoppers.  Compl. ¶ 39.  In other

20  words, the Complaint itself, along with the incorporated notification that Plaintiff concedes he saw,

21  completely defeats all of his claims.  Moreover, the cookie notice contains a link to Peet's Privacy

[1] In ruling on Rule 12(b)(6) motions to dismiss, this Court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citation omitted).  This Court may consider Peet's and Every Man Jack's Privacy Policies, submitted as exhibits to the Duffy Decl. and Declaration of Steve Fox ("Fox Decl.").  As to Peet's, Plaintiff Cook specifically acknowledges that he was aware of "Peet's cookie acceptance banner," which references Peet's Privacy Policy. Compl. ¶ 67.  Plaintiff's Cook's use of Peet's website is governed by Peet's Privacy Policy, which is thus incorporated into the Complaint by reference.  As to Every Man Jack, Plaintiff Dessart alleges that his wife visited Every Man Jack's website, and thus is subject to Every Man Jack's Privacy Policy.  *Id.* ¶ 72.  Alternatively, this Court may take judicial notice of the Privacy Polices because they are publicly available on Peet's and Every Man Jack's respective websites.  *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1204 (N.D. Cal. 2014) (noting that publicly available website terms are the proper subjects of judicial notice).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

9

RETAIL DEFENDANTS' JOINT MOTION
TO DISMISS; 3:23-CV-01996-VC

1  Policy, which is publicly accessible at https://www.peets.com/pages/privacy-policy, and
2  conspicuously informs all consumers that, "BY ACCESSING THE SITES ON ANY COMPUTER,
3  MOBILE PHONE, TABLET, OR OTHER DEVICE (COLLECTIVELY, "DEVICE"), MAKING
4  A PURCHASE FROM PEET'S, OR **OTHERWISE INTERACTING** WITH PEET'S, YOU
5  AGREE TO THE TERMS OF THIS PRIVACY POLICY." Duffy Decl., Ex. A (emphasis added).
6  Relevant to Plaintiff Cook's claims herein, Peet's Privacy Policy further states that cookies may be
7  used for "tracking the pages you visit." It discloses that information collected by cookies may be
8  used to provide users with "targeted offers, promotions and advertising . . . via email . . . offered
9  by Peet's or other marketing partners." *Id.* Consumers are provided detailed instructions on how
10 to "opt-out of the use of third-party cookies for personalized advertising [through] setting your
11 cookie preferences on our website. . . or on your browser." *Id.* Clearly, Plaintiff Cook had notice
12 regarding the use of cookies and that the technology might be utilized to track his use of the website
13 and send him emails—the exact alleged conduct at issue in the Complaint. His claims should be
14 dismissed.
15      Plaintiff Cook appears to try to avoid the legal impact of the cookie notice banner and Peet's
16 Privacy Policy by alleging that, although he saw "Peet's cookie acceptance banner," he did not
17 click "accept." Compl. ¶ 67. But express consent is not required, as California courts have
18 recognized that implied consent is sufficient. *See Calhoun*, 526 F. Supp. 3d at 620. Further, courts
19 hold that banners like the one on Peet's website give consumers sufficient notice of the referenced
20 policy and terms. *See, e.g.*, *Cairo, Inc. v. Crossmedia Servs., Inc.*, 2005 WL 756610, at *5 (N.D.
21 Cal. Apr. 1, 2005) (holding plaintiff's use of website bound him to the terms of use hyperlinked on
22 every page of defendant's website). Indeed, Plaintiff Cook acknowledges that he encountered and
23 was aware of Peet's cookie notice banner, and continued to use the website anyway. Compl. ¶ 67.
24 Plaintiff Cook's continued interaction with Peet's website demonstrates his consent to collection
25 of information through cookies, including as disclosed in the notice banner and Peet's Privacy
26 Policy. *See Ticketmaster L.L.C. v. RMG Techs., Inc.*, 507 F. Supp. 2d 1096, 1107 (C.D. Cal. 2007)
27 (finding defendant received notice of plaintiff's Terms of Use where a hyperlinked "Terms of Use"
28 appeared on every page and warned consumers that continued use would constitute assent); *see*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

10

RETAIL DEFENDANTS' JOINT MOTION
TO DISMISS; 3:23-CV-01996-VC

*also Molnar v. 1-800-Flowers.com, Inc.*, 2008 WL 4772125, at *7 (C.D. Cal. Sept. 29, 2008) ("[A] party's use of a website may be sufficient to give rise to an inference of assent to the Terms of Use contained therein."). Plaintiff Cook's claims against Peet's are plainly barred by his consent.

