**REED SMITH LLP**
Terence N. Hawley (State Bar No. 179106)
thawley@reedsmith.com
101 Second Street, Suite 1800
San Francisco, CA  94105-3659
Phone:  (415) 543-8700
Fax:  (415) 391-8269

Gerard M. Stegmaier (*pro hac vice*)
gstegmaier@reedsmith.com
Mark D. Quist (*pro hac vice*)
mquist@reedsmith.com
1301 K Street, N.W., Suite 1000 - East Tower
Washington, DC 20005
Phone:  (202) 414-9200
Fax:  (202) 414-9299

James L. Rockney (*pro hac vice*)
jrockney@reedsmith.com
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222
Phone:  (412) 288-4046
Fax:  (202) 288-3063

*Attorneys for Defendant AddShoppers, Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| OATHER MCCLUNG, ABBY LINEBERRY, TERRY MICHAEL COOK and GREG DESSART, individually and on behalf of all other similarly situated,<br><br>               Plaintiffs,<br><br>     vs.<br><br>ADDSHOPPERS, INC., PRESIDIO BRANDS, INC., PEET'S COFFEE, INC., and JOHN DOE COMPANIES.<br><br>            Defendants. | Case No. 3:23-cv-01996-VC<br><br>**DEFENDANT ADDSHOPPERS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT**<br><br>Date:        October 5, 2023<br>Time:       10:00 AM<br>Place:     San Francisco Courthouse<br>              Courtroom 4 – 17th Floor<br>Judge:    Hon. Vince Chhabria |

REED SMITH LLP

REED SMITH LLP

# **TABLE OF CONTENTS**

Page

I.   INTRODUCTION ................................................................................................. 1

II.  ARGUMENT ....................................................................................................... 2

    A.   Plaintiffs' Opposition Confirms the Court Lacks Personal and Subject Matter Jurisdiction Over AddShoppers .................................................... 2

        1.   Plaintiffs Cannot Establish That AddShoppers Purposefully Directed Conduct Towards California ............................................. 2

        2.   Plaintiffs Cannot Allege Concrete Harm and Lack Article III Standing. ................................................................................. 4

    B.   Plaintiffs' Consent to the Retail Defendants' Terms Confirms they did not Suffer a Concrete Injury and Cannot State Claims Upon Which Relief can be Granted ......................................................................... 6

    C.   Plaintiffs' Common Law Claims Fail as a Matter of Law ............................ 7

        1.   Plaintiffs Have Not Alleged a Cognizable Harm or a Wrongful Act Sufficient to State an Invasion of Privacy Claim .............................. 7

        2.   Plaintiffs' Duplicative Unjust Enrichment Claim Should Be Dismissed. ................................................................................. 8

    D.   Plaintiffs' Statutory Claims Fail to State a Claim. ..................................... 8

        1.   Legislative and Constitutional Considerations Warrant Dismissal of the Statutory Claims. ....................................................... 8

        2.   The CIPA Claim Fails For Failure To Allege Sufficient Facts. ............ 8

        3.   The CDAFA Claim Does Not Allege Hacking or Properly Plead Damages. ................................................................................. 9

        4.   The UCL and Larceny Claims Fail Because There Is No Plausible Allegation of Economic Injury. ................................................. 10

III. CONCLUSION ................................................................................................. 10

i

1

**TABLE OF AUTHORITIES**

2
**Page(s)**

3
**Cases**

REED SMITH LLP

4
5
*AMA Multimedia, LLC v. Wanat,*
    970 F.3d 1201 (9th Cir. 2020) ..................................................................................3

6
7
*Arevalo v. Bank of Am. Corp.,*
    850 F. Supp. 2d 1008 (N.D. Cal. 2011) ...................................................................8

8
*Axiom Foods, Inc. v. Acerchem Int'l, Inc.,*
    874 F.3d 1064 (9th Cir. 2017) ...............................................................................2, 3

9
10
*Brown v. Google LLC,*
    No. 4:20-cv-3664, 2023 U.S. Dist. LEXIS 139895 (N.D. Cal. Aug. 7, 2023) ...............5, 7, 10

11
*Calhoun v. Google LLC,*
    526 F. Supp. 3d 605 (N.D. Cal. 2021) ...................................................................10

12
13
*Cottle v. Plaid, Inc.,*
    536 F. Supp. 3d 461 (N.D. Cal. 2021) ...................................................................10

14
15
*Goldstein v. Costco Wholesale Corp.,*
    559 F. Supp. 3d 1318 (S.D. Fla. 2021) ...................................................................6

