MORGAN, LEWIS & BOCKIUS LLP
Joseph Duffy, Bar No. 241854
joseph.duffy@morganlewis.com
Megan A. Suehiro, Bar No. 316104
megan.suehiro@morganlewis.com
300 South Grand Avenue, Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel:   +1.213.612.2500
Fax:   +1.213.612.2501

Alexandra M. Gonsman, Bar No. 339361
alexandra.gonsman@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1596
Tel:   +1.415.442.1000
Fax:   +1.415.442.1001

Attorneys for Defendant
PEET'S COFFEE, INC.

CLARK HILL LLP
Myriah V. Jaworski, Bar No. 336898
mjaworski@clarkhill.com
505 Montgomery Street
San Francisco, CA 94111
Tel:   + 1.619.557.0404
Fax:   + 1.619.557.0460

Attorneys for Defendant
PRESIDIO BRANDS, INC.

[Additional Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OATHER MCCLUNG, ABBY LINEBERRY, TERRY MICHAEL COOK, and GREG DESSART, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ADDSHOPPERS, INC., PRESIDIO BRANDS, INC., PEET'S COFFEE, INC., and JOHN DOE COMPANIES,<br><br>Defendants. | Case No. 3:23-cv-01996-VC<br><br>**DEFENDANTS PRESIDIO BRANDS, INC. AND PEET'S COFFEE, INC.'S REPLY IN SUPPORT OF JOINT MOTION TO DISMISS CLASS ACTION COMPLAINT**<br><br>Date:    October 5, 2023<br>Time:   10:00 a.m.<br>Ctrm:   4 – 17th Floor<br>Judge:  Hon. Vince Chhabria<br><br>Complaint Filed:   April 24, 2023<br>Trial Date:  N/A |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ..........................................................................................................1

II. ARGUMENT..................................................................................................................1

    A. Plaintiffs Cook and Dessart Fail to Demonstrate Article III Standing for Their Claims Against the Retail Defendants. ....................................................1

        1. A bare procedural CIPA violation does not constitute injury-in-fact.......................................................................................................1

        2. Plaintiffs fail to allege an injury-in-fact for their state law claims. .............3

    B. The California Statutory Claims Fail as to Non-California Plaintiffs Cook and Dessart..........................................................................................................3

    C. Plaintiffs Cook and Dessart's Claims are Barred by Their Consent to the Retail Defendants' Alleged Conduct. ......................................................................5

    D. Plaintiffs Cook and Dessart's Claims Fail for Additional Reasons. ........................6

        1. Plaintiffs' CIPA claim (Count 1) fails. ........................................................6

        2. Plaintiffs' CDAFA claim (Count 2) fails.....................................................8

        3. Plaintiffs' statutory larceny claim (Count 3) fails........................................8

        4. Plaintiffs' common law invasion of privacy/intrusion claim (Count 9) fails. ..............................................................................................9

III. CONCLUSION.............................................................................................................10

**TABLE OF AUTHORITIES**
Page(s)

**Cases**

*Balanzar v. Fidelity Brokerage Servs., LLC*,
  2023 WL 1767011 (S.D. Cal. Feb. 3, 2023) .................................................................................5

*Brodsky v. Apple Inc.*,
  445 F. Supp. 3d 110 (N.D. Cal. 2020) ........................................................................................7

*Brown v. Google LLC*,
  2023 WL 5029899 (N.D. Cal. Aug. 7, 2023) ..............................................................................9

*Byars v. Goodyear Tire & Rubber Co.*,
  2023 WL 1788553 (C.D. Cal. Feb. 3, 2023) ...............................................................................6

*Byars v. Sterling Jewelers, Inc.*,
  2023 WL 2996686 (C.D. Cal. Apr. 5, 2023) ...............................................................................1

*Cady v. Anthem Blue Cross Life & Health Ins. Co.*,
  583 F. Supp. 2d 1102 (N.D. Cal. 2008) ......................................................................................5

