**WOMBLE BOND DICKINSON (US) LLP**
TOMIO B. NARITA (SBN 156576)
*Tomio.Narita@wbd-us.com*
JEFFREY A. TOPOR (SBN 195545)
*Jeff.Topor@wbd-us.com*
R. TRAVIS CAMPBELL (SBN 271580)
*Travis.Campbell@wbd-us.com*
DOMINIC J. LUCA (SBN 337702)
*Dominic.Luca@wbd-us.com*
50 California Street, Suite 2750
San Francisco, California 94111
Telephone:  (415) 433-1900
Facsimile:  (415) 433-5530

Attorneys for Defendant
ADDSHOPPERS, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| OATHER MCCLUNG, ABBY LINEBERRY, TERRY MICHAEL COOK and GREG DESSART, individually and on behalf of all others similarly situated, | CASE NO. 3:23-cv-01996-VC-PHK |
| Plaintiff, | **ANSWER TO CLASS ACTION COMPLAINT BY DEFENDANT ADDSHOPPERS, INC.** |
| vs. | |
| ADDSHOPPERS, INC., PRESIDIO BRANDS, INC., PEET'S COFFEE, INC., and JOHN DOE COMPANIES. | |
| Defendants. | |

Defendant ADDSHOPPERS, INC. ("AddShoppers") hereby submits the following Answer to the Class Action Complaint ("Complaint") filed in this action by Plaintiffs OATHER MCCLUNG, ABBY LINEBERRY, TERRY MICHAEL COOK, and GREG DESSART ("Plaintiffs"):

1.      In answering Paragraph 1 of the Complaint, AddShoppers avers that no response is required of it. To the extent a response is required, AddShoppers denies all the allegations in Paragraph 1.

2.      Denied.

3.      In answering Paragraph 3 of the Complaint, AddShoppers admits it operates a service known as SafeOpt.  Except as herein admitted, the remaining allegations of Paragraph 3 are denied.

4.      In answering Paragraph 4 of the Complaint, AddShoppers lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.  Except as herein admitted, the remaining allegations of Paragraph 4 are denied.

5.      Denied.

6.      In answering Paragraph 6 of the Complaint, AddShoppers avers that no response is required due to the Notice of Voluntary Dismissal filed by Plaintiff Oather McClung, Jr.  *See* Dkt. No. 103.

7.      In answering Paragraph 7 of the Complaint, AddShoppers lacks knowledge or information sufficient to form a belief as to whether Plaintiff Abby Lineberry is or was a resident or domiciliary of Fontana in the State of California, and on that basis, it denies the allegations of the paragraph.

8.      In answering Paragraph 8 of the Complaint, AddShoppers lacks knowledge or information sufficient to form a belief as to whether Plaintiff Terry Michael Cook is or was a resident or domiciliary of Seminole in the State of Florida, and on that basis, it denies the allegations of the paragraph.

9.      In answering Paragraph 9 of the Complaint, AddShoppers lacks knowledge or information sufficient to form a belief as to whether Plaintiff Greg Dessart is or was a resident or

domiciliary of Everett in the State of Washington, and on that basis, it denies the allegations of the paragraph.

10.    In answering Paragraph 10 of the Complaint, AddShoppers admits that it is a Delaware corporation with its place of business located at 15806 Brookway Dr. Suite 200, Huntersville, NC 28078. AddShoppers admits that it has, at times, conducted business in California and throughout the United States. Except as herein admitted, the remaining allegations of Paragraph 10 are denied.

11.    In answering Paragraph 11 of the Complaint, AddShoppers lacks knowledge or information sufficient to form a belief as to the truth of the allegations directed at other defendants, and on that basis, denies the allegations.

12.    In answering Paragraph 12 of the Complaint, AddShoppers lacks knowledge or information sufficient to form a belief as to the truth of the allegations directed at other defendants, and on that basis, denies the allegations.

