UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OATHER MCCLUNG, et al.,<br><br>       Plaintiffs,<br><br>    v.<br><br>ADDSHOPPER, INC., et al.,<br><br>       Defendants. | Case No. 23-cv-01996-VC<br><br>**ORDER DENYING MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL**<br><br>Re: Dkt. No. 100 |

       The motion to certify an interlocutory appeal of the Court's order on the motions to dismiss is denied. Even where the statutory factors are met, district courts have discretion to decide whether certification is appropriate. *Villarreal v. Caremark LLC*, 85 F. Supp. 3d 1063, 1068 (D. Ariz. 2015). The statute permitting interlocutory review "was not intended merely to provide review of difficult rulings in hard cases." *United States Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1996). That's all we have here.

       Months ago, in *Briskin v. Shopify, Inc.*, 87 F.4th 404 (9th Cir. 2023), a panel of the Ninth Circuit provided important guidance to district courts about "the personal jurisdiction inquiry in cases … based on the extraction of consumer data." *Id.* at 416. The panel stated that its opinion did "not suggest that the extraction and retention of consumer data can never qualify as express aiming." *Id.* at 423. Rather, the *Briskin* panel emphasized that personal jurisdiction is a "fact-intensive" inquiry, and that "the nature and structure of a defendant's business can affect the personal jurisdiction analysis." *Id.* Applying *Briskin*'s framework to the plaintiffs' allegations against AddShoppers certainly presented a difficult question. As will many future cases involving defendants who are being sued over internet-based activities and data extraction. But the Court of Appeals cannot hear a case every time a court finds personal jurisdiction post-

*Briskin*, simply because other district courts have found a lack of personal jurisdiction on other facts. *See, e.g.*, *Doe v. FullStory*, No. 23-cv-00059-WHO, 2024 WL 188101, *9–11 (N.D. Cal. Jan. 17, 2024); *Kauffman v. Home Depot, Inc.*, No. 23-cv-0259-AGS-AHG, 2024 WL 221434, *1–3 (S.D. Cal. Jan. 1, 2024); *Martin v. Outdoor Network LLC*, No. 23-cv-09807-AB-AJR, 2024 WL 661173, at *2–5.

**IT IS SO ORDERED.**

Dated: March 26, 2024

VINCE CHHABRIA
United States District Judge

2