**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ABBY LINEBERRY, TERRY MICHAEL COOK and GREG DESSART, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ADDSHOPPERS, INC., PRESIDIO BRANDS, INC., and PEET'S COFFEE, INC.,<br><br>Defendants. | Case No. 3:23-cv-01996-VC-PHK<br><br>~~STIPULATED~~ **ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATON** |

1. **PURPOSE**

    This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

2. **COOPERATION**

    The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

3. **LIAISON**

    The parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI. Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

4. **PRESERVATION**

    The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs

and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

   a) The parties will agree upon a date limitation for the preservation of ESI;
   b) The parties will agree upon a list of the types of ESI they believe should be preserved and the custodians, or general job titles or descriptions of custodians, for whom they believe ESI should be preserved, e.g., "HR head," "scientist," and "marketing manager." The parties shall add or remove custodians as reasonably necessary;
   c) The parties have agreed/will agree on the number of custodians per party for whom ESI will be preserved;
   d) The parties agree that generally, these sources of data are not reasonably accessible and need not be preserved:
      1. Deleted, slack, fragmented or unallocated data only accessible by forensics.
      2. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling operating systems.
      3. Data in metadata fields that are frequently updated automatically without end user intervention, including, but not limited to: last-opened dates and times and last printed dates and times.
      4. Dynamic fields in databases or log files not stored or retained in the usual course of business.
      5. Information created or copied during the routine, good-faith performance of processes for the deployment, maintenance, retirement and/or disposition of computer equipment by the party, to the extent such information is duplicative of information that resides in a reasonably accessible data source.
      6. Systems no longer in use that cannot be accessed.

**5. SEARCH**

a. The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

b. The producing party will disclose to the receiving party if they intend to use Technology Assisted Review ("TAR") or Generative Artificial Intelligence (e.g., Relativity aiR) to filter out non-responsive documents. The parties will meet and confer in good faith regarding the use of such technologies.

c. The parties will meet and confer in good faith regarding custodians. Each party will list proposed document custodians and non-custodial sources (e.g., centralized document sources other than an individual document custodian's files) reflecting those employees or sources most

likely to have non-duplicative information and/or documents responsive to an agreed-upon or Court-ordered scope of Rule 34 Requests.

    d. Deduplication of ESI is expected. A producing party shall de-duplicate ESI globally across the population of records (based on MD5 or SHA-1 hash values at the parent level, or other industry standard hash values). Attachments should not be eliminated as duplicates for purposes of production, unless the parent email and all attachments are also duplicates. The ALL CUSTODIANS metadata field shall be updated to state all custodians for any document that has been deduplicated.

**6. PRODUCTION FORMATS**

The parties agree to produce documents in the format described in Appendix 1 of this Order. If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents as part of the document production process.

**7. PHASING**

When a party propounds discovery requests under Fed. R. Civ. P. 34, the parties agree to phase the production of ESI by producing documents on a rolling basis. Following the initial production, the parties will continue to prioritize the order of later productions.

**8. DOCUMENTS PROTECTED FROM DISCOVERY**

    a) The Parties recognize that some documents may be redacted or withheld on the grounds of attorney-client privilege, work-product doctrine, common interest/joint defense or other recognized protections from disclosure (collectively, "privilege"). The parties agree that documents within responsive families withheld due to privilege should be replaced with a slipsheet that says, "Document Withheld for Privilege" such that the production remains family complete. Complete families of documents withheld entirely for privilege shall not be slip-sheeted. For documents withheld from production pursuant to a claim of attorney-client privilege, work product protection or other applicable privilege or immunity, the designating party shall produce one or more privilege logs in Excel or a similar electronic form that allows text searching and organization of data. The designating party shall produce a privilege log within 45 days following the production of documents from which the privileged documents are withheld. The final privilege log shall be produced no later than 21 days before the close of discovery.

    b. Privilege logs will include the privilege claimed, a description of the document that is reasonably sufficient to enable other parties to assess the privilege claim and

    designated objective metadata fields to the extent they contain information, and the information is not privileged or protected. Designated objective metadata fields are: Author, From, To, CC, BCC, Date, Email Subject, File Name and File Extension. Legal personnel shall be identified by adding and asterisk before or after their names in the privilege log or by identifying such personnel on an accompanying list.

  c. When there is a document comprised of a chain of privileged emails among the same participants and discussing the same subject matter, the producing party need include only one entry on the privilege log. If, however, the participants or subject matter change in the course of the chain, a new entry will be required on the privilege log.

  d. Under Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery here or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents here as part of a mass production is not itself a waiver here or in any other federal or state proceeding.

  e) Privilege logs need not include:

      1. Communications involving outside counsel on or after April 24, 2023, regarding this litigation.

      2. Documents created by outside counsel in anticipation of this litigation after the filing of a plaintiff's original complaint.

      3. Redactions from produced documents, provided the reason for the redaction appears on the redaction label and the unredacted portion of the document contains content that allows other parties to assess the claim of privilege.

**9. PROCESSING OF NON-PARTY DOCUMENTS**

a. A party that issues a non-Party subpoena ("Issuing Party") must include a copy of this Order with the subpoena and request that the non-Party produce documents in accordance with the specifications set forth here.

b. The Issuing Party is responsible for producing to all other Parties any document(s) obtained pursuant to a subpoena to any non-Party in the form in which the document(s) was/were produced by the non-Party. Productions by a non-Party should be produced by the Issuing Party to all other Parties within ten calendar days of the non-Party's production to the Issuing Party.

**10. MODIFICATION**

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

**IT IS SO STIPULATED**, through Counsel of Record.

| | |
|---|---|
| Dated: August 20, 2024 | Respectfully submitted, |

*/s/ Kasey A. Youngentob*
**STUEVE SIEGEL HANSON LLP**
Norman E. Siegel
J. Austin Moore
Kasey A. Youngentob

**GIBBS LAW GROUP LLP**
David M. Berger

*Attorneys for Plaintiffs and the Proposed Classes*

*/s/ Tomio B. Narita*
**WOMBLE BOND DICKINSON (US) LLP**
Tomio B. Narita
Jeffrey A. Topor

*Attorneys for Defendant AddShoppers, Inc.*

*/s/ Myriah Jaworski*
**CLARK HILL LLP**
Myriah Jaworski
Chirag H. Patel

*Attorneys for Defendant Presidio Brands, Inc.*
*/s/ Megan A. Suehiro*
**MORGAN, LEWIS & BOCKIUS LLP**
Joseph Duffy
Megan A. Suehiro
Alexandra M. Gonsman
Ezra D. Church

*Attorneys for Defendant Peet's Coffee, Inc.*

**FILER'S ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3), regarding signatures, I, Kasey A. Youngentob, attest that concurrence in the filing of this document has been obtained.

DATED: August 20, 2024                  /s/ *Kasey A. Youngentob*
                                        Kasey A. Youngentob


**IT IS ORDERED** that the forgoing Agreement is

approved. Dated: 8/21/2024            _____
                                       UNITED STATES ~~DISTRICT~~/MAGISTRATE JUDGE