David M. Berger (SBN 277526)
**GIBBS LAW GROUP LLP**
1111 Broadway, Suite 2100
Oakland, California 94607
Telephone: (510) 350-9713
Facsimile: (510) 350-9701
dmb@classlawgroup.com

Norman E. Siegel (*pro hac vice*)
J. Austin Moore (*pro hac vice*)
Kasey Youngentob (*pro hac vice*)
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
(816) 714-7100 (tel.)
siegel@stuevesiegel.com
moore@stuevesiegel.com
youngentob@stuevesiegel.com

*ATTORNEYS FOR PLAINTIFFS*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ABBY LINEBERRY, TERRY MICHAEL COOK and GREG DESSART, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ADDSHOPPERS, INC., PRESIDIO BRANDS, INC., and PEET'S COFFEE, INC.,<br><br>Defendants. | Case No. 3:23-cv-01996-VC<br><br>**JOINT REQUEST FOR APPROVAL OF PLAINTIFF DESSART'S PRE-CERTIFICATION INDIVIDUAL SETTLEMENT AND DISMISSAL OF HIS INDIVIDUAL CLAIMS WITH PREJUDICE AND DISMISSAL OF CLASS CLAIMS AGAINST PRESIDIO BRANDS, INC. WITHOUT PREJUDICE; AND [~~PROPOSED~~] ORDER** |

**I.      Introduction**

Plaintiff Greg Dessart and Defendant Presidio Brands, Inc. ("Presidio") jointly request approval of their individual pre-certification settlement. They also request an order dismissing Plaintiff Dessart's individual claims with prejudice and the putative class claims against Presidio without prejudice. Because unnamed class members will not be prejudiced by the settlement, dismissal should be without notice. Moreover, the class is still represented by two class representatives for claims against AddShoppers, Inc.

**II.     Factual Background and Procedural History**

On April 24, 2023, Plaintiffs Oather McClung, Jr., Abby Lineberry, Terry Michael Cook, and Greg Dessart sued AddShoppers and the retail defendants, alleging the use of AddShoppers' technology on retail websites in violation of various privacy statutes. After the Court dismissed Plaintiff Dessart's claims against Presidio, his only surviving claim against the retailer was for an aiding and abetting theory of liability under the California Data Access and Fraud Act (CDAFA). *McClung v. AddShopper, Inc.*, 2024 WL 189006 (N.D. Cal. Jan. 17, 2024). The Parties have participated in discovery in the months that have followed the Court's decision which has allowed them to evaluate the respective merits of the claims.

**III.    The Pre-Certification Settlement**

The Parties agreed to resolve Plaintiff Dessart's individual claims.  The key terms of the Parties settlement are as follows:

1. Presidio will pay Mr. Dessart and his wife Tracie Dessart an agreed-upon sum to fully resolve all claims that were or could have been asserted based on the facts alleged in this Action.

2. Presidio confirms that it no longer uses AddShoppers tracking technologies on its website and agrees that it will not use AddShoppers tracking technologies on its website for a minimum of two years.

3. Presidio will complete its document production, authenticate documents, and agree to make a corporate representative available for deposition, if requested by Plaintiffs.

4. Presidio will make a separate payment for an agreed-upon amount of Plaintiff Dessart's reasonable attorneys' fees and costs.

5. The specific terms of the settlement agreement shall remain confidential.

6. The settlement is not an admission of guilt or liability of any kind by Presidio, and Presidio expressly disputes and denies Plaintiff Dessart's allegations.

## IV.     The Court Should Approve the Settlement and Dismiss Plaintiff Dessart's Individual Claims With Prejudice and the Putative Class Claims Against Presidio Without Prejudice

Under the Court's Standing Order, parties to a pre-certification settlement must "submit a request for dismissal explaining how a dismissal would not prejudice the unnamed class members whose claims are not being resolved by the settlement," and must consider in particular "whether the unnamed class members need to be notified of the dismissal." The Standing Order cites several cases—all of which rely on *Diaz v. Trust Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1986)—discussing the factors for evaluating a pre-certification settlement and dismissal. *Dunn v. Teachers Ins. & Annuity Ass'n of Am.*, 2016 WL 153266, at *3 (N.D. Cal. Jan. 13, 2016); *Tombline v. Wells Fargo Bank, N.A.*, 2014 WL 5140048 (N.D. Cal. Oct. 10, 2014); *Lyons v. Bank of Am., N.A.*, 2012 WL 5940846 (N.D. Cal. Nov. 27, 2012). Although these cases hold that under Rule 23(e) a court must review pre-certification settlements, the review of a pre-certification settlement takes "a much lighter form that does not entail the kind of substantive oversight required when reviewing a settlement binding upon the class." *E.g.*, *Tombline*, 2014 WL 5140048, at *2 (citing

*Diaz*, 876 F.2d at 1408); *Lyons*, 2012 WL 5940846, at *1 ("the risk of prejudice to absent class members is significantly lower" for pre-certification settlements).

To "determine whether pre-certification settlement or dismissal is appropriate, the Court must inquire into possible prejudice from (1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances; (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations; (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own interests." *Lyons*, 2012 WL 5940846, at *1 (citing *Diaz*, 876 F.2d at 1408); *see also Tombline*, 2014 WL 5140048, at *2. The "central purpose of this inquiry is to determine whether the proposed settlement and dismissal are tainted by collusion or will prejudice absent putative members." *Id*. And notice may be appropriate only if the "putative class members might be subject to prejudicial or unfair impacts" from the dismissal. *Id*.