### 2. Users of Every Man Jack's Website Must Agree to Its Privacy Policy.

Similarly, visitors to Every Man Jack's website are presented with a pop-up cookie notice banner, which prominently appears at the bottom of Every Man Jack's website, as shown below:



Fox Decl. ¶ 6. In addition to disclosing the use of cookies via its cookie notice banner, the banner also links to Every Man Jack's Privacy Policy, which conspicuously informs all consumers that: "[b]y accessing or using this Website, you agree to this Privacy Policy. . . If you do not agree with our policies or practices, your choice is not to use our Website." *Id.* ¶ 5(a). Relevant to Plaintiff Dessart's claims herein, Every Man Jack's Privacy Policy expressly discloses that Every Man Jack allows "third party advertising partners to collect information about your use of the Website in order to serve targeted advertising and to measure the performance of our advertising campaigns." *Id.* ¶ 5(c). **The third party partners we use may collect this information using tracking technologies, such as pixel, cookies, APIs and SDKs.**" *Id.* (emphasis added). Visitors are told that Every Man Jack "do[es] not control any third parties' tracking technologies or how they may be used. If you have any questions about an advertisement or other targeted content, you should

1   contact the responsible provider directly," and are also provided with instructions on how to opt

2   out of receiving targeted advertising from these third parties.  *Id.* ¶ 5(d).

3       As described further below, Plaintiff Dessart alleges that it was his wife, not him, who

4   interacted with the Every Man Jack website.  As Plaintiff Dessart admits he did not interact with

5   the website, his claims against Every Man Jack fail.  *See infra* Section IV.D.1.   Nonetheless,

6   Plaintiff Dessart's wife, by using the website, consented to the collection of her browsing history

7   by third parties under Every Man Jack's Privacy Policy.

8       **D.**    **Plaintiffs' Claims Against the Retail Defendants Fails for Additional Reasons.**

9       **1.**    **Plaintiffs' CIPA Claim (Count 1) Against the Retail Defendants Suffers
             From Four Separate Legal Defects and Cannot Be Sustained.**

10

11      California's Invasion of Privacy Act, Cal. Penal Code. § 631 ("CIPA"), "creates four

12   avenues for relief"; however, Plaintiffs Cook and Dessart assert a claim *against AddShoppers*

13   under the second ground: "where a person

14          '[1] willfully and without consent of all parties to the communication, or in
        any unauthorized manner,
15          [2] reads, or attempts to read, or to learn the contents or meaning of any
        message, report, or communication
16          [3] while the same is in transit.'"

17

18   *Javier v. Assurance IQ, LLC*, 2023 WL 114225, at *4 (N.D. Cal. Jan. 5, 2023) (citing Cal. Penal

19   Code § 631(a)); Compl. ¶ 93.  Importantly, Plaintiffs Cook and Dessart each allege only one website

20   visit giving rise to their claims, and that *AddShoppers* violated CIPA by collecting information

21   from those respective single visits.  Compl. ¶ 93.  Plaintiffs Cook and Dessart then claim that Peet's

22   and Every Man Jack "aided, agreed with, employed, and conspired with AddShoppers" in their

23   alleged violative conduct.  *Id.* ¶ 94.  Plaintiffs Cook and Dessart's aiding and abetting theory against

24   the Retail Defendants is legally defective for four separate reasons, and their CIPA claim must be

25   dismissed.[2]

26

27   _____

    [2] To the extent Plaintiffs allege the "communications" at issue were between them and the Retail

28   Defendants, CIPA's "party exemption" would also bar their claims.  *See Licea v. Am. Eagle
    Outfitters, Inc.*, 2023 WL 2469630, at *7 (C.D. Cal. Mar. 7, 2023).