16
*Greenley v. Kochava,*
    No. 22-cv-01327, 2023 U.S. Dist. LEXIS 130552 (S.D. Cal. July 27, 2023) ........................10

17
18
*Hazel v. Prudential Fin., Inc.,*
    No. 22-cv-07465, 2023 U.S. Dist. LEXIS 100974 (N.D. Cal. June 9, 2023) .........................10

19
20
*Helicopteros Nacionales de Colombia, S.A. v. Hall,*
    466 U.S. 408 (1984) ..................................................................................2

21
*I.C. v. Zynga, Inc.,*
    600 F. Supp. 3d 1034 (N.D. Cal. 2022) ...............................................................6, 7

22
23
*In re Apple & AT&T iPad Unlimited Data Plan Litig.,*
    802 F. Supp. 2d 1070 (N.D. Cal. 2011) ...................................................................8

24
25
*In re Facebook, Inc. Internet Tracking Litig.,*
    956 F.3d 589 (9th Cir. 2020) ...............................................................................5, 6, 8

26
*In re Yahoo Mail Litig.,*
    7 F. Supp. 3d 1016 (N.D. Cal. 2014) ...................................................................7

27

28

ii

*Johnson v. Blue Nile, Inc.*,
　No. 20-cv-08183-LB, 2021 U.S. Dist. LEXIS 68711 (N.D. Cal. Apr. 8, 2021) ......................2

*Murphy Co. v. Biden*,
　65 F.4th 1122 (9th Cir. 2023) ...................................................................................................7

*Pratt v. Higgins*,
　No. 22-cv-04228, 2023 U.S. Dist. LEXIS 122849 (N.D. Cal. July 27, 2023) .......................10

*Pruchnicki v. Envision Healthcare Corp.*,
　845 F. App'x 613 (9th Cir. 2021) ...........................................................................................10

*Revitch v. New Moosejaw, LLC*,
　No. 18-cv-06827, 2019 U.S. Dist. LEXIS 186955 (N.D. Cal. Oct. 23, 2019) .........................9

*Rodriguez v. Google LLC*,
　No. 20-cv-04688, 2022 U.S. Dist. LEXIS 13476 (N.D. Cal. Jan. 25, 2022)............................9

*Rowan v. U.S. Post Off. Dep't*,
　397 U.S. 728 (1970)...........................................................................................................4, 5, 8

*S.D. v. Hytto Ltd.*,
　No. 18-cv-00688, 2019 U.S. Dist. LEXIS 229909 (N.D. Cal. May 14, 2019).........................3

*Saleh v. Nike, Inc.*,
　562 F. Supp. 3d 503 (C.D. Cal. 2021) .....................................................................................3

*Sorrell v. IMS Health, Inc.*,
　564 U.S. 552 (2011)..................................................................................................................5

*Spokeo, Inc. v. Robins*,
　578 U.S. 330 (2016) .............................................................................................................4, 5

*ThermoLife Int'l, LLC v. NetNutri.com LLC*,
　813 F. App'x 316 (9th Cir. 2020) .............................................................................................3

*TransUnion LLC v. Ramirez*,
　141 S. Ct. 2190 (2021).........................................................................................................4, 7

*Voodoo SAS v. SayGames LLC*,
　No. 19-CV-07480, 2020 U.S. Dist. LEXIS 121879 (N.D. Cal. July 7, 2020).........................3

*Walden v. Fiore*,
　571 U.S. 277 (2014)..............................................................................................................2, 3

*Williams v. Facebook, Inc.*,
　384 F. Supp. 3d 1043 (N.D. Cal. 2018) ...............................................................................9, 10

REED SMITH LLP

REED SMITH LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.     INTRODUCTION

The Court should dismiss the Complaint because it lacks specific personal jurisdiction over AddShoppers and because all of the claims are rooted in privacy allegations that fail both to identify concrete harms for purposes of Article III and to state claims upon which relief may be granted. Plaintiffs' Consolidated Response in Opposition to Defendants' Motion to Dismiss (Dkt. No. 60, the "Opposition") confirms they have failed to plead personal jurisdiction, standing, or viable claims.

Plaintiffs' assertion that AddShoppers installed the software at issue ignores the contradictory allegations throughout the Complaint claiming that the Retail Defendants installed the software. These contradictory allegations cannot form the basis for personal jurisdiction as to AddShoppers. Moreover, while some of the Plaintiffs allege they visited the subject websites from California, they do not dispute that the websites could be visited *from anywhere*, rendering their claims of specific personal jurisdiction attenuated and fortuitous.