*Carrese v. Yes Online Inc.*,
  2016 WL 6069198 (C.D. Cal. Oct. 13, 2016) .............................................................................5

*Cook v. Gamestop, Inc.*,
  2023 WL 5529772 (W.D. Pa. Aug. 28, 2023), *appeal filed*, No. 23-2574 (3d
  Cir. Aug. 29, 2023) .....................................................................................................................2

*In re Facebook, Inc. Internet Tracking Litig.*,
  956 F.3d 589 (9th Cir. 2020) ...................................................................................................2, 8

*Garcia v. Build.com, Inc.*,
  2023 WL 4535531 (S.D. Cal. July 13, 2023) .............................................................................2

*Greenley v. Kochava, Inc.*,
  2023 WL 4833466 (S.D. Cal. July 27, 2023) .............................................................................3

*Greenstein v. Noblr Reciprocal Exch.*,
  585 F. Supp. 3d 1220 (N.D. Cal. 2022) ......................................................................................3

*Konop v. Hawaiian Airlines, Inc.*,
  302 F.3d 868 (9th Cir. 2002) ...................................................................................................4, 7

*Licea v. Am. Eagle Outfitters*,
  2023 WL 2469630 (C.D. Cal. Mar. 7, 2023) ..............................................................................7

...

*Lightoller v. Jetblue Airways Corp.*,
  2023 WL 3963823 (S.D. Cal. Jun. 12, 2023) ........................................................................1

*Low v. LinkedIn Corp.*,
  900 F. Supp. 2d 1010 (N.D. Cal. 2012) ................................................................................9

*Mastel v. Miniclip SA*,
  549 F. Supp. 3d 1129 (E.D. Cal. 2021)..................................................................................4

*Nei Contracting & Eng'g, Inc. v. Hanson Aggregates Pac. Sw., Inc.*,
  2016 WL 4886933 (S.D. Cal. Sept. 15, 2016)....................................................................5, 6

*NovelPoster v. Javitch Canfield Group*,
  140 F. Supp. 3d 938 (N.D. Cal. 2014) ...............................................................................4, 6

*Rodriguez v. Google LLC*,
  2021 WL 2026726 (N.D. Cal. May 21, 2021) ......................................................................9

*Swarts v. The Home Depot, Inc.*,
  2023 WL 5615453 (N.D. Cal. Aug. 30, 2023) ......................................................................7

*United States v. Bosch*,
  914 F.2d 1239 (9th Cir. 1990) ...............................................................................................8

*Valenzuela v. Nationwide Mut. Ins. Co.*,
  2023 WL 5266033 (C.D. Cal. Aug. 14, 2023).......................................................................7

*In re Vizio, Inc., Consumer Privacy Litig.*,
  238 F. Supp. 3d 1204 (C.D. Cal. 2017) .................................................................................6

*Yoon v. Lululemon*,
  549 F. Supp. 3d 1074 (C.D. Cal. 2021) .................................................................................8

*In re Zynga Privacy Litig.*,
  750 F.3d 1098 (9th Cir. 2014) ...........................................................................................7, 8

**Statutes**

Cal. Penal Code § 631.................................................................................................................5, 7

**I.     INTRODUCTION**

Plaintiffs' Opposition fails to address the fatal defects in their claims against the Retail Defendants.[1]  By combining their arguments as to AddShoppers and the Retail Defendants, Plaintiffs improperly gloss over deficiencies specific to their claims against the Retail Defendants. For the reasons below and in the Motion, Plaintiffs Cook and Dessart's claims against the Retail Defendants should be dismissed in their entirety and with prejudice.