13.    In answering Paragraph 13 of the Complaint, AddShoppers avers that no response is required of it because the Court has dismissed the alleged "John Doe Defendants" from this action. *See* Dkt. No. 89.

14.    In answering Paragraph 14 of the Complaint, AddShoppers admits Plaintiffs have alleged that subject matter jurisdiction arises under the Class Action Fairness Act, 28 U.S.C. § 1332(d).  Except as herein admitted, the remaining allegations of Paragraph 14 are denied.

15.    In answering Paragraph 15 of the Complaint, AddShoppers lacks knowledge or information sufficient to form a belief as to the truth of the allegations directed at other defendants, and on that basis, denies the allegations.

16.    In answering Paragraph 16 of the Complaint, AddShoppers denies that this Court has personal jurisdiction over AddShoppers.

17.    Denied.

18.    In answering Paragraph 18 of the Complaint, AddShoppers avers that no response is required of it because the Court has dismissed the alleged "John Doe Defendants" from this action. *See* Dkt. No. 89.

19.    Denied.

20.    In answering Paragraph 20 of the Complaint, AddShoppers admits that the SafeOpt service is available to individuals and businesses. Except as herein admitted, the remaining allegations of Paragraph 20 are denied.

21.    In answering Paragraph 21 of the Complaint, AddShoppers admits that as of the time of this response, the SafeOpt Homepage, available at https://www.safeopt.com/ correctly states: "SafeOpt® is a free service that sends you Verified Offers while you shop from thousands of participating brands to help save you time & money.  We've designed SafeOpt® to protect your data and give you control over your information."  Except as herein admitted, the remaining allegations of Paragraph 21 are denied.

22.    In answering Paragraph 22 of the Complaint, AddShoppers admits that as of the time of this response, a portion of the SafeOpt Frequently Asked Questions, available at https://www.safeopt.com/ correctly states: "When you enter your email and join SafeOpt®, our technology makes note of the device you're using and generates a secure anonymous ID. When one of our brand partners that also has our technology installed on their website sees your device, they know to show your ID promotions and offers not generally available to the broader public. No more (expired!) promo code hunting and things to install – just a seamless shopping experience with delightful surprises for you!" Except as herein admitted, the remaining allegations of Paragraph 22 are denied.

23.    In answering Paragraph 23 of the Complaint, AddShoppers responds that the contents of the referenced webpage are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 23 are denied.

24.    In answering Paragraph 24 of the Complaint, AddShoppers responds that the contents of the referenced webpage are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 24 are denied.

25.    In answering Paragraph 25 of the Complaint, AddShoppers responds that the contents of the referenced webpage are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 25 are denied.

26.     In answering Paragraph 26 of the Complaint, AddShoppers responds that the contents of the referenced webpage are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 26 are denied.

27.     Denied.

28.     In answering Paragraph 28 of the Complaint, AddShoppers admits the SafeOpt Terms of Use Effective Date: May 12, 2021, available at https://www.safeopt.com/terms correctly states: "You affirm that your privacy policy, your terms of service, or any other similar agreement permit you to share its 'User Data', which is the limited data collected by SafeOpt technology from the Authorized Users related to such Authorized Users' web browsing as a result of services rendered to you, as well as user opt-in consent to share the User Data with SafeOpt." Except as herein admitted, the remaining allegations of Paragraph 28 are denied.

29.     In answering Paragraph 29 of the Complaint, AddShoppers responds that the contents of the referenced webpage are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 29 are denied.

30.     In answering Paragraph 30 of the Complaint, AddShoppers responds that the contents of the webpage referenced at footnote 6 of the Complaint are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 30 are denied.

31.     Denied.

32.     Denied.

33.     In answering Paragraph 33 of the Complaint, AddShoppers avers that the contents of the materials cited in footnote 7 of the Complaint are self-explanatory.  Except as herein admitted, the remaining allegations of Paragraph 33 are denied.

34.     In answering Paragraph 34 of the Complaint, AddShoppers avers that the contents of the materials cited in footnote 8 of the Complaint are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 34 are denied.