**A. Class members have not relied to their detriment on this lawsuit.**

First, there isn't any evidence that unnamed class member relied on this lawsuit at all, much less to their detriment, such that they will be prejudiced by the dismissal. To the parties' knowledge, there has not been any media coverage of the case against Presidio and Plaintiffs' counsel has received no other inquiries related to Presidio Brands. *Houston v. Cintas Corp.*, 2009 WL 921627, at *2 (N.D. Cal. Apr. 3, 2009) (approving settlement and dismissal under *Diaz* and noting "although there has been some publicity regarding this case … , it has been minimal"). And discovery has shown that Presidio's participation in the AddShoppers tracking program was substantially more limited than other retailers. Simply put, no evidence shows consumers waited passively for this lawsuit to run its course to obtain a remedy.

**B. Class members do not face a rapidly approaching statute of limitations.**

Second, even if some putative class members relied on this lawsuit, there is no "rapidly approaching statute of limitations" that would render them without sufficient time to pursue relief. *E.g.*, *Tombline*, 2014 WL 5140048, at *3 ("The parties also represent that no putative class member will face a short fuse on pursuing the claims to be dismissed."). Plaintiff Dessart's only claim against Presidio is for allegedly aiding and abetting a violation of CDAFA. The absent class members therefore will not "face a short fuse on pursuing the claim[] to be dismissed" for two reasons. *Id*. First, CDAFA has a three-year statute of limitation period. Cal. Pen. Code. § 502(e)(5). Second, as many courts in this circuit have recognized in approving pre-certification settlements, the "filing of the class action complaint toll[s] the statute of limitations, which will not resume running until [Plaintiffs'] class claims are dismissed." *See*, *e.g.*, *Tombline*, 2014 WL 5140048, at *3 (internal citations omitted); *Lyons*, 2012 WL 5940846, at *2 ("What's more, these claims would not be time-barred because of the class action tolling doctrine."); *Houston*, 2009 WL 921627, at *2 ("[T]he statute of limitations has been tolled since the lawsuit was filed."); *Diaz*, 876 F.2d at 1407 (citing *Am. Pipe Construction Co. v. Utah*, 414 U.S. 538 (1974) (filing of class action tolls statute of limitations on individual claims covered by class action)). Accordingly, this factor favors approval of the settlement and dismissal without notice.

**C. There was no collusion or concession of class interest.**

Third, the Parties' settlement agreement was not made by the class representatives or their counsel to further their own interests over the class. *Lyons*, 2012 WL 5940846, at *1 (citing *Diaz*, 876 F.2d at 1408). Indeed, the absent class members are not bound by the settlement, and the putative class claims will be dismissed without prejudice. *Id*. ("[B]ecause the parties intend to dismiss the class claims without prejudice, absent class members would still be able to bring suit against Defendants."); *see also Tombline*, 2014 WL 5140048, at *3 ("Because the settlement does

5

not prevent putative class members from pursuing claims, they are not likely, as a general matter, to be prejudiced."); *Houston*, 2009 WL 921627, at *2 ("[T]he parties do not seek to dismiss the class claims with prejudice and, therefore, they are not impacting the rights of potential class members.").

## V.     Conclusion

For the above reasons, the Parties respectfully request that the Court dismiss Plaintiff Dessart's individual claims with prejudice and dismiss the putative class's claims against Presidio without prejudice.


Dated:  November 1, 2024                    Respectfully submitted,

                                            */s/ Kasey A. Youngentob*
                                            **STUEVE SIEGEL HANSON LLP**
                                            Norman E. Siegel
                                            J. Austin Moore
                                            Kasey A. Youngentob

                                            **GIBBS LAW GROUP LLP**
                                            David M. Berger

                                            *Attorneys for Plaintiffs*


                                            */s/ Myriah Jaworski*
                                            **CLARK HILL LLP**
                                            Myriah Jaworski

                                            *Attorney for Defendant Presidio Brands, Inc.*

6

**FILER'S ATTESTATION**

Under Civil L.R. 5-1(i)(3), regarding signatures, I, Kasey A. Youngentob, attest that concurrence in the filing of this document has been obtained.

Dated: November 1, 2024

*/s/ Kasey A. Youngentob*

## ~~[PROPOSED]~~ ORDER

The Court, having considered the Parties' Joint Request for Approval of Pre-Certification Plaintiff Dessart's Individual Settlement and Dismissal of His Individual Claims With Prejudice and Dismissal of Class Claims Against Presidio Brands, Inc. Without Prejudice, all pleadings and papers on file, and the applicable law, and finding good cause therefor, hereby GRANTS the Request.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The Parties' Settlement Agreement is approved;
2. Plaintiff Dessart's individual claims are dismissed WITH PREJUDICE;
3. The putative class claims against Presidio are dismissed WITHOUT PREJUDICE; and
4. Notice is not required.

IT IS SO ORDERED.

Date: November 4, 2024

_____
The Honorable Vince Chhabria
United States District Judge

8