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Los Angeles

12                    RETAIL DEFENDANTS' JOINT MOTION
                     TO DISMISS; 3:23-CV-01996-VC

**a.      Plaintiff Dessart's CIPA claim fails to allege facts showing that AddShoppers intercepted a "communication" between him and Every Man Jack.**

Initially and as to Defendant Every Man Jack, CIPA requires the Plaintiffs allege facts that plausibly show that AddShoppers eavesdropped on a "communication" without the consent of "all parties" to that communication. *Javier*, 2023 WL 114225, at *4 (citing Cal. Penal Code § 631(a)). Thus, to make a claim under CIPA, a plaintiff must be a part of the communication claimed to have been intercepted by a third-party.  However, Plaintiff Dessert alleges that it was his wife, not him, who interacted with Every Man Jack's website.  Compl. ¶ 72.  Thus, even if merely browsing a website could constitute a communication with another party, which it does not, Plaintiff's Dessart's allegations fail to show he was party to a "communication" with Every Man Jack that was intercepted by AddShoppers.  As he was not a party to the complained of "communication," Plaintiff Dessart's CIPA claim fails.

**b.      Plaintiffs Cook and Dessart's CIPA claims fail because they do not allege facts showing that any alleged interception occurred *in California*.**

"The second clause of section 631(a) requires that messages be intercepted while ***in transit***." *Licea*, 2023 WL 2469630, at *8 (citing *Mastel v. Miniclip SA*, 549 F. Supp. 3d 1129, 1135 (E.D. Cal. 2021)) (emphasis added). Specifically, Plaintiffs must allege that the interception occurred "***in transit* or *passing over*** any wire, line, or cable, or is ***being sent from, or received*** at any place ***within California***." *Mastel*, 549 F. Supp. 3d at 1135 (emphasis added).  "Courts in the Ninth Circuit have interpreted the in transit requirement narrowly."  *Id*. (citing *Bunnell v. Motion Picture Ass'n of Am*., 567 F.Supp.2d 1148, 1152 (C.D. Cal. 2007)).

Plaintiff Cook is a resident of Florida, and Plaintiff Dessart is a resident of Washington state.  Compl. ¶¶ 8, 9.  Plaintiffs Cook and Dessart allege that the interception of their information occurred during their respective one-time visits to Peet's and Every Man Jack's websites.  *Id*. ¶¶ 8-9; 67, 72.  The only plausible allegation is that their respective website visits occurred in their home states.  Plaintiffs allege that AddShoppers, who is located in North Carolina, intercepted their respective "messages" to Peet's and Every Man Jack (*i.e.*, product information Plaintiff Cook and Plaintiff Dessart's wife are alleged to have reviewed on the respective websites).  *Id*. ¶¶ 12.

1    Plaintiffs allege that AddShoppers intercepted their product browsing information through a third-

2    party cookie that sent "messages" *directly* to AddShoppers.  Compl. ¶¶ 36-38.  Thus, by Plaintiffs

3    Cook and Dessart's own allegations, they concede that the allegedly intercepted "messages" went

4    directly from their computers in Florida and Washington, respectively, to AddShoppers (who is

5    alleged to be located in North Carolina).  Plaintiffs Cook and Dessart do not allege any facts that

6    would demonstrate that product browsing information from visits to the Retail Defendant websites

7    was sent from or otherwise passed through California.

8         As Plaintiffs fail to allege facts showing that their respective messages to the Retail

9    Defendants were intercepted by AddShoppers while in transit *in California*, their CIPA claim must

10   be dismissed.

11                    **c.      Plaintiffs Cook and Dessart's CIPA claims fail because they
                               consented to the sharing of information with third parties.**
12

13        CIPA requires that any alleged interception was "without consent."  *Javier*, 2023

14   WL 114225, at *4 (citing Cal. Penal Code § 631(a)).  For all the reasons stated Section IV.C, *supra*,

15   Plaintiffs' claims fail because they (or, in Plaintiff Dessart's case, his spouse) consented to the

16   sharing of information with AddShoppers when they agreed to Peet's and Every Man Jack's

17   website terms and conditions.