As to Article III standing, the Complaint provides no basis to conclude that Plaintiffs have been concretely harmed. Plaintiffs plead that they visited websites for firearms, coffee products, CBD, and men's hygiene products such as shampoo and body wash. Plaintiffs would have the Court believe that they have recognized privacy interests in preventing the operators of these websites and their vendors from learning of their visits and routine commercial information related thereto. The sentiments of the Plaintiffs (and other individuals not before the Court) about privacy generally—as opposed to any recognized privacy interest under the law—cannot establish Article III standing or set forth claims upon which relief can be granted. The Complaint's umbrage is not actionable.

Permitting this case to go forward would abrogate California's prescriptive "opt-out" privacy regime for online data collection and substitute the Court's judgment for that of Congress and a unanimous California legislature. Not only do those laws provide that notice and choice adequately protect consumers' interests when they visit websites and receive email, *they also deny a private right of action.* For more than two decades, courts have rejected efforts to criminalize "cookie" claims of this variety. The Opposition sets forth no reason why this Court should take a different course.

1

REED SMITH LLP

II.   **ARGUMENT**

    A.   **Plaintiffs' Opposition Confirms the Court Lacks Personal and Subject Matter Jurisdiction Over AddShoppers**

        1.   **Plaintiffs Cannot Establish That AddShoppers Purposefully Directed Conduct Towards California**

Plaintiffs cannot establish that AddShoppers purposely directed intentional acts towards California and Plaintiffs' claims do not arise out of or relate to AddShoppers' forum-related activities. *See Axiom Foods*, *Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017); *Johnson v. Blue Nile, Inc.*, No. 20-cv-08183-LB, 2021 U.S. Dist. LEXIS 68711, at *7-9 (N.D. Cal. Apr. 8, 2021) (dismissing for lack of personal jurisdiction despite allegations that the website operator targeted their conduct at Californians because they made up a significant portion of Blue Nile's customer base).

Plaintiffs have also not demonstrated that AddShoppers "expressly aimed" the alleged acts at California. *See Walden v. Fiore*, 571 U.S. 277, 287 (2014) (stating the forum State must be the "focal point of [defendant's actions] and of the harm suffered." (citation omitted)). Plaintiffs' suggestion that AddShoppers placed "wiretaps" on Retail Defendants' websites that sent data from California-based users (Opp'n at 8, citing Compl. ¶¶ 16-17) flatly contradicts other portions of the Complaint, which state "Companies that join the Co-Op…install AddShoppers' code on their website." Compl. ¶¶ 38, 94, 107, 117. Plaintiffs cannot avoid their own allegations.[1]

To the extent AddShoppers collected any data from California consumers, that was due entirely to the actions of the Retail Defendants, and Plaintiffs and cannot create personal jurisdiction over AddShoppers through third-party conduct. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984) ("[U]nilateral activity of another party or a third person is not an appropriate consideration…to justify an assertion of jurisdiction."). Plaintiffs' claims, and any supposed ties to California, stem solely from *their own* intentional and extended activity on websites.

It also does not matter that the Retail Defendants are California companies. *Walden*, 571 U.S. at 284-85 (holding personal jurisdiction must be based on "contacts that the 'defendant *himself*' creates

---

[1] Nor does merely alleging that AddShoppers installed code on the Retail Defendants' servers change the analysis, especially where Plaintiffs have failed to allege that the servers are located in California.

DEFENDANT ADDSHOPPERS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT
CASE NO. 3:23-CV-01996-VC

with the forum State." (citation omitted)).  Thus, even the existence of contracts to provide software to a California-based business is insufficient, in and of itself, to find conduct "expressly aimed" at California.  *See id.* at 282; s*ee also Saleh v. Nike*, *Inc.*, 562 F. Supp. 3d 503, 514-15 (C.D. Cal. 2021).

That AddShoppers may send emails to consumers in California also is not sufficient to confer personal jurisdiction where the emails do not specifically target California.  *See AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 121 & n.7 (9th Cir. 2020) (affirming a lack of personal jurisdiction where advertising content did not expressly target California users despite knowing that a certain percentage of users were from California); *ThermoLife Int'l, LLC v. NetNutri.com LLC*, 813 F. App'x 316, 318 (9th Cir. 2020) (same).  Where AddShoppers directs its activity nationwide and without singling out California (or any other state), it cannot reasonably expect to be haled into court in California.  Doing so would violate due process.