**II.    ARGUMENT**

    **A.     Plaintiffs Cook and Dessart Fail to Demonstrate Article III Standing for Their Claims Against the Retail Defendants.**

        **1.     A bare procedural CIPA violation does not constitute injury-in-fact.**

Two California district courts recently confirmed that in the absence of a plausible allegation that a defendant collected personal or confidential information, an alleged CIPA violation is a bare procedural violation that does not satisfy Article III.  *See* Mot. at 5 (citing *Byars v. Sterling Jewelers, Inc.*, 2023 WL 2996686, at *4 (C.D. Cal. Apr. 5, 2023); *Lightoller v. Jetblue Airways Corp.*, 2023 WL 3963823, at *7 (S.D. Cal. Jun. 12, 2023)).

Similar to the facts in *Byars* and *Lightoller*, Plaintiffs do not allege—and in fact expressly disavow—that any personal or confidential information was collected from the Retail Defendants' websites.  Compl. ¶ 67 (alleging that Plaintiff Cook "had never provided any personal information to the company"); *id.* ¶ 74 (alleging that Plaintiff Dessart never provided Every Man Jack with his email address); Opp. at 1 (Plaintiffs "provided no personal information" to the Retail Defendants). Indeed, Plaintiffs' core theory of liability centers on the allegation that they received emails ***despite the fact that they did not provide any identifying information on the Retail Defendants' websites***.

---

[1] Defined terms have the same definitions as in the Motion (ECF No. 51).

*See* Compl. ¶¶ 70, 74.  Plaintiffs conflate the alleged conduct of AddShoppers with the alleged conduct of the Retail Defendants.  *See, e.g.*, Opp. at 10 ("***AddShoppers*** automatically [associates] Plaintiffs' personal information") (emphasis added); Compl. ¶ 34 (alleging that AddShoppers collects information on users "***from different sources***" and uses that information to match profiles).  There is nothing in the Complaint to suggest that any of the personal information AddShoppers may have about Plaintiffs came from either Retail Defendant.  Plaintiffs allegations make clear that there was no personal information provided to the Retail Defendants that would confer standing for their claims.

Plaintiffs do not cite any authority to support standing where no personal information was provided to the defendant.  To the contrary, their cited cases confirm that they must allege some collection or sharing of personal data to establish standing.  *See In re Facebook, Inc. Internet Tracking Litig.* ("*Facebook Tracking*"), 956 F.3d 589, 599 (9th Cir. 2020) (affirmatively alleging that the defendant collected the plaintiffs personal or confidential information); *Garcia v. Build.com, Inc.*, 2023 WL 4535531, at *3 (S.D. Cal. July 13, 2023) (finding injury-in-fact where plaintiffs alleged the sharing of "highly sensitive personal data . . . via the website chat feature").[2]  District courts facing similar claims have declined to find a sufficiently concrete harm to confer standing.  *See Cook v. Gamestop, Inc.*, 2023 WL 5529772, at *1 (W.D. Pa. Aug. 28, 2023), *appeal filed*, No. 23-2574 (3d Cir. Aug. 29, 2023) (joining "the increasing number of courts" that have found allegations pertaining to the recording of website interactions "do[] not amount to a sufficiently concrete harm to confer standing").

---

[2] Plaintiffs also argue that they have Article III standing because "the Ninth Circuit already recognized referrer URLs—like those captured by SafeOpt—divulge 'a user's personal interests, queries, and habits[.]'" Opp. at 10 (quoting *Facebook Tracking*, 956 F.3d at 605).  But Plaintiffs explain that this relates to AddShoppers allegedly "associat[ing]" Plaintiffs' personal information ***without*** Plaintiffs entering any personal information on the Retail Defendants' websites.  *Id.* ("[E]ntering any additional personal information is unnecessary.").

Based on the allegations here, Plaintiffs Cook and Dessart plainly lack standing to bring their claims against the Retail Defendants.