35.     In answering Paragraph 35 of the Complaint, AddShoppers avers that the materials on the use of cookies located at https://www.cloudflare.com/learning/privacy/what-are-

cookies/ are self-explanatory.  Except as herein admitted, the remaining allegations of Paragraph 35 are denied.

36.    In answering Paragraph 36 of the Complaint, AddShoppers avers that the materials discussing the use of first-party cookies and third-party cookies available at https://clearcode.cc/blog/difference-between-first-party-cookies-/#first-party-cookies are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 36 are denied.

37.    In answering Paragraph 37 of the Complaint, AddShoppers avers that no response to the allegations of this paragraph is required of it. To the extent a response is required, the allegations are denied.

38.    In answering Paragraph 38 of the Complaint, AddShoppers admits that companies that work with AddShoppers install AddShoppers' code on their website.  Except as herein admitted, the remaining allegations of Paragraph 38 are denied.

39.    Denied.

40.    In answering Paragraph 40 of the Complaint, AddShoppers avers that no response to the allegations of this paragraph is required of it. To the extent a response is required, the allegations are denied.

41.    In answering Paragraph 41 of the Complaint, AddShoppers lacks knowledge sufficient to confirm the authenticity of the material cited in the Complaint, and on that basis denies the allegations.

42.    In answering Paragraph 42 of the Complaint, AddShoppers responds that the contents of the webpage referenced at footnote 12 of the Complaint are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 42 are denied.

43.    Denied.

44.    In answering Paragraph 44 of the Complaint, AddShoppers responds that the contents of the webpage referenced at footnote 14 of the Complaint are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 44 are denied.

45.    Denied.

46.    Denied.

47.     Denied.

48.     In answering Paragraph 48 of the Complaint, AddShoppers responds that the contents of the webpage referenced at footnote 17 of the Complaint are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 48 are denied.

49.     In answering Paragraph 49 of the Complaint, AddShoppers lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, denies them.

50.     Denied.

51.     Denied.

52.     In answering Paragraph 52 of the Complaint, AddShoppers avers that this paragraph states legal conclusions regarding the alleged contents of California Civil Code § 1798.110 to which no response is required.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     In answering Paragraph 57 of the Complaint, AddShoppers avers that no response is required due to the Notice of Voluntary Dismissal filed by Plaintiff Oather McClung, Jr. *See* Dkt. No. 103.

58.     In answering Paragraph 58 of the Complaint, AddShoppers avers that no response is required due to the Notice of Voluntary Dismissal filed by Plaintiff Oather McClung, Jr. *See* Dkt. No. 103.

59.     In answering Paragraph 59 of the Complaint, AddShoppers avers that no response is required due to the Notice of Voluntary Dismissal filed by Plaintiff Oather McClung, Jr. *See* Dkt. No. 103.

60.     In answering Paragraph 60 of the Complaint, AddShoppers avers that no response is required due to the Notice of Voluntary Dismissal filed by Plaintiff Oather McClung, Jr. *See* Dkt. No. 103.

61.    In answering Paragraph 61 of the Complaint, AddShoppers avers that no response is required due to the Notice of Voluntary Dismissal filed by Plaintiff Oather McClung, Jr. *See* Dkt. No. 103.

62.    In answering Paragraph 62 of the Complaint, AddShoppers lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies them.

63.    Denied.

64.    In answering Paragraph 64 of the Complaint, AddShoppers lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies them.

65.    In answering Paragraph 65 of the Complaint, AddShoppers lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies them.

66.    In answering Paragraph 66 of the Complaint, AddShoppers lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies them.

67.    In answering Paragraph 67 of the Complaint, AddShoppers lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies them.

68.    Denied.

69.    In answering Paragraph 69 of the Complaint, AddShoppers lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies them.

70.    In answering Paragraph 70 of the Complaint, AddShoppers lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies them.