18                    **d.      Plaintiffs Cook and Dessart's CIPA claims fail because they
                               concede that Peet's and Every Man Jack did not collect
19                             confidential information.**

20        Fourth and finally, Plaintiffs Cook and Dessart's CIPA claim fails because neither disclosed

21   confidential information during the website visits at issue.  Again, Plaintiffs Cook and Dessart each

22   allege a single visit to Peet's and Every Man Jack's website, respectively, during which

23   AddShoppers allegedly collected information on the products viewed during that visit.  Compl.

24   ¶¶ 68-69; 72-73.  Neither provided their email to Peet's and Every Man Jack.  *Id.* ¶¶ 70, 74.  For

25   all of the reasons stated in Section IV.A, Plaintiffs Cook and Dessart's CIPA claim fails because

26   they do not allege the disclosure of "specific personal information . . . that implicates a protectable

27   privacy interest" protected by CIPA.  *Byars*, 2023 WL 2996686, at *3.  The Court should dismiss

28   Plaintiffs' CIPA claim against the Retail Defendants with prejudice.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1

### 2.       Plaintiffs' CDAFA Claim (Count 2) Fails.

2    In addition to the grounds for dismissal discussed in Sections IV.A–C above, Plaintiffs'

3  CDAFA claims against the Retail Defendants should be dismissed because Plaintiffs fail to plead

4  facts to support the basic elements of such a claim.  CDAFA is a hacking statute that prohibits

5  knowingly accessing, and without permission, using any data, computer, computer system, or

6  computer network in certain prohibited ways.  *See* Cal. Penal Code § 502.  To plead that a party

7  acted "without permission" under CDAFA, a plaintiff must allege that the defendant

8  "circumvent[ed] technical or code-based barriers in place" to prevent unauthorized access.  *See*

9  *NovelPoster v. Javitch Canfield Grp.*, 140 F. Supp. 3d 938, 950 (N.D. Cal. 2014) (citation omitted).

10  Plaintiffs do not plead any facts that would give rise to liability of the Retail Defendants under

11  CDAFA.

12    Plaintiffs' CDAFA allegations as to the Retail Defendants are limited to a single conclusory

13  paragraph: "By embedding AddShoppers' technology on its website, Defendants Peet's and Every

14  Man Jack aided, agreed with, employed, and conspired with AddShoppers to carry out the wrongful

15  conduct alleged."  Compl. ¶ 107 (citing Cal. Penal Code § 31).  Plaintiffs do not allege that the

16  Retail Defendants "knowingly access[ed]" or otherwise made use of any information in a manner

17  prohibited by CDAFA, let alone that they did so by "circumvent[ing] technical or code-based

18  barriers" in place to restrict access to the data.  *See Williams*, 384 F. Supp. 3d at 1053.  These

19  deficiencies are fatal to Plaintiffs Cook and Dessart's CDAFA claims against the Retail Defendants,

20  which should be dismissed.

21

### 3.       Plaintiffs' Statutory Larceny Claim (Count 3) Fails.

22    The statutory larceny claims should also be dismissed.  Plaintiffs Cook and Dessart assert

23  these claims against the Retail Defendants based on their supposed "aiding and abetting" theft by

24  AddShoppers.  Compl. ¶ 117.  For the reasons identified above, Plaintiff has not alleged theft of

25  any "personal property," which is a basic element of any claim.  *See* Cal. Civ. Code § 484.

26  Similarly, Plaintiffs' consent defeats this theory.  *See People v. Johnson*, 82 Cal.App.3d 183, 187

27  (1978).

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

15

RETAIL DEFENDANTS' JOINT MOTION
TO DISMISS; 3:23-CV-01996-VC

4.      **Plaintiffs Fail to State a Claim for Common Law Invasion of Privacy/Intrusion (Count 9).**

Courts have consistently enforced a "high bar" to state a claim for invasion of privacy. *Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1025 (N.D. Cal. 2012). To state a claim under common law for invasion of privacy, Plaintiffs must allege "(1) intrusion into a private place, conversation or matter (2) in a manner ***highly offensive to a reasonable person***." *Low*, 900 F. Supp. 2d at 1024–25 (emphasis in original). On a motion to dismiss, the "question of invasion [of privacy] may be adjudicated as a matter of law." *Id.*; *see also Moreno v. San Francisco Bay Area Rapid Transit Dist.*, 2017 WL 6387764, at *8 (N.D. Cal. Dec. 14, 2017).