Plaintiffs' reliance on *S.D. v. Hytto Ltd.,* No. 18-cv-00688, 2019 U.S. Dist. LEXIS 229909 (N.D. Cal. May 14, 2019) is misplaced.  In *Hytto*, a Chinese company sold products directly to U.S. customers and the products required consumers to download and install apps on their phones.  *Id.* at *1-4.  In combination, those acts gave rise to personal jurisdiction.  The situation here is more like *Saleh* because the Retail Defendants, not AddShoppers, interact with their customers, including by taking orders.  *Saleh*, 562 F. Supp. 3d at 514-15.  Plaintiffs thus have not and cannot carry their burden of pleading that California was a "focal point both of [AddShoppers' actions] *and* of the harm suffered."  *Axiom Foods*, *Inc.*, 874 F.3d at 1071 (emphasis added) (quoting *Walden*, 571 U.S. at 287).

Plaintiffs' contention that AddShoppers' statements on its own website regarding compliance with California law demonstrates express aiming also fails.[2]  Opp'n at 7.  That argument has already been flatly rejected.  *Voodoo SAS v. SayGames LLC*, No. 19-CV-07480, 2020 U.S. Dist. LEXIS 121879, at *14 (N.D. Cal. July 7, 2020) ("[T]he Court is not persuaded that the references to California law in SayGames' privacy policy and terms of use suggest express aiming at California.").

---

[2] Plaintiffs' Complaint refers to AddShoppers' website and the terms of use thereon (Compl. ¶¶ 28-29) but AddShoppers' website has nothing to do with Plaintiffs' purported claims or defenses. However, to the extent they had any relevance to the personal jurisdiction analysis (they do not), AddShoppers' terms contain governing law and forum selection clauses including compulsory arbitration in North Carolina.

DEFENDANT ADDSHOPPERS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT
CASE NO. 3:23-CV-01996-VC

REED SMITH LLP

REED SMITH LLP

1   Accordingly, Plaintiffs have failed to plead this Court has personal jurisdiction over AddShoppers.

2          **2.      Plaintiffs Cannot Allege Concrete Harm and Lack Article III Standing.**

3          Plaintiffs' Opposition does not provide any basis for Article III standing.  First, Plaintiffs point

4   repeatedly to generalized hypothetical harms purportedly applicable to *any* user across *any* website

5   deploying AddShoppers' software.  But the Opposition—like the Complaint—fails to point to any

6   particular harm suffered *by these Plaintiffs* through their visits.  *See Spokeo, Inc. v. Robins*, 578 U.S.

7   330, 338 n.6 (2016) (holding named plaintiffs in a class still must show they personally were injured,

8   not that injury occurred to other members of the putative class).  Plaintiffs cannot rely on the general

9   complaints of others, as they repeatedly attempt to do in the Complaint (¶¶ 45-51) and Opposition (pp.

10  10-11), but must instead set forth facts tending to show *they themselves* were injured.  *See TransUnion*

11  *LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021).[3]

12         At most, Plaintiffs allege that they visited websites offering firearms, CBD, coffee products,

13  and unspecified products bearing the label Every Man Jack, and that AddShoppers sent to them an e-

14  mail containing a discount offer from one of those retailers.  Compl. ¶¶ 57, 62, 69, 72.  Plaintiffs'

15  allegations do not demonstrate that *they personally* suffered an injury.  More fundamentally, all of

16  Plaintiffs' alleged harms depend upon a conclusion that they have a *legally cognizable privacy interest*

17  *historically protected by courts*.  Here though, the Complaint does not offer specific, concrete facts

18  demonstrating that these Plaintiffs suffered any particularized, actual, concrete harm other than

19  receiving unwanted emails or advertisements.  The Opposition concedes, as it must, that receipt of

20  emails and ads is not sufficient to establish standing.  *See* Opp'n at 9 n.4; *see also Rowan v. U.S. Post*

21  *Off. Dep't*, 397 U.S. 728, 736-37 (1970) (permitting companies to market via commercial mail but

22  providing consumers with the right to opt-out).  While Plaintiffs may not like that visits to a website

23  by a browser may be logged, they have no legally redressable privacy interest, especially where

24  _____

25  [3] The Complaint suggests that AddShoppers' clients include companies that sell personal products
    directed at men and women, which allegedly permits AddShoppers to reveal "private information
    about customers to anyone that shares a computer." Compl. ¶ 48.  This claim is not tied to any Plaintiff

26  in this case.  Nor are the individuals complaining that AddShoppers purportedly sent emails on behalf
    of retailers who sell these products before the Court.  The only instance in the Complaint of

27  hypothetical "sharing" of such information results from Plaintiff Dessart "directing" his wife to visit
    the Every Man Jack website, but his wife is not before the Court.  Opp'n at 16.