### 2. Plaintiffs fail to allege an injury-in-fact for their state law claims.

Plaintiffs' sole argument in support of their failure to allege an injury-in-fact to support their CDAFA, larceny, and invasion of privacy state law claims is that they need not show an intention to sell their personal information. Opp. at 11–12. However, courts in this District have repeatedly held that plaintiffs must "establish **both** the existence of a market for [their] personal information **and** an impairment of [thei]r ability to participate in that market" to demonstrate Article III standing based on a loss of their personal information. *See, e.g.*, *Greenstein v. Noblr Reciprocal Exch.*, 585 F. Supp. 3d 1220, 1229 (N.D. Cal. 2022) (quoting *Svenson v. Google Inc.*, 2016 WL 8943301, at *9 (N.D. Cal. Dec. 21, 2016)) (emphasis added); *see also* Mot. at 6–7.

The single case relied on by Plaintiffs, *Greenley v. Kochava, Inc.*, 2023 WL 4833466 (S.D. Cal. July 27, 2023), conflicts with this Court's long-standing and established precedent. Even if this Court found *Greenley* persuasive, that holding narrowly found standing only for the plaintiffs' unjust enrichment claim (which Plaintiffs do not allege against the Retail Defendants) because the plaintiffs there alleged that defendants were unjustly enriched "through the use and dissemination of [p]laintiff's . . . personal information, geolocation data, and communications." *See id*. at *4 ("California law recognizes a right to disgorgement of profits resulting from *unjust enrichment*") (emphasis added, internal quotation omitted). Plaintiffs do not point to any similar allegations in their Complaint, *see* Opp. at 11–12, and none exist.

### B. The California Statutory Claims Fail as to Non-California Plaintiffs Cook and Dessart.

Plaintiffs Cook and Dessart are non-California residents who interacted with the Retail Defendants' websites while in their home states. *See* Compl. ¶¶ 8–9. Plaintiffs do not dispute that

the California statutes they seek to invoke do not apply extraterritorially. Opp. at 21. Instead, they argue these laws apply because the alleged conduct occurred in California, i.e., "Retail Defendants installed a wiretap on their California websites," and, "while visiting those websites, Plaintiffs' communications were collected." *Id*. This theory fails for at least two reasons.

*First*, Plaintiffs do not allege any facts to demonstrate that the Retail Defendants' websites are operated out of California or that there are separate "California websites" (there are none). *See* Compl. ¶¶ 11–12. The Complaint is devoid of any facts about where the Retail Defendants' websites are hosted, where the employees who manage the websites are located, or where the websites servers are located. *See id*.

*Second*, and more fundamentally, to the extent Plaintiffs could allege that the Retail Defendants' websites are hosted in California and that the "communications were collected" on those websites (i.e., ***after*** reaching the website destination), Plaintiffs would not be able to state a claim under CIPA, which requires that a communication be intercepted "***during transmission***." *Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 878 (9th Cir. 2002) (emphasis added);[3] *see also Mastel v. Miniclip SA*, 549 F. Supp. 3d 1129, 1136 (E.D. Cal. 2021) (requiring that plaintiff plausibly allege the defendant "read or learned the contents of a communication while the communication was in transit"). Indeed, Plaintiffs' contention that the alleged conduct occurred in California is contradicted by their assertion elsewhere that a "cookie is hidden on the user's browser and automatically send [sic] information to AddShoppers' SafeOpt domain." Opp. at 23 (quoting Compl. ¶ 38). In that scenario, the alleged conduct would occur either where the browser is located or where AddShoppers is located—neither of which is alleged to be in California. Plaintiffs cannot have it both ways.

---

[3] "The analysis for a violation of CIPA is the same as that under the federal Wiretap Act." *NovelPoster v. Javitch Canfield Group*, 140 F. Supp. 3d 938, 954 (N.D. Cal. 2014).