71.     In answering Paragraph 71 of the Complaint, AddShoppers lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies them.

72.     In answering Paragraph 72 of the Complaint, AddShoppers lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies them.

73.     In answering Paragraph 73 of the Complaint, AddShoppers lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies them.

74.     In answering Paragraph 74 of the Complaint, AddShoppers lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies them.

75.     In answering Paragraph 75 of the Complaint, AddShoppers lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies them.

76.     Denied.

77.     Denied.

78.     AddShoppers incorporates by reference Paragraphs 1 through 77 of this Answer as if fully stated herein.

79.     In answering Paragraph 79 of the Complaint, AddShoppers denies the allegations and denies that any class may be maintained in this action consistent with the requirements of Rule 23 of the Federal Rules of Civil Procedure.

80.     In answering Paragraph 80 of the Complaint, AddShoppers denies the allegations and denies that any class may be maintained in this action consistent with the requirements of Rule 23 of the Federal Rules of Civil Procedure.

81.     In answering Paragraph 81 of the Complaint, AddShoppers denies the allegations and denies that any class may be maintained in this action consistent with the requirements of Rule 23 of the Federal Rules of Civil Procedure.

82.     In answering Paragraph 82 of the Complaint, AddShoppers denies the allegations and denies that any class may be maintained in this action consistent with the requirements of Rule 23 of the Federal Rules of Civil Procedure.

83.     In answering Paragraph 83 of the Complaint, AddShoppers denies the allegations and denies that any class may be maintained in this action consistent with the requirements of Rule 23 of the Federal Rules of Civil Procedure.

84.     In answering Paragraph 84 of the Complaint, AddShoppers denies the allegations and denies that any class may be maintained in this action consistent with the requirements of Rule 23 of the Federal Rules of Civil Procedure.

85.     In answering Paragraph 85 of the Complaint, AddShoppers denies the allegations and denies that any class may be maintained in this action consistent with the requirements of Rule 23 of the Federal Rules of Civil Procedure.

86.     In answering Paragraph 86 of the Complaint, AddShoppers denies the allegations and denies that any class may be maintained in this action consistent with the requirements of Rule 23 of the Federal Rules of Civil Procedure.

87.     In answering Paragraph 87 of the Complaint, AddShoppers denies the allegations and denies that any class may be maintained in this action consistent with the requirements of Rule 23 of the Federal Rules of Civil Procedure.

88.     AddShoppers incorporates by reference Paragraphs 1 through 87 of this Answer as if fully stated herein.

89.     In answering Paragraph 89 of the Complaint, AddShoppers denies the allegations and denies that any class may be maintained in this action consistent with the requirements of Rule 23 of the Federal Rules of Civil Procedure.

90.     In answering Paragraph 90 of the Complaint, AddShoppers avers that this paragraph states legal conclusions regarding the alleged contents of Section 631(a) of the California Penal Code as to which no response is required.

91.    In answering Paragraph 91 of the Complaint, AddShoppers avers that this paragraph states legal conclusions regarding the alleged contents of Section 631(a) of the California Penal Code as to which no response is required.

92.    Denied.

93.    Denied.

94.    Denied.

95.    Denied.

96.    In answering Paragraph 96 of the Complaint, AddShoppers denies the allegations and denies that any class may be maintained in this action consistent with the requirements of Rule 23 of the Federal Rules of Civil Procedure.

97.    AddShoppers incorporates by reference Paragraphs 1 through 96 of this Answer as if fully stated herein.

98.    In answering Paragraph 98 of the Complaint, AddShoppers denies the allegations and denies that any class may be maintained in this action consistent with the requirements of Rule 23 of the Federal Rules of Civil Procedure.

99.    Denied.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Denied.

105.    In answering Paragraph 105 of the Complaint, AddShoppers avers that it contains legal conclusions regarding the alleged contents of Section 502(b)(1) of the California Penal Code as to which no response is required.