Here, Plaintiffs allege that "AddShoppers surreptitiously captures the information [a consumer] provide[s] to the retailer, tracks the person's web browsing across the internet, and then uses their information to provide target advertisements to the individual." Compl. ¶ 2. This does not rise to the level of "egregious" invasion of privacy interests required to state a privacy claim. *Cf. Fogelstrom v. Lamps Plus, Inc.*, 195 Cal.App.4th 986, 991–92 (2011) (noting that the type of conduct generally arising to the level of invasion of privacy includes, for example, the "gratuitous disclosure of a patient's HIV status" or the "improper use of confidential mental health records") (citations omitted); *Low*, 900 F. Supp. 2d at 1025 (finding that "[e]ven disclosure of personal information, including social security numbers" (which Plaintiffs do not allege are at issue here) "does not constitute an egregious breach of the social norms to establish an invasion of privacy claim"); *see also In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1063 (N.D. Cal. 2012) (dismissing claim because the allegations did not constitute an egregious breach of social norms).

Courts have recognized that use and sharing of consumer personal information with third parties is "routine commercial behavior" for retailers. *See, e.g.*, *Fogelstrom*, 195 Cal.App.4th at 992 (using ZIP codes to reverse append customer addresses for marketing purposes); *Belluomini v. Citigroup, Inc.*, 2013 WL 3855589, at *6–7 (N.D. Cal. July 24, 2013) (allowing third parties access to the plaintiffs' account records not an "egregious breach of social norms" regardless of notice or consent); *In re Google Assistant Privacy Litig.*, 457 F. Supp. 3d 797, 830 (N.D. Cal. 2020) ("Many courts have found that . . . disclosure [of personal information] to certain third parties" may

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

16

RETAIL DEFENDANTS' JOINT MOTION
TO DISMISS; 3:23-CV-01996-VC

1    not constitute a sufficiently egregious breach of social norms).   Courts have also found that

2    disclosure of online browsing habits and search histories, which are analogous to certain of the data

3    allegedly shared here, does not constitute an egregious invasion.  *See In re Google, Inc. Privacy*

4    *Policy Litig.*, 58 F. Supp. 3d 968, 988 (N.D. Cal. 2014) (finding that disclosure of online browsing

5    habits and search queries to third parties did not meet "high bar" for privacy claim).  Collection and

6    sharing of "contact information" similarly "does not constitute an egregious breach."  *Belluomini*,

7    2012 WL 3855589, at *7 (quotation marks omitted).

8          Nothing about the conduct alleged in the Complaint approaches the "high bar" to state an

9    invasion of privacy claim.  *Low*, 900 F. Supp. 2d at 1025.  Count 9 fails for this additional reason

10   and should be dismissed.

11   **V.    CONCLUSION**

12         For all of the foregoing reasons, Plaintiffs' claims against the Retail Defendants should be

13   dismissed in their entirety and with prejudice.

14   Dated: June 20, 2023                      MORGAN, LEWIS & BOCKIUS LLP

15                                             By  */s/ Joseph Duffy*

16                                             Joseph Duffy
                                               Megan A. Suehiro

17                                             Alexandra M. Gonsman
                                               Ezra D. Church (*pro hac vice forthcoming*)

18
                                               Attorneys for Defendant
19                                             PEET'S COFFEE, INC.

20   Dated: June 20, 2023                      CLARK HILL LLP

21                                             By  */s/ Myriah Jaworski*

22                                             Myriah Jaworski
                                               Chirag H. Patel (*pro hac vice forthcoming*)

23                                             Attorneys for Defendant
                                               PRESIDIO BRANDS, INC.
24

25                         **FILER'S ATTESTATION**

26         Pursuant to Civil L.R. 5-1(h), regarding signatures, I, Joseph Duffy, attest that concurrence
     in the filing of this document has been obtained.

27   Dated: June 20, 2023                      */s/ Joseph Duffy*

28                                             Joseph Duffy

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

17

RETAIL DEFENDANTS' JOINT MOTION
TO DISMISS; 3:23-CV-01996-VC