28
                                                         4

REED SMITH LLP

1  Congress and California preclude private rights of action under statutes that expressly prescribe how

2  and when Defendants can collect information and communicate using it, and what consumers may do

3  when they claim to be aggrieved.  *See* AddShoppers' Mem. of Law in Supp. of Mot. to Dismiss (Dkt.

4  No. 50) at Section IV(B)(1) (referencing the enactment of CAN-SPAM and CCPA, which are opt out

5  regimes that do not permit a private right of action).[4]

6       Confronted with state and federal frameworks that expressly authorize AddShoppers' conduct,

7  thereby muting any suggestion of concrete injury, Plaintiffs instead seek to equate the narrow activities

8  of AddShoppers with the ubiquitous "cradle-to-grave" tracking alleged in *In re Facebook, Inc. Internet*

9  *Tracking Litig.*, 956 F.3d 589, 598-600 (9th Cir. 2020) ("*In re Facebook Tracking*").  Here again, the

10  Complaint recites a litany of hypothetical "harms" that, if taken as true, *could* potentially "harm"

11  certain individuals.  But the Plaintiffs in *this case* fail to demonstrate that *they* suffered harm of the

12  sort sufficient to confer standing (let alone the ubiquitous tracking that occurred in *In re Facebook*

13  *Tracking*).  Legislatively permitted collection and sharing of information, even where it results in

14  potentially unwanted ads, is not a concrete injury.  *See Rowan*, 397 U.S. at 736-37; *see also Spokeo*,

15  578 U.S. at 338.  This Court should not substitute its judgment for that of Congress and California and

16  permit a cause of action to proceed that challenges the *precise conduct* that both have permitted.

17       Plaintiffs' allegations are also categorically different from those in *In re Facebook Tracking*.

18  In that case, plaintiffs alleged Facebook collected its users' information even after they left the

19  platform,[5] "compil[ing] their personally identifiable browsing history" and "correlating users'

20

---

21  [4] If Plaintiffs' interpretation of the law (Compl. ¶ 76) is correct, then all website providers using third-party cookies would face liability from *any* California visit.  This disastrous result would unduly burden First Amendment-protected data collection and interstate commerce, and upend the CCPA's carefully-reasoned jurisdictional thresholds.  *See Sorrell v. IMS Health, Inc.*, 564 U.S. 552, 565 (2011) (holding data collection for marketing purposes is protected speech activity); *see also id.* at 584 (Breyer, J., dissenting) (cautioning against judicial activism disrupting careful legislative determinations and regulation of the economy and noting "[o]ur function … is only to determine the reasonableness of the legislature's belief" (citations and internally quotations omitted)).

25  [5] The lack of factual assertions demonstrating that private information was actually shared with AddShoppers also readily distinguishes this case from *Brown v. Google LLC*, No. 4:20-cv-3664, 2023 U.S. Dist. LEXIS 139895 (N.D. Cal. Aug. 7, 2023), where an alleged breach of contract between Google and its users formed the basis for standing and the information in question included searches for health conditions and how to leave an abusive relationship.  *Id.* at *17 n.9.

28

REED SMITH LLP

browsing history with users' personal Facebook profiles" that include their "employment history and political and religious affiliations" *for the specific purpose of* "gain[ing] a cradle-to-grave profile without users' consent."  956 F.3d at 598-99.  The Complaint itself distinguishes *In re Facebook Tracking* on this point, indicating that no tracking occurs *unless* a website is utilizing AddShoppers' software.  Compl. ¶ 39.

Additionally, the information about these Plaintiffs is not sensitive.  At best, Plaintiffs can plausibly allege that AddShoppers matched a customer's email address with a browser visiting websites for the purpose of sending the email address a money-saving discount offer.  Collection of email addresses and information relating to a visit to websites of the Retail Defendants is distinguishable from the sensitive information allegedly tracked in *In re Facebook Tracking*.  *See I.C. v. Zynga, Inc.*, 600 F. Supp. 3d 1034, 1049 (N.D. Cal. 2022) ("[B]asic contact information, including one's email address, phone number, or Facebook or Zynga username" is not "private information" because it is "designed to facilitate communication and is thus available through ordinary inquiry and observation"); *see also Goldstein v. Costco Wholesale Corp.*, 559 F. Supp. 3d 1318, 1321 (S.D. Fla. 2021) (analogizing tracking on a website to viewing a security camera at a brick-and-mortar store, which does not reveal personally sensitive information).  This Court should follow suit.