Plaintiffs' cited cases confirm that for CIPA liability to attach, the alleged conduct ***must have occurred in California***—an element missing here. *See Carrese v. Yes Online Inc.*, 2016 WL 6069198, at *4 (C.D. Cal. Oct. 13, 2016) (plaintiffs alleged that "all of the communication at issue were recorded by Defendant in California"); *see also Balanzar v. Fidelity Brokerage Servs., LLC*, 2023 WL 1767011, at *8 (S.D. Cal. Feb. 3, 2023) (plaintiff alleged phone call to location in California). Plaintiffs' California statutory claims should be dismissed on this ground.[4]

### C. Plaintiffs Cook and Dessart's Claims are Barred by Their Consent to the Retail Defendants' Alleged Conduct.

To state a CIPA claim under Section 631, the alleged wiretapping must have been conducted "without the consent of all parties to the communication." Cal. Penal Code § 631. Courts analyzing an identical consent requirement under CIPA Section 632 have found implied consent where "a party is informed that his call will be recorded, and he continues to use the communication system after receiving notice the communications are being intercepted." *Nei Contracting & Eng'g, Inc. v. Hanson Aggregates Pac. Sw., Inc.*, 2016 WL 4886933, at *3 (S.D. Cal. Sept. 15, 2016) (citation omitted). ***Only "[i]n the absence of such notice"*** must the circumstances "show that the party knew about and consented to the interception in spite of the lack of formal notice or deficient formal notice." *Id.* (emphasis added, quotation omitted).

Here, Plaintiffs do not dispute that Retail Defendants' respective websites contain a pop-up cookie notice banner that prominently appears at the bottom of the website. Nor do they dispute that they (or Plaintiff Dessart's wife) continued to browse the website after receiving notice that the websites use cookies, which is stated in plain text separate from the hyperlinked privacy

---

[4] The juridical link doctrine, mentioned by Plaintiffs in passing (*see* Opp. at 22 n.13), has no bearing on this issue. *See Cady v. Anthem Blue Cross Life & Health Ins. Co.*, 583 F. Supp. 2d 1102, 1107 (N.D. Cal. 2008) (finding that the juridical link doctrine "should properly remain in the analysis of adequacy and typicality of plaintiffs" in the context of Rule 23). Plaintiffs' request for leave to amend based on the juridical link doctrine is meritless and should be denied.

policies.[5]  *See* Mot. at 9, 11.  Doing so is analogous to staying on the telephone line after being given notice that the communication is being intercepted.  *Cf. Nei Contracting*, 2016 WL 4886933, at *3.  The circumstances here likewise demonstrate Plaintiffs' implied consent to the use of cookies, which precludes their claims against the Retail Defendants.[6]  *Id.*

> **D.  Plaintiffs Cook and Dessart's Claims Fail for Additional Reasons.**
>
> > **1.  Plaintiffs' CIPA claim (Count 1) fails.**
> >
> > > **a.  Plaintiffs fail to allege communications intercepted in transit.**

Plaintiffs' Complaint is devoid of any facts showing that their alleged "messages" or "communications" with the Retail Defendants websites were intercepted by AddShoppers while in transit.  *See supra* Section II.B.; Opp. at 23–24.  The pleading standard for "interception" is high.  Courts have acknowledged that, given the speed of modern internet communications, the wiretapping statutes' application to such "form[s] of electronic communication is undoubtedly limited."  *NovelPoster*, 140 F. Supp. 3d at 951.  Section 631(a) applies only if the interception occurs during the "narrow window" in which the communication is in transit.  *Id.* at 951–52 (citation omitted).  As a result, "interception" of electronic communications is "virtually impossible," *see id.* at 952 (quotation omitted), and cursory allegations of "real time" collection are insufficient.  *See, e.g.*, *In re Vizio, Inc., Consumer Privacy Litig.*, 238 F. Supp. 3d 1204, 1227–28 (C.D. Cal. 2017) (plaintiffs' "allegations about how Vizio's data collection occurs 'in real time'" and "during transmission" did not "articulate[] with sufficient clarity when Vizio

---

[5] In contrast to *Byars v. Goodyear Tire & Rubber Co.*, 2023 WL 1788553, at *3 (C.D. Cal. Feb. 3, 2023), Plaintiff Cook concedes knowledge of the cookie notice at issue.  *See* Compl. ¶ 67.