106.    Denied.

107.    Denied.

108.    Denied.

109.    In answering Paragraph 109 of the Complaint, AddShoppers denies the allegations and denies that any class may be maintained in this action consistent with the requirements of Rule 23 of the Federal Rules of Civil Procedure.

110.    In answering Paragraph 110 of the Complaint, AddShoppers denies the allegations and denies that any class may be maintained in this action consistent with the requirements of Rule 23 of the Federal Rules of Civil Procedure.

111.    In answering Paragraph 111 of the Complaint, AddShoppers avers that no response is required because the Court issued an Order dismissing this claim and Plaintiffs did not amend it. *See* Dkt. No. 89.

112.    In answering Paragraph 112 of the Complaint, AddShoppers avers that no response is required because the Court issued an Order dismissing this claim and Plaintiffs did not amend it. *See* Dkt. No. 89.

113.    In answering Paragraph 113 of the Complaint, AddShoppers avers that no response is required because the Court issued an Order dismissing this claim and Plaintiffs did not amend it. *See* Dkt. No. 89.

114.    In answering Paragraph 114 of the Complaint, AddShoppers avers that no response is required because the Court issued an Order dismissing this claim and Plaintiffs did not amend it. *See* Dkt. No. 89.

115.    In answering Paragraph 115 of the Complaint, AddShoppers avers that no response is required because the Court issued an Order dismissing this claim and Plaintiffs did not amend it. *See* Dkt. No. 89.

116.    In answering Paragraph 116 of the Complaint, AddShoppers avers that no response is required because the Court issued an Order dismissing this claim and Plaintiffs did not amend it. *See* Dkt. No. 89.

117.    In answering Paragraph 117 of the Complaint, AddShoppers avers that no response is required because the Court issued an Order dismissing this claim and Plaintiffs did not amend it. *See* Dkt. No. 89.

118.    In answering Paragraph 118 of the Complaint, AddShoppers avers that no response is required because the Court issued an Order dismissing this claim and Plaintiffs did not amend it. *See* Dkt. No. 89.

119.    In answering Paragraph 119 of the Complaint, AddShoppers avers that no response is required because the Court issued an Order dismissing this claim and Plaintiffs did not amend it. *See* Dkt. No. 89.

120.    In answering Paragraph 120 of the Complaint, AddShoppers avers that no response is required because the Court issued an Order dismissing this claim and Plaintiffs did not amend it. *See* Dkt. No. 89.

121.    In answering Paragraph 121 of the Complaint, AddShoppers avers that no response is required because the Court issued an Order dismissing this claim and Plaintiffs did not amend it. *See* Dkt. No. 89.

122.    In answering Paragraph 122 of the Complaint, AddShoppers avers that no response is required because the Court issued an Order dismissing this claim and Plaintiffs did not amend it. *See* Dkt. No. 89.

123.    AddShoppers incorporates by reference Paragraphs 1 through 122 of this Answer as if fully stated herein.

124.    In answering Paragraph 124 of the Complaint, AddShoppers denies the allegations and denies that any class may be maintained in this action consistent with the requirements of Rule 23 of the Federal Rules of Civil Procedure.

125.    In answering Paragraph 125 of the Complaint, AddShoppers avers that it contains legal conclusions regarding the alleged contents of section 17200 of the California Business and Professions Code as to which no response is required.

126.    Denied.

127.    Denied.

128.    Denied.

129.    Denied.

130.    Denied.

1    131.    Denied.

2    132.    Denied.

3    133.    In answering Paragraph 133 of the Complaint, AddShoppers avers that it contains

4  legal conclusions regarding the alleged contents of section 17204 of the California Business and

5  Professions Code as to which no response is required.

6    134.    Denied.

7    135.    Denied.

8    136.    In answering Paragraph 136 of the Complaint, AddShoppers denies the

9  allegations and denies that any class may be maintained in this action consistent with the

10  requirements of Rule 23 of the Federal Rules of Civil Procedure.