**B.     Plaintiffs' Consent to the Retail Defendants' Terms Confirms they did not Suffer a Concrete Injury and Cannot State Claims Upon Which Relief can be Granted**

Plaintiffs' acknowledgment of the cookie banners on the Retail Defendants' websites underscores the lack of a concrete injury for standing purposes and defeats their individual claims since each Plaintiff had constructive (if not actual) notice of the activities in question.  *See* Opp'n at 16 (screenshotting Retail Defendants' policies).  Notice of these privacy practices appears on every page of Retail Defendants' websites unless and until the user dismisses them.  Failing to charge them with knowledge of that information would be no different than determining a right of entry exists to property posted repeatedly with no trespass signs.  The posting, along with legislatively prescribed remedies, defeats every claim arising out of Plaintiffs' hypothetical and legally non-cognizable injuries on standing grounds and for failure to state a claim upon which relief may be granted.

REED SMITH LLP

Consistent with their rights under federal and California law, the Plaintiffs could have easily adjusted their browser settings to reject cookies or unsubscribed from unwanted emails.  Any other result, including private rights of action, is at odds with CAN SPAM and CCPA and the Constitutional interest-balancing they reflect, including protected First Amendment interests, undue burdens on interstate commerce, and the due process protections provided by the rule of lenity.  Simply put: this case does not belong in court because there is no concrete harm or plausible legal claim where Retail Defendants have disclosed the very "harms" about which Plaintiffs now complain.

### C.   Plaintiffs' Common Law Claims Fail as a Matter of Law

#### 1.   Plaintiffs Have Not Alleged a Cognizable Harm or a Wrongful Act Sufficient to State an Invasion of Privacy Claim

Neither the Complaint nor the Opposition demonstrate that AddShoppers (1) intruded into a private place, conversation, or matter (wrongful act) or (2) that any purported intrusion could be highly offensive to a reasonable person (legally cognizable harm).  Seeking to sidestep notice and the ordinary information collection and usage which occurred for them, Plaintiffs argue that the collection of email addresses and browsing of Retail Defendants' websites is purportedly "private" (but not "sensitive").  That conclusion is not true or plausible.  *See I.C.*, 600 F. Supp. 3d at 1049 (holding email addresses and other information available through ordinary observation does not constitute "private information").  With respect to the highly offensive prong, Plaintiffs cannot rely on harms that *could* occur to others.  *See TransUnion*, 141 S. Ct. at 2203 (requiring a specific plaintiff to have suffered an individualized harm).  Courts have already determined that on these facts, the alleged intrusion is not offensive to a reasonable person. *See, e.g.*, *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1038 (N.D. Cal. 2014) ("Even disclosure of very personal information has not been deemed an 'egregious breach of social norms…'" (citation omitted)).[6]

---

[6] The cases holding collection and usage of the information at issue here is not "highly offensive" are also directly apposite to AddShoppers' standing arguments.  In both *Facebook* and *Brown,* the conduct of both companies was relevant in evaluating the collection and usage practices at issue.  Here, the entire Complaint stems from the flawed suggestion of an historical privacy interest, which the caselaw generally rejects, and whose careful consideration and rejection is reflected in CAN-SPAM and CCPA.  *See Murphy Co. v. Biden*, 65 F.4th 1122, 1140 (9th Cir. 2023) ("Under the canon of *generalia*

REED SMITH LLP

### 2.     Plaintiffs' Duplicative Unjust Enrichment Claim Should Be Dismissed

A plaintiff can plead a standalone unjust enrichment claim when it is based in quasi-contract. But here Plaintiffs elected to "sue in tort." *See In re Apple & AT&T iPad Unlimited Data Plan Litig.*, 802 F. Supp. 2d 1070, 1077 (N.D. Cal. 2011) (dismissing unjust enrichment claim as duplicative where plaintiff elected to sue in tort). This warrants dismissal of the unjust enrichment claim without regard to whether AddShoppers allegedly benefitted. Plaintiffs' reliance on *In re Facebook Tracking* is again misplaced because there was no standalone unjust enrichment claim and the court raised the unjust enrichment issue while analyzing standing. *In re Facebook Tracking*, 956 F.3d at 599-600. Plaintiffs do not dispute that *Katz* post-dates *In re Facebook Tracking* or otherwise attempt to distinguish it. Dkt. No. 50 at 15; Opp'n at 30.