[6] Plaintiffs cite paragraph 38 of the Complaint to demonstrate their purported lack of consent, Opp. at 14, but paragraph 38 states that the cookie is created only "[w]hen an internet user ***creates an account or makes a purchase with the business***."  (Emphasis added.)  In those scenarios, a user would not only have notice through the pop-up cookie notice banner, but would also affirmatively assent to the Retail Defendants' respective Privacy Policies.  *See* Duffy Decl. (ECF No. 51-1), Ex. A (Peet's Privacy Policy) at 5; Fox Decl. (ECF No. 51-2), Ex. A (Every Man Jack's Privacy Policy) at 5.

supposedly intercepted their communications"); *Swarts v. The Home Depot, Inc.*, 2023 WL 5615453 (N.D. Cal. Aug. 30, 2023) (allegation that "online traffic occurs between the customer's browser and [third-party]" failed to allege plausibly allege "interception"); *Licea v. Am. Eagle Outfitters*, 2023 WL 2469630, at *9 (C.D. Cal. Mar. 7, 2023) (rejecting conclusory allegation that messages were intercepted "during transmission and in real time").[7]

Here, Plaintiffs fail to plead any facts demonstrating that that their "messages" were "stop[ped], seize[d], or interrupt[ed]" prior to arrival as required to plead an "interception" under Section 631. *Konop*, 302 F.3d at 878. Plaintiffs allege that companies "agree to install the AddShoppers' code on their website," and that the AddShoppers code *automatically* sends information to AddShoppers, which then syncs the information with user browser activity. Opp. at 23 (quoting Compl. ¶¶ 38–39). The "automatic" collection of information by its nature excludes the possibility of interception. *See Konop*, 302 F.3d at 878 (holding the acquisition of email messages already stored on an electronic system is not an "interception" under the Wiretap Act). By Plaintiffs' own allegations, they fail to allege an "interception" of communication in transit.

> **b.   Referral URLs are not "contents" of a communication under CIPA.**

CIPA requires interception of the "contents" of a communication, i.e., information showing its "substance, purport, or meaning." *Brodsky v. Apple Inc.*, 445 F. Supp. 3d 110, 127 (N.D. Cal. 2020). "Record information" that captures only "the characteristics of the message," *In re Zynga Privacy Litig.*, 750 F.3d 1098, 1106 (9th Cir. 2014), such as user names, passwords, geographic

---

[7] Plaintiffs cite *Valenzuela v. Nationwide Mut. Ins. Co.*, 2023 WL 5266033, at *5 n.6 (C.D. Cal. Aug. 14, 2023), in support of their argument that their allegations, including "real-time" collection are sufficient, but this goes against the weight of authority in this Circuit.

information, IP addresses, app usage data, and time/date/duration of an interaction, *Yoon v. Lululemon*, 549 F. Supp. 3d 1074, 1082 (C.D. Cal. 2021), is not actionable.

*Facebook Tracking*, 956 F.3d at 605, is inapposite. That case examined whether the plaintiff had a reasonable expectation of privacy in URLs that divulge "a user's personal interests, queries, and habits on third-party websites," but did not analyze whether that information met the statutory definition of "content" under CIPA. Here, Plaintiffs vaguely allege that AddShoppers collects information about the "user's activity on the website." Compl. ¶ 39. Plaintiffs fail to demonstrate that AddShoppers obtained any information from the Retail Defendants during Plaintiff Cook and Plaintiff Dessart's wife's alleged website interactions that could constitute the "contents" of a communication. *See* Compl. ¶ 39; Opp. at 25. At best, "user's activity on the website" is "record information" that falls short of the statutory requirement. *See In re Zynga*, 750 F.3d at 1107 (Facebook ID and the address of the webpage from which the user's HTTP request was sent did not constitute content). Plaintiffs' CIPA claim fails for this additional reason.