11    137.    AddShoppers incorporates by reference Paragraphs 1 through 136 of this Answer

12  as if fully stated herein.

13    138.    In answering Paragraph 138 of the Complaint, AddShoppers avers that no

14  response is required because Plaintiffs voluntarily dismissed this claim. *See* Dkt. No. 60.

15    139.    In answering Paragraph 139 of the Complaint, AddShoppers avers that no

16  response is required because Plaintiffs voluntarily dismissed this claim. *See* Dkt. No. 60.

17    140.    AddShoppers incorporates by reference Paragraphs 1 through 139 of this Answer

18  as if fully stated herein.

19    141.    In answering Paragraph 141 of the Complaint, AddShoppers avers that no

20  response is required because the Court issued an Order dismissing this claim and Plaintiffs did

21  not amend it. *See* Dkt. No. 89.

22    142.    In answering Paragraph 142 of the Complaint, AddShoppers avers that no

23  response is required because the Court issued an Order dismissing this claim and Plaintiffs did

24  not amend it. *See* Dkt. No. 89.

25    143.    In answering Paragraph 143 of the Complaint, AddShoppers avers that no

26  response is required because the Court issued an Order dismissing this claim and Plaintiffs did

27  not amend it. *See* Dkt. No. 89.

28

144.    In answering Paragraph 144 of the Complaint, AddShoppers avers that no response is required because the Court issued an Order dismissing this claim and Plaintiffs did not amend it. *See* Dkt. No. 89.

145.    In answering Paragraph 145 of the Complaint, AddShoppers avers that no response is required because the Court issued an Order dismissing this claim and Plaintiffs did not amend it. *See* Dkt. No. 89.

146.    AddShoppers incorporates by reference Paragraphs 1 through 145 of this Answer as if fully stated herein.

147.    In answering Paragraph 147 of the Complaint, AddShoppers avers that no response is required because the Court issued an Order dismissing this claim and Plaintiffs did not amend it. *See* Dkt. No. 89.

148.    In answering Paragraph 148 of the Complaint, AddShoppers avers that no response is required because the Court issued an Order dismissing this claim and Plaintiffs did not amend it. *See* Dkt. No. 89.

149.    In answering Paragraph 149 of the Complaint, AddShoppers avers that no response is required because the Court issued an Order dismissing this claim and Plaintiffs did not amend it. *See* Dkt. No. 89.

150.    In answering Paragraph 150 of the Complaint, AddShoppers avers that no response is required because the Court issued an Order dismissing this claim and Plaintiffs did not amend it. *See* Dkt. No. 89.

151.    In answering Paragraph 151 of the Complaint, AddShoppers avers that no response is required because the Court issued an Order dismissing this claim and Plaintiffs did not amend it. *See* Dkt. No. 89.

152.    In answering Paragraph 152 of the Complaint, AddShoppers avers that no response is required because the Court issued an Order dismissing this claim and Plaintiffs did not amend it. *See* Dkt. No. 89.

153.    In answering Paragraph 153 of the Complaint, AddShoppers avers that no response is required because the Court issued an Order dismissing this claim and Plaintiffs did not amend it. *See* Dkt. No. 89.

154.    In answering Paragraph 154 of the Complaint, AddShoppers avers that no response is required because the Court issued an Order dismissing this claim and Plaintiffs did not amend it. *See* Dkt. No. 89.

155.    AddShoppers incorporates by reference Paragraphs 1 through 154 of this Answer as if fully stated herein.

156.    In answering Paragraph 156 of the Complaint, AddShoppers avers that no response is required because the Court issued an Order dismissing this claim and Plaintiffs did not amend it. *See* Dkt. No. 89.

157.    In answering Paragraph 157 of the Complaint, AddShoppers avers that no response is required because the Court issued an Order dismissing this claim and Plaintiffs did not amend it. *See* Dkt. No. 89.