### D.     Plaintiffs' Statutory Claims Fail to State a Claim

#### 1.     Legislative and Constitutional Considerations Warrant Dismissal of the Statutory Claims

Plaintiffs' claims attempt to weaponize the ordinary use of the internet. They do so despite Congress and California previously determining a specific balance between permitting commercial speech, including consumer marketing emails, using an opt-out regime. Where, as here, Plaintiffs attempt to bend older statutes to new factual scenarios, CCPA and CAN-SPAM, coupled with the rule of lenity, provide compelling justification to avoid criminalizing AddShoppers' conduct. CCPA and CAN-SPAM properly balance and *expressly* account for any privacy interests. AddShoppers has a protected First Amendment right to send commercial emails, just as Plaintiffs have the right to unsubscribe. *Rowan*, 397 U.S. at 736-37 (providing that a mailer had a speech right to communicate regarding commercial mail). Appropriately viewed in this light, Plaintiffs' statutory claims fail.

#### 2.     The CIPA Claim Fails For Failure To Allege Sufficient Facts

Plaintiffs' Opposition cannot supplement the barebones recitation that AddShoppers purportedly "intercepts" the "content" of "communications" while "*in transit*." *See* Compl. ¶ 93; *see also Arevalo v. Bank of Am. Corp.*, 850 F. Supp. 2d 1008, 1020 (N.D. Cal. 2011). The allegation that

---

*specialibus non derogant*, 'a narrow, precise and specific' statutory provision is not overridden by another provision 'covering a more generalized spectrum' of issues." (citations omitted)).

REED SMITH LLP

any purported interception occurs "in transit" is a bare legal conclusion warranting dismissal.  Dkt. No. 50 at 10; *see also Rodriguez v. Google LLC*, No. 20-cv-04688, 2022 U.S. Dist. LEXIS 13476, at *7 (N.D. Cal. Jan. 25, 2022) (dismissing CIPA claim where plaintiffs failed to plead how Google intercepted the data in real time). The Complaint lacks an allegation that AddShoppers intercepts data in real time. *See generally Compl*. Using the word "intercept" is not enough without the addition of specific facts that make it plausible AddShoppers is intercepting data in transit. *Id*.

Additionally, Plaintiffs do not, because they cannot, dispute the presence of notice that information is collected and used for advertising purposes about visits to the Retail Defendants' websites or provide any reason why they should not be charged with that knowledge.[7] One cannot criminally eavesdrop on someone who has been told they are being watched and chooses to go ahead anyway.[8] Finally, the Complaint does not provide any information regarding the location of the servers on which the data allegedly traveled, nor is there any private information alleged to have been gleaned by AddShoppers.  Plaintiffs have failed to state a CIPA claim.

### 3.    The CDAFA Claim Does Not Allege Hacking or Properly Plead Damages

CDAFA is an anti-hacking statute.  The activity alleged in the Complaint is not hacking. Beyond the conclusory allegations at Paragraphs 99, 102-04, and 106, Plaintiffs do not plead facts demonstrating how AddShoppers acted "without permission," and otherwise fail to plead damages. While there is a split in authority regarding whether "without permission" requires that AddShoppers "circumvent[ed] technical or code-based barriers in place" (*Williams v. Facebook, Inc.*, 384 F. Supp. 3d 1043, 1053 (N.D. Cal. 2018)), it makes sense for an *anti-hacking* statute to require such

---

[7] *Revitch v. New Moosejaw, LLC*, No. 18-cv-06827, 2019 U.S. Dist. LEXIS 186955 (N.D. Cal. Oct. 23, 2019) is distinguishable.  First, actual notice and consent was not at issue.  While this Court has stated "[s]omeone who presses up against a door to listen to a conversation is no less an eavesdropper" (*id.* at *4), it should also acknowledge that someone who has been told that information about their visit to a website may include collection of their name, address, email address, phone numbers, or other contact information to communicate with them cannot plausibly allege that eavesdropping occurred.  This is especially true where, as here, a retailer relies on a third party to do what it could otherwise do itself.  *See id.* at *5.  On these facts, there is an objective lack of any reasonable expectation of privacy by Plaintiffs for CIPA or any claim.