### 2. Plaintiffs' CDAFA claim (Count 2) fails.

Plaintiffs' Opposition confirms that their CDAFA claim against the Retail Defendants is limited to purported "aiding and abetting liability." Opp. at 26; *see also* Compl. ¶¶ 97–110. For the reasons stated in AddShoppers' Motion and Reply, ECF No. 50 at 18–19 and ECF No. 62 at 9–10, Plaintiffs' CDAFA claim against AddShoppers fails, which precludes the Retail Defendants' liability for aiding and abetting such claim. *United States v. Bosch*, 914 F.2d 1239, 1241 (9th Cir. 1990) ("A defendant cannot be convicted of aiding and abetting absent proof that the underlying offense was committed.") (citation omitted).

### 3. Plaintiffs' statutory larceny claim (Count 3) fails.

Plaintiffs' statutory larceny claim against the Retail Defendants is similarly limited to alleged "aiding and abetting" liability and fails for the lack of an underlying claim. *See id.*; Compl.

¶ 117. Even to the extent Plaintiffs can be found to have a property interest in their personal information, Plaintiffs do not allege that any "personal property" was obtained by the Retail Defendants or AddShoppers through the Retail Defendants' websites. As discussed above, Plaintiffs' entire theory of liability hinges on their allegation that AddShoppers has Plaintiffs' personal information from *other* sources, *see* Compl. ¶ 39, while expressly disclaiming that they provided any personal information to the Retail Defendants, *see id.* ¶¶ 67, 74. Plaintiffs also fail to allege any false representation or pretense to support their statutory larceny claim, which fails for this additional reason. Opp. at 27.

### 4. Plaintiffs' common law invasion of privacy/intrusion claim (Count 9) fails.

Plaintiffs fail to demonstrate that they meet the "high bar" to state a claim for invasion of privacy. *Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1025 (N.D. Cal. 2012). Plaintiffs do not address the line of cases in the Motion establishing that the alleged tracking of web browsing here does not rise to the level of "egregious" invasion of privacy interests required to state a privacy claim. *See* Mot. at 16–17. The cases upon which Plaintiffs rely are distinguishable because they involved the collection of sensitive data or the tracking of data after the defendant represented that such tracking would not occur—none of which is alleged here. *See Brown v. Google LLC*, 2023 WL 5029899, at *20 (N.D. Cal. Aug. 7, 2023) (alleging collection of sensitive browsing activity while in Google's Incognito mode); *Rodriguez v. Google LLC*, 2021 WL 2026726, at *8 (N.D. Cal. May 21, 2021) (noting the "critical fact" that the defendant "represented to the plaintiffs that their information would not be collected, but then proceeded to collect it anyway"). Here, Plaintiffs do not allege any "egregious" invasion of privacy in connection with the admittedly limited visits to the Retail Defendants' websites upon which they base their claims.

## III. CONCLUSION

For all of the reasons stated above and in the Motion, Plaintiffs' claims against the Retail Defendants should be dismissed in their entirety and with prejudice.

Dated: August 31, 2023                                        CLARK HILL LLP

                                                              By  /s/ Myriah Jaworski
                                                                  Myriah Jaworski
                                                                  Chirag H. Patel (*pro hac vice*)

                                                                  Attorneys for Defendant
                                                                  PRESIDIO BRANDS, INC.

Dated: August 31, 2023                                        MORGAN, LEWIS & BOCKIUS LLP

                                                              By  /s/ Joseph Duffy
                                                                  Joseph Duffy
                                                                  Megan A. Suehiro
                                                                  Alexandra M. Gonsman
                                                                  Ezra D. Church (*pro hac vice forthcoming*)

                                                                  Attorneys for Defendant
                                                                  PEET'S COFFEE, INC.

## FILER'S ATTESTATION

Pursuant to Civil L.R. 5-1(i), regarding signatures, I, Myriah Jaworski, attest that concurrence in the filing of this document has been obtained.

Dated: August 31, 2023                                        /s/ Myriah Jaworski
                                                              Myriah Jaworski