158.    In answering Paragraph 158 of the Complaint, AddShoppers avers that no response is required because the Court issued an Order dismissing this claim and Plaintiffs did not amend it. *See* Dkt. No. 89.

159.    In answering Paragraph 159 of the Complaint, AddShoppers avers that no response is required because the Court issued an Order dismissing this claim and Plaintiffs did not amend it. *See* Dkt. No. 89.

160.    In answering Paragraph 160 of the Complaint, AddShoppers avers that no response is required because the Court issued an Order dismissing this claim and Plaintiffs did not amend it. *See* Dkt. No. 89.

161.    AddShoppers incorporates by reference Paragraphs 1 through 160 of this Answer as if fully stated herein.

162.    In answering Paragraph 162 of the Complaint, AddShoppers avers that no response is required because the Court issued an Order dismissing this claim and Plaintiffs did not amend it. *See* Dkt. No. 89.

163.    In answering Paragraph 163 of the Complaint, AddShoppers avers that no response is required because the Court issued an Order dismissing this claim and Plaintiffs did not amend it. *See* Dkt. No. 89.

164.    In answering Paragraph 164 of the Complaint, AddShoppers avers that no response is required because the Court issued an Order dismissing this claim and Plaintiffs did not amend it. *See* Dkt. No. 89.

165.    In answering Paragraph 165 of the Complaint, AddShoppers avers that no response is required because the Court issued an Order dismissing this claim and Plaintiffs did not amend it. *See* Dkt. No. 89.

166.    In answering Paragraph 166 of the Complaint, AddShoppers avers that no response is required because the Court issued an Order dismissing this claim and Plaintiffs did not amend it. *See* Dkt. No. 89.

167.    In answering Paragraph 167 of the Complaint, AddShoppers avers that no response is required because the Court issued an Order dismissing this claim and Plaintiffs did not amend it. *See* Dkt. No. 89.

168.    In answering Paragraph 168 of the Complaint, AddShoppers avers that no response is required because the Court issued an Order dismissing this claim and Plaintiffs did not amend it. *See* Dkt. No. 89.

169.    In answering Paragraph 169 of the Complaint, AddShoppers avers that no response is required because the Court issued an Order dismissing this claim and Plaintiffs did not amend it. *See* Dkt. No. 89.

170.    In answering Paragraph 170 of the Complaint, AddShoppers avers that no response is required because the Court issued an Order dismissing this claim and Plaintiffs did not amend it. *See* Dkt. No. 89.

## PRAYER FOR RELIEF

AddShoppers denies that Plaintiffs or the proposed class are entitled to any relief in this action.

**DEMAND FOR TRIAL BY JURY**

AddShoppers admits that Plaintiffs purport to demand a trial by jury of all issues so triable.

**AFFIRMATIVE DEFENSES**

As and for separate affirmative defenses to the Complaint, AddShoppers alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**

**(Consent)**

The Complaint, and each cause of action stated therein, is barred in whole or in part because Plaintiffs consented to the receipt and use of the information at issue.

**SECOND AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

Plaintiffs, although under a legal obligation to do so, have failed to take reasonable steps to mitigate any alleged damages that they may have and are therefore barred from recovering damages, if any, from AddShoppers.

**THIRD AFFIRMATIVE DEFENSE**

**(No Willful Conduct)**

AddShoppers acted in good faith at all times in its dealings with Plaintiffs, and if any conduct by AddShoppers is found to be unlawful, which AddShoppers expressly denies, such conduct was not willful and should not give rise to liability.

**FOURTH AFFIRMATIVE DEFENSE**

**(Arbitration)**

AddShoppers alleges on information and belief that Plaintiffs' claims are subject to a written agreement that allows either party to request that disputes be submitted to binding arbitration. AddShoppers therefore reserves the right to compel Plaintiff's claim to arbitration and to seek a stay of this action pending arbitration.