[8] Standing under CIPA depends upon a particular harm suffered by these Plaintiffs through their visits to websites. However, the "injury-in-fact" requirement must yield to the statutory scheme that provides Plaintiffs the right to opt-out from receiving further e-mail communications, not to sue.

DEFENDANT ADDSHOPPERS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT
CASE NO. 3:23-CV-01996-VC

interference or else this claim is duplicative of the other claims. *Williams* remains good law and the Complaint does not allege AddShoppers circumvented technical or code-based barriers. Nor do Plaintiffs plead any damages. *Cottle v. Plaid, Inc.*, 536 F. Supp. 3d 461, 488 (N.D. Cal. 2021) (holding loss of right to control data is not a proper measure of damages). Plaintiffs' allegation that their damages will be "proven at trial" (Compl. ¶ 108) is also legally deficient. *See Pratt v. Higgins*, No. 22-cv-04228, 2023 U.S. Dist. LEXIS 122849, at *27-28 (N.D. Cal. July 27, 2023) ("[D]amages in a sum to be determined at trial" is not sufficiently pled).[9]

### 4. The UCL and Larceny Claims Fail Because There Is No Plausible Allegation of Economic Injury

Plaintiffs' UCL and larceny claims should be narrowly interpreted per the rule of lenity. Plaintiffs failed to plead any facts tending to show they disclosed personal information during their visits to Retail Defendants' websites or that AddShoppers deprived them of that information.[10] Plaintiffs' reliance on Article III standing cases to prop up their UCL claim is not appropriate. *See Hazel v. Prudential Fin., Inc.*, No. 22-cv-07465, 2023 U.S. Dist. LEXIS 100974, at *14-15 (N.D. Cal. June 9, 2023) (distinguishing Article III standing from UCL standing); *Greenley v. Kochava*, No. 22-cv-01327, 2023 U.S. Dist. LEXIS 130552, at *48 (S.D. Cal. July 27, 2023) (citation omitted) (same). Plaintiffs' reliance on a benefit of the bargain theory (Opp'n at 27) is unsupported and fatally flawed because the Plaintiffs do not allege they made a purchase. *See Greenley*, 2023 U.S. Dist. LEXIS at *47-52 (rejecting benefit of the bargain theory where, as here, "Plaintiff did not transact with Defendant at all"). *Brown, Calhoun,* and *Klein* (Opp'n at 27) are distinguishable on this basis.

## III.   CONCLUSION

AddShoppers respectfully requests that the Court issue an order granting its Motion to Dismiss with prejudice and awarding AddShoppers such other and further relief as warranted.

---

[9] Again, *Brown* is distinguishable. 2023 U.S. Dist. LEXIS 139895, at *50-51. In *Brown*, Plaintiffs pled and demonstrated on summary judgment evidence that "there is a market for their data" and that Google had in fact paid users money for it. *Id.* Plaintiffs here cannot make any such allegation.

[10] On that basis, *Calhoun v. Google LLC*, 526 F. Supp. 3d 605 (N.D. Cal. 2021) is not only distinguishable, but incorrectly decided. *See Pruchnicki v. Envision Healthcare Corp.*, 845 F. App'x 613, 615 (9th Cir. 2021) ("'Mere misappropriation of personal information' does not establish compensable damages." (citation omitted)).

REED SMITH LLP

DATED:  August 31, 2023                     Respectfully submitted,

1

2                                     By: /s/ *Terence N. Hawley*
                                          Terence N. Hawley
3
                                      **REED SMITH LLP**
4
                                      Terence N. Hawley, State Bar No. 179106
5                                     thawley@reedsmith.com
                                      101 Second Street, Suite 1800
6                                     San Francisco, CA  94105-3659
                                      Phone:  (415) 543-8700
7                                     Fax:  (415) 391-8269

8                                     Gerard M. Stegmaier (*pro hac vice*)
                                      gstegmaier@reedsmith.com
9                                     Mark D. Quist (*pro hac vice*)
                                      mquist@reedsmith.com
10                                    1301 K Street, N.W., Suite 1000-East Tower
                                      Washington, DC 20005
11                                    Phone:  (202) 414-9200
                                      Fax:  (202) 414-9299
12
                                      James L. Rockney (*pro hac vice*)
13                                    jrockney@reedsmith.com
                                      225 Fifth Avenue, Suite 1200
14                                    Pittsburgh, PA 15222
                                      Phone:  (412) 288-4046
15                                    Fax:  (202) 288-3063

16                                    *Attorneys for Defendant AddShoppers, Inc.*

17

18

19

20

21

22

23

24

25

26

27

28