**FIFTH AFFIRMATIVE DEFENSE**

**(Equitable Indemnity)**

To the extent Plaintiffs have suffered any damage as a result of any alleged act or omission of AddShoppers, which AddShoppers denies, AddShoppers is entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

**SIXTH AFFIRMATIVE DEFENSE**

**(Apportionment)**

Without admitting that any damages exist, if damages were suffered by Plaintiffs as alleged in the Complaint, those damages were proximately caused by and contributed to by persons other than AddShoppers. The liability, if any exists, of AddShoppers and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of AddShoppers should be reduced accordingly.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations/Laches)**

The Complaint, and each cause of action stated therein, is barred, in whole or in part, by the applicable statutes of limitations and/or by the equitable doctrine of laches to the extent Plaintiffs became aware of the conduct alleged in their Complaint and did not act upon that awareness or exercise sufficient diligence within the required time period.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Adequate Remedy at Law)**

To the extent that Plaintiffs are entitled to any relief, Plaintiffs are not entitled to any equitable relief because they have an adequate remedy at law.

**NINTH AFFIRMATIVE DEFENSE**

**(Lack of Standing – UCL, California Business & Professions Code § 17200, *et seq.*)**

Plaintiffs lack standing to bring their UCL claim because they have failed to adequately allege that they have suffered "lost money or property" under California Business & Professions Code § 17204.

### TENTH AFFIRMATIVE DEFENSE

### (Party to Communication – CIPA, Cal. Penal Code § 631, *et seq.*)

Plaintiff's claims under California Penal Code §§ 631, et seq., and those of the purported classes, are barred in whole or in part, to the extent that AddShoppers was a party to the communications alleged by Plaintiffs.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Consent – CIPA, Cal. Penal Code §§ 631, *et seq.*)

Plaintiffs' claims under California Penal Code § 631, et seq., and those of the purported classes, are barred in whole or in part, because the parties to the communications alleged in the Complaint (i.e., Plaintiffs and third-party websites) consented to those communications.

### TWELFTH AFFIRMATIVE DEFENSE

### (Permission – CDAFA, Cal. Penal Code § 502(c), *et seq.*)

Plaintiffs' claims under California Penal Code § 502(c), and those of the purported classes, are barred in whole or in part, because AddShoppers did not act "without permission."

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Lack of Article III Standing)

Plaintiffs and the purported class members have not suffered injury in fact because of any alleged conduct by AddShoppers, and therefore Plaintiffs and the purported class members lack standing to assert a claim under Article III.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Lack of Personal Jurisdiction)

AddShoppers alleges this Court lacks personal jurisdiction to hear this dispute and has filed a Motion for Leave to Appeal Order on Motion to Dismiss Pursuant to 28 U.S.C. § 1292(b). *See* Dkt. No. 100.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Extraterritoriality)**

California courts have long acknowledged a general presumption against the extraterritorial application of state laws. The claims of Plaintiffs and the purported class are barred in whole or in part as to conduct which occurred wholly outside of California.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(No Wiretap)**

Plaintiffs' claims and those of the purported class, are barred in whole or in part, because AddShoppers does not read or attempt to read or learn the contents or meaning of any message, report, or communication while the same is in transit, or passing over any wire, line or cable, or is being sent from, or received at any place within California.

WHEREFORE, AddShoppers requests judgment as follows:

1.      That Plaintiffs take nothing by the Complaint, which should be dismissed with prejudice

2.      That AddShoppers recover from Plaintiff costs according to proof.

3.      That AddShoppers recover attorneys' fees according to proof.

4.      That the Court orders such other further reasonable relief as the Court may deem just and proper.

Respectfully submitted,

DATED: February 26, 2024          WOMBLE BOND DICKINSON (US) LLP
                                  TOMIO B. NARITA
                                  JEFFREY A. TOPOR
                                  R. TRAVIS CAMPBELL
                                  DOMINIC J. LUCA

                        By:   */s/ Dominic J. Luca*
                                  Dominic J. Luca
                                  Attorneys for Defendant AddShoppers, Inc.