MORGAN, LEWIS & BOCKIUS LLP
Megan A. Suehiro, Bar No. 316104
megan.suehiro@morganlewis.com
300 South Grand Avenue, Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel:    +1.213.612.2500
Fax:    +1.213.612.2501

M. Abigail West, Bar No. 324456
abigail.west@morganlewis.com
Alexandra M. Gonsman, Bar No. 339361
alexandra.gonsman@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1596
Tel:    +1.415.442.1000
Fax:    +1.415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
Ezra D. Church (*pro hac vice*)
ezra.church@morganlewis.com
2222 Market Street
Philadelphia, PA 19103-3007
Tel:    +1.215.963.5000
Fax:    +1.215.963.5001

Attorneys for Defendant
PEET'S COFFEE, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABBY LINEBERRY, TERRY MICHAEL COOK, and MIGUEL CORDERO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ADDSHOPPERS, INC. and PEET'S COFFEE, INC.,<br><br>Defendants. | Case No. 3:23-cv-01996-VC<br><br>**DEFENDANTS PEET'S COFFEE, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:        January 23, 2025<br>Time:        10:00 a.m.<br>Ctrm:        4 – 17th Floor<br>Judge:       Hon. Vince Chhabria<br><br>Amended Complaint Filed: Nov. 22, 2024<br>Trial Date:  N/A |

## NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE that on January 23, 2025, at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Vince Chhabria, in Courtroom 4 of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Peet's Coffee, Inc. ("Peet's"), by and through its attorneys of record, will and hereby does move for an order dismissing the First Amended Class Action Complaint, Dkt. 135 ("FAC"), with prejudice pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP").

Peet's moves to dismiss the FAC on the following grounds:

(1) Pursuant to FRCP 12(b)(1), Plaintiffs have not met their burden to plead sufficient factual information to support a finding of Article III standing and subject matter jurisdiction.

(2) Pursuant to FRCP 12(b)(6), Peet's moves to dismiss all claims alleged against it in the FAC, namely Violation of the California Invasion of Privacy Act, Cal. Penal Code § 631 ("CIPA") (Count 1) and Violation of the Computer Data Access and Fraud Act, Cal. Penal Code § 502 ("CDAFA") (Count 2).  Each of these claims is unsupported by the facts alleged and otherwise fails to state a claim upon which relief can be granted.

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities and supporting declarations, the pleadings and records on file in this action, and such other evidence and argument as may be presented to the Court at or before the hearing on the Motion.

Dated: December 6, 2024                    MORGAN, LEWIS & BOCKIUS LLP


By   /s/ Megan Suehiro
     _____
     Megan A. Suehiro
     Ezra D. Church (*pro hac vice*)
     M. Abigail West
     Alexandra M. Gonsman

     Attorneys for Defendant
     PEET'S COFFEE, INC.

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ...................................................................................................1

II.   PROCEDURAL HISTORY AND FACTUAL BACKGROUND .......................2

    A.   Procedural History ....................................................................................2

    B.   Factual Background ...................................................................................3

III.   LEGAL STANDARD ...........................................................................................4

IV.   ARGUMENT ........................................................................................................5

    A.   Because Plaintiff Cook is a Non-California Resident, His California
       Statutory Claims Fail. .................................................................................5

    B.   Plaintiffs Cook and Cordero Lack Standing Because They Do Not Allege
       Injury-in-Fact. .............................................................................................6

       1.   Plaintiffs Cook and Cordero do not allege to have provided
           personal information when visiting Peet's website or that Peet's
           collected information that is "personal" or "private." ................6

       2.   Allegations of "bare" procedural violations do not establish
           standing. ........................................................................................9

       3.   Plaintiff Cordero's standing is not even a "close question." ....11

    C.   Plaintiffs' Claims Against Peet's Are Otherwise Legally Deficient. ...................11

       1.   Plaintiffs Cook and Cordero's CIPA Claim (Count 1) Against
           Peet's Suffers From Independent Legal Defects. ......................11

           a.   Plaintiffs Cook and Cordero do not allege facts showing
              that AddShoppers intercepted "contents" of their
              communications. ..............................................................12

           b.   Plaintiffs do not allege facts showing that any alleged
              interception occurred in transit. .....................................13

           c.   Plaintiffs Cook and Cordero concede that Peet's did not
              collect confidential information. .....................................14

       2.   Plaintiffs' CDAFA Claim (Count 2) Against Peet's Fails. ........14

V.   CONCLUSION ...................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009)........................................................................................................4

*Barclift v. Keystone Credit Servs., LLC,*
  93 F.4th 136 (3d Cir. 2024) ...........................................................................................8

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007)........................................................................................................4

*In re BPS Direct, LLC,*
  705 F. Supp. 3d 333 (E.D. Pa. 2023) .............................................................................9

*Bunnell v. Motion Picture Ass'n of Am.,*
  567 F. Supp. 2d 1148 (C.D. Cal. 2007) ........................................................................13

*Byars v. Goodyear Tire & Rubber Co.,*
  654 F. Supp. 3d 1020 (C.D. Cal. 2023) ........................................................................12

*Byars v. Sterling Jewelers, Inc.,*
  No. 5:22-cv-01456, 2023 WL 2996686 (C.D. Cal. Apr. 5, 2023)...........................7, 8, 10, 14

*Cook v. GameStop, Inc.,*
  689 F. Supp. 3d 58 (W.D. Pa. 2023)...........................................................6, 8, 10, 11

*Cottle v. Plaid Inc.,*
  536 F. Supp. 3d 461 (N.D. Cal. 2021) ...........................................................................8

*Doe v. Meta Platforms, Inc.,*
  No. 22-cv-03580, 2023 WL 5837443 (N.D. Cal. Sept. 7, 2023)...........................................15

*In re Facebook Int. Tracking Litig.,*
  140 F. Supp. 3d 922 (N.D. Cal. 2015) ...........................................................................9

*In re Google Android Consumer Privacy Litig.,*
  No. 11-MD-02264, 2013 WL 1283236 (N.D. Cal. Mar. 26, 2013)...........................9, 14, 15

*Heiting v. Taro Pharms. USA, Inc.,*
  No. 2:23-CV-08002, 2023 WL 9319049 (C.D. Cal. Dec. 26, 2023)......................................14

*I.C. v. Zynga, Inc.,*
  600 F. Supp. 3d 1034 (N.D. Cal. 2022) .........................................................................8

*Ingrao v. AddShoppers, Inc. et al.*,
  No. 2:24-cv-01022-JHS, Op. Granting Mots ................................................................7, 8, 12

*Kamal v. J. Crew Grp., Inc.*, 918 F.3d 102 (3d Cir. 2019) ..........................................................10

*Licea v. Am. Eagle Outfitters, Inc.*,
  No. EDCV 22-1702, 2023 WL 2469630 (C.D. Cal. Mar. 7, 2023) ...................................11, 13

*Lightoller v. Jetblue Airways, Corp.*,
  No. 23-cv-00361, 2023 WL 3963823 (S.D. Cal. June 12, 2023) ....................................8, 9, 10

*Mastel v. Miniclip SA*,
  549 F. Supp. 3d 1129 (E.D. Cal. 2021) ...................................................................................13

*N. Alaska Salmon Co. v. Pillsbury*,
  174 Cal. 1 (1916) ..................................................................................................................1, 5

*NovelPoster v. Javitch Canfield Group*,
  140 F. Supp. 3d 938 (N.D. Cal. 2014) .....................................................................................13

*R.C. v. Walgreen Co.*,
  --- F. Supp. 3d ---, No. EDCV 23-1933, 2024 WL 2263395 (C.D. Cal. May 9,
  2024) .........................................................................................................................................12

*Ribas v. Clark*,
  38 Cal.3d 355 (1985) ................................................................................................................5

*Simon v. E. Ky. Welfare Rights Org.*,
  426 U.S. 26 (1976) ....................................................................................................................4

*Spokeo, Inc. v. Robins*,
  578 U.S. 330 (2016) ..........................................................................................................4, 6, 10

*St. Clair v. City of Chico*,
  880 F.2d 199 (9th Cir. 1989) .....................................................................................................4

*Sullivan v. Oracle Corp.*,
  51 Cal.4th 1191 (2011) .............................................................................................................5

*TransUnion v. Ramirez*,
  594 U.S. 413 (2021) ............................................................................................................6, 10

*Wesch v. Yodlee, Inc.*,
  No. 20-CV-05991, 2021 WL 1399291 (N.D. Cal. Feb. 16, 2021) ..........................................14

*In re Yahoo Mail Litig.*,
  308 F.R.D. 577 (N.D. Cal. 2015) ..............................................................................................6

*Yoon v. Lululemon,*
    549 F. Supp. 3d 1074 (C.D. Cal. 2021) ....................................................................12

*In re Zynga Priv. Litig.,*
    750 F.3d 1098 (9th Cir. 2014) ...............................................................................12

**Statutes**

Fed. R. Civ. P. 8(a)(2) .................................................................................................4

Fed. R. Civ. P. 12(b)(1) ...............................................................................................2

Fed. R. Civ. P. 12(b)(6) ............................................................................................2, 4

Cal. Penal Code § 502(a) .............................................................................................5

Cal. Penal Code § 502(e)(1) ....................................................................................2, 14

Cal. Penal Code § 630 .................................................................................................5

Cal. Penal Code § 631(a) ........................................................................................12, 13

CDAFA ...............................................................................2, 4, 5, 7, 9, 14, 15

CIPA ......................................................2, 4, 5, 7, 9, 10, 11, 12, 13, 14

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiffs allege that Defendant AddShoppers, Inc. ("AddShoppers") collects their personal information without consent, and then uses that information to send them direct email solicitations. First Amended Complaint ("FAC") ¶ 2.  Only two of the three Plaintiffs—Plaintiffs Cook and Cordero—allege claims against Defendant Peet's Coffee, Inc. ("Peet's").  Those Plaintiffs seek to hold Peet's liable for aiding and abetting AddShoppers' alleged wrongful conduct, asserting causes of action against Peet's for (1) violation of the California Invasion of Privacy Act, Cal. Penal Code § 631 ("CIPA"); and (2) violation of the Computer Data Access and Fraud Act, Cal. Penal Code § 502 ("CDAFA").[1]  Plaintiffs Cook and Cordero's claims against Peet's fail for several, independent reasons.

*First*, as a non-California resident, Plaintiff Cook cannot assert claims under California statutory law because those statutes have no force beyond the State's boundaries.  *See N. Alaska Salmon Co. v. Pillsbury*, 174 Cal. 1, 4 (1916).  Plaintiffs essentially conceded this point in their Motion for Leave to File First Amended Complaint (Dkt. 121) ("Motion for Leave"), arguing that the addition of Plaintiff Cordero, a California resident, would address Plaintiff Cook's inability to pursue the California statutory claims.  Dkt. 121 at 8-10.

*Second*, neither Plaintiff Cook nor Plaintiff Cordero has satisfied his burden of demonstrating a "concrete and particularized" harm to show injury-in-fact.  Plaintiffs Cook and Cordero do not allege they provided personal identifying information when visiting Peet's website. Indeed, they expressly concede that they did ***not*** provide any information.  Further, Plaintiffs do not allege the collection or disclosure of information that is personal or private.  And Plaintiffs' assertions of "bare" procedural violations also cannot salvage their otherwise deficient allegations. Since the Order on the Motions to Dismiss the Complaint (the "Order") (Dkt. 89), courts have rejected standing on similar allegations.

---

[1] The Court dismissed Plaintiffs' other causes of action in its January 17, 2024, Order Granting in Part and Denying in Part the Motions to Dismiss.  Dkt. 89.  Plaintiffs' inclusion of these previously dismissed causes of action should be disregarded.

Indeed, to the extent the Court previously determined that standing as to the retailer defendants was already a "close question," Plaintiff Cordero's allegations fall short for an additional reason. The Court observed that standing existed because according to the Complaint, the "retailers joined the network created by AddShoppers, ***which caused the plaintiffs to receive unwanted email communications from AddShoppers when they visited the retailers' website***." Order at 2 (emphasis added). Unlike Plaintiff Cook, Plaintiff Cordero does not even allege he received any email communication from Peet's or AddShoppers, let alone an email that was unwanted. His core allegation is that AddShoppers tracked the "exact dates and times" he visited Peet's website. FAC ¶ 63. Thus, Plaintiff Cordero's standing is not even a "close question."

***Third***, even if Plaintiffs could establish standing, they fail to allege facts giving rise to any liability. With respect to their CIPA claim, Plaintiffs do not allege facts showing that AddShoppers intercepted the "contents" of their communications or that any alleged interception occurred in transit. And the information they allege was collected does not implicate a protectable privacy interest. As for their CDAFA claim, Plaintiffs fail to plead facts supporting even the basic elements of this cause of action, as they do not allege cognizable damage or loss under Section 502(e)(1). Plaintiffs' claims fail as a matter of law.

## II.    PROCEDURAL HISTORY AND FACTUAL BACKGROUND

### A.    Procedural History

On April 24, 2023, Plaintiffs Oather McClung, Abby Lineberry, Terry Michael Cook, and Greg Dessart commenced this action against Peet's, AddShoppers, and Presidio Brands, Inc., d/b/a Every Man Jack ("Every Man Jack"). Of the four original Plaintiffs, only one, Plaintiff Cook, asserted claims against Peet's: (1) violation of CIPA; (2) violation of CDAFA; (3) statutory larceny; and (4) common law invasion of privacy/intrusion. Dkt. 1. After the Defendants filed motions to dismiss, the Court dismissed Plaintiff Cook's claims for statutory larceny and invasion of privacy/intrusion, leaving only his CIPA and CDAFA claims against Peet's. Dkt. 89.

On October 22, 2024, after months of discovery and with a fast-approaching class certification deadline, Plaintiffs filed the Motion for Leave seeking to add Miguel Cordero as a

Plaintiff. Dkt. 121. Defendants Peet's and AddShoppers opposed. Dkts. 126, 127.[2] On November 21, 2024, the Court granted Plaintiff's Motion for Leave (Dkt. 132), and Plaintiffs filed the FAC the next day (Dkt. 135).[3]

### B.    <u>Factual Background</u>

Plaintiffs allege that AddShoppers' technology, known as "SafeOpt," is "embed[ed]" on retailer websites. FAC ¶¶ 3, 85, 98, 108, 138. According to Plaintiffs, if a retailer is part of the AddShoppers "Data Co-Op," AddShoppers "captures information provided to the retailer, tracks the person's web browsing across the internet, and then uses their information to provide targeted advertisements to the individual on behalf of members of the Data Co-Op." *Id.* ¶ 2.

Plaintiff Cook is a resident of Seminole, Florida, who claims that he visited Peet's website (Peets.com) on March 3, 2023. *Id.* ¶¶ 7, 58. During that visit, Plaintiff Cook alleges that he clicked on and reviewed some of Peet's products, but did not provide any personal information to Peet's, agree to any terms on Peet's website, or click "accept" on Peet's cookie notice banner. *Id.* ¶ 58. Plaintiff Cook alleges that AddShoppers' SafeOpt technology tracked his visit to Peet's website, including the "items exact coffee products" that he viewed, and that he was later "shocked" to receive two emails to his personal email account from "peets@safeopt.com" with pictures of the coffee products that he viewed on Peet's website. *Id.* ¶¶ 59-61.

Plaintiff Cordero is a resident of Sacramento, California. *Id.* ¶ 8. He claims that data from AddShoppers shows that "he had been tracked by at least a dozen companies for several years," which included "surreptitiously captured information about [his] visit to [Peet's] website on November 9, 2021." *Id.* ¶ 63. As alleged, the "data" Cordero claims was collected contains only the date and time of his visit to Peet's website. *Id.* Plaintiff Cordero concedes that he "never provided personal information (including his email) to Peet's." *Id.* Unlike Plaintiff Cook, Plaintiff Cordero does not allege that he ever received any email communications from Peet's—through

---

[2] The Court granted voluntary dismissal with respect to Plaintiff Dessart and Defendant Every Man Jack on November 4, 2024, leaving Peet's and AddShoppers as the only Defendants. Dkt. 124.

[3] The FAC differs from the proposed amended complaint the Court granted Plaintiffs leave to file. *Compare* Dkt. 121-2 *with* Dkt. 135.

SafeOpt or otherwise.  *Id.* ¶¶ 63-66.

Plaintiffs Cook and Cordero assert causes of action against Peet's under CIPA and CDAFA, and "seek to recover the value of the unauthorized access to their PII resulting from Defendants' wrongful conduct."  *Id.* ¶ 68.

## III.    <u>LEGAL STANDARD</u>

Under Article III, the power of the judiciary extends only to "cases" and "controversies." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337 (2016).  Plaintiffs must plead an injury-in-fact that is "fairly traceable" to the defendant's challenged conduct and likely to be redressed by a favorable judicial decision.  *See id.* at 338.  Such an injury-in-fact must be "concrete and particularized."  *Id.* at 339.  For a harm to be "concrete," the injury "must actually exist."  *Id.* at 340 (citation omitted). A plaintiff's failure to plead injury-in-fact requires dismissal under Federal Rule of Civil Procedure ("FRCP") 12(b)(1) for lack of subject matter jurisdiction.  *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989).  Named plaintiffs seeking to represent a class "must allege and show that ***they personally have been injured* . . . .**"  *Spokeo*, 578 U.S. at 338 n.6 (emphasis added) (citing *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976)).  Allegations that injury has been suffered by "other, unidentified members of the class to which they belong" is not sufficient.  *Id.*

To survive a motion to dismiss under FRCP 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 678 (quotations and citation omitted).  The complaint must allege facts which, when taken as true, raise more than a speculative right to relief.  *Twombly*, 550 U.S. at 555.  If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"  *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  "Determining whether a complaint states a plausible claim for relief" is "a context-specific task" that requires a court "to draw on its judicial experience and common sense."  *Id.*

IV.    **ARGUMENT**

   A.    **Because Plaintiff Cook is a Non-California Resident, His California Statutory Claims Fail.**

"Ordinarily, the statutes of a state have no force beyond its boundaries." *N. Alaska Salmon Co.*, 174 Cal. at 4.  "The intention to make the act operative, with respect to occurrences outside the state, will not be declared to exist unless such intention is clearly expressed or reasonably to be inferred 'from the language of the act or from its purpose, subject matter or history.'"  *Id.* (citations omitted); *see also Sullivan v. Oracle Corp.*, 51 Cal.4th 1191, 1207 (2011) ("[W]e presume the Legislature did not intend a statute to be operative, with respect to occurrences outside the state, . . . unless such intention is clearly expressed or reasonably to be inferred 'from the language of the act or from its purpose, subject matter or history'").

Neither of the California statutes under which Plaintiff Cook asserts claims applies out of state.  On the contrary, CIPA expressly provides that the California Legislature intended "to protect the right of privacy of the people *of this state*."  Cal. Penal Code § 630 (emphasis added); *Ribas v. Clark*, 38 Cal.3d 355, 359 (1985) (finding that the intent to protect individuals *in California* "lie[s] at the heart of virtually all the decisions construing [CIPA]").  Further, CDAFA is expressly aimed at "protect[ing] the privacy of individuals . . . *within this state* that lawfully utilize those computer systems and data."  Cal. Penal Code § 502(a) (emphasis added).  As alleged in the FAC, Plaintiff Cook is not a California resident.  FAC ¶ 7 (alleging residence in Florida).  He does not allege that any interception occurred in California.  Absent any allegations to the contrary (there are none), the only reasonable inference is that Plaintiff Cook interacted with Peet's website while in Florida.

Moreover, Plaintiff Cook does not allege "any wrongful activity that occurred in California.  Based on Plaintiffs' allegations, AddShoppers (based in North Carolina, FAC ¶ 9) used its technology to collect information from Plaintiff Cook, who resides in California.  He does not allege that any interception or other activity occurred in California.

By seeking to add California resident Plaintiff Cordero as a named Plaintiff after two years of litigation, Plaintiffs have essentially admitted Plaintiff Cook's inability to pursue California statutory claims.  *See* Dkt. 121 at 8-10; *see also* Dkt. 129 at 9 (conceding that "the current Plaintiffs

cannot represent a California 23(b)(3) subclass of people tracked by AddShoppers on Peet's website"); *cf. In re Yahoo Mail Litig.*, 308 F.R.D. 577, 605 (N.D. Cal. 2015) ("Each nonresident class member's state law claims should be governed by and decided under the wiretapping laws of the state in which the class member resides.").

**B.     Plaintiffs Cook and Cordero Lack Standing Because They Do Not Allege Injury-in-Fact.**

Plaintiffs Cook and Cordero lack standing to assert claims against Peet's because they do not allege a "concrete and particularized" harm. *Spokeo*, 578 U.S. at 339. Courts have recognized that "[t]raditional tangible harms, such as physical harms and monetary harms are obviously concrete." *Id.* at 340 (internal quotations omitted). However, intangible harms—even when well plead—are closer calls. To be concrete, they must "bear 'a close relationship to harms traditionally recognized as providing a basis for lawsuits in American courts." *Cook v. GameStop, Inc.*, 689 F. Supp. 3d 58, 63 (W.D. Pa. 2023) (citing *TransUnion v. Ramirez*, 594 U.S. 413, 425 (2021)).

In its Order, this Court recognized that "[a]s for the retailer defendants, standing is a close question." Order at 2. As discussed below, additional case law has emerged since the Court's Order in which allegations nearly identical to Plaintiffs' have been dismissed for lack of standing. Plaintiffs Cook and Cordero lack standing because they do not allege a "concrete" harm for three key reasons: (1) they do not allege to have provided personal identifying information when visiting Peet's website; (2) they do not allege the disclosure of personal or private information; and (3) allegations of "bare" procedural violations do not confer standing.

**1.     Plaintiffs Cook and Cordero do not allege to have provided personal information when visiting Peet's website or that Peet's collected information that is "personal" or "private."**

Neither Plaintiff Cordero nor Plaintiff Cook alleges to have provided personal information when visiting Peet's website. Nor do they allege that Peet's collected any information that is considered "personal" or "private." At the outset, both Plaintiffs expressly concede that they never provided their personal information to Peet's. *See* FAC ¶ 58 (Plaintiff Cook "never provided any personal information to [Peet's]"), ¶ 63 (Plaintiff Cordero "never provided personal information

(including his email) to Peet's").

When faced with similar allegations brought against AddShoppers and other retailers by the same Plaintiffs' Counsel here, the Eastern District of Pennsylvania recently dismissed the action for lack of standing. *Ingrao v. AddShoppers, Inc. et al*., No. 2:24-cv-01022-JHS, Op. Granting Mots. to Dismiss (E.D. Pa. Nov. 25, 2024), Dkt. 72. Like here, the *Ingrao* plaintiffs claimed that AddShoppers, "through its partnership with retailers . . . impermissibly tracked Plaintiffs' internet browsing activity and compiled their personal information into consumer profiles." *Id.* at 3. The *Ingrao* plaintiffs further alleged that AddShoppers "linked Plaintiffs' online browsing activity with their personal information, such as their email addresses, in order to send Plaintiffs targeted ads based on their browsing activity." *Id.* Based on these allegations, the *Ingrao* plaintiffs alleged violations of CIPA, CDAFA, and Pennsylvania statutory law. *Id.*

The court concluded that the plaintiffs lacked standing because they did not allege to have disclosed private or personal information, which is required to establish a close relationship between their asserted harm, and one traditionally recognized as providing a basis for relief. *Id.* at 14-15. In its Opinion, the court unequivocally noted: "a lack of standing is a fundamental flaw to Plaintiffs' Complaint that would alone warrant dismissal." *Id.* at 16-17.

Similarly, in *Byars v. Sterling Jewelers, Inc*., No. 5:22-cv-01456, 2023 WL 2996686 (C.D. Cal. Apr. 5, 2023), the court found lack of standing where the plaintiff "d[id] not identify any personal or sensitive information she disclosed on [the defendant's] website." *Id.* at *4. Reasoning that the plaintiff "d[id] not allege that she disclosed any sensitive information to Defendant, much less identify any specific personal information she disclosed," she could not "identif[y] any harm to her privacy." *Id.* at *3. Without having disclosed any personal information to the defendants, the plaintiff could not "me[e]t her burden to establish subject matter jurisdiction." *Id.* at *2.

As with the plaintiffs in *Ingrao* and *Byars*, Plaintiffs Cook and Cordero do not allege they provided personal information when visiting Peet's (or the third-party retailer's) website and, in fact, admit that they have not. *See* FAC ¶ 58 (Plaintiff Cook "never provided any personal information to [Peet's]"), ¶ 63 (Plaintiff Cordero "never provided personal information (including

his email) to Peet's").  Indeed, Plaintiffs' allegations here are virtually identical to those asserted in *Ingrao.*  The Court should reach the same conclusions as the courts in *Ingrao* and *Byars* and dismiss Plaintiffs Cook and Cordero's claims for lack of standing for that reason alone.

In addition to the fact that neither Plaintiff provided Peet's with personal information, both fail to allege that the information Peet's purportedly ***collected or disclosed*** was personal or private. In determining the existence of a "concrete" harm, "the nature of the information is paramount." *GameStop*, 689 F. Supp. 3d at 65.  Thus, courts have continued to recognize that to plead a "concrete" harm sufficient to confer standing, Plaintiffs must allege the collection or disclosure of information that is truly personal or private.  *See Cottle v. Plaid Inc*., 536 F. Supp. 3d 461, 480 (N.D. Cal. 2021) ("The Ninth Circuit has held that the disclosure of ***sensitive private information*** constitutes a 'concrete and particularized' injury for purposes of Article III . . . .") (emphasis added); *GameStop*, 689 F. Supp. 3d at 65 (dismissing the plaintiff's statutory and common law privacy claims, noting that a claim for "public disclosure of private information requires, obviously '***private*** facts'") (emphasis added); *see also Barclift v. Keystone Credit Servs., LLC*, 93 F.4th 136, 144 (3d Cir. 2024) (characterizing harm caused by public disclosure of private information as "the humiliation that accompanies the disclosure of ***sensitive or scandalizing private information*** to public scrutiny") (emphasis added); *I.C. v. Zynga, Inc*., 600 F. Supp. 3d 1034, 1049-50 (N.D. Cal. 2022) (no standing when information was not "private" and its disclosure would not be "highly offensive to a reasonable person").

Here, Plaintiffs allege that Peet's aided and abetted AddShoppers in tracking Plaintiffs' internet browsing activity.  *See* FAC ¶¶ 59, 61, 63.  But recent cases have held that internet browsing activity does not qualify as private or personal information.  *Lightoller v. Jetblue Airways, Corp*., No. 23-cv-00361, 2023 WL 3963823, at *4-5 (S.D. Cal. June 12, 2023) (holding website's collection of flight pricing information viewed by plaintiff during website visit was not personal information for injury-in-fact purposes); *GameStop*, 689 F. Supp. 3d at 66 (holding plaintiff's internet browsing activity was not personal information to support Article III standing because, at most, internet browsing information related to product preferences and "[p]roduct

preference information is not personal information"); *In re BPS Direct, LLC*, 705 F. Supp. 3d 333, 340, 353 (E.D. Pa. 2023) (finding in contrast to personal credit card, bank account, or medical information, "browsing activity not sufficiently private to establish concrete harm").

The FAC is devoid of any allegation that Peet's or AddShoppers collected or disclosed personal or private information about Plaintiffs from Peet's website. Plaintiff Cook claims merely that AddShoppers (not Peet's) "tracked [his] precise webpage visit, including the items exact coffee products [sic] that he had viewed" and that he later received two emails from SafeOpt about those products. FAC ¶¶ 59, 60. Plaintiff Cordero also does not allege that Peet's collected any information beyond the fact that he visited Peet's website or his browsing history. *Id.* ¶ 63 (information was captured about the date and time of his visit to Peet's website). Such information does not constitute personal or private information, the collection or disclosure of which would constitute a "concrete" harm. *See Lightoller*, 2023 WL 3963823, at *4. Absent any allegation that Peet's or AddShoppers collected or disclosed Plaintiffs' personal or private information, Plaintiffs' asserted harm does not constitute an injury-in-fact sufficient to confer standing.

Finally, to the extent Plaintiffs allege the disclosure of their personal or private information caused loss or diminishment of its value (FAC ¶ 68), Plaintiffs must allege facts demonstrating the information had economic value, and they intended to sell that information. *See In re Facebook Int. Tracking Litig.*, 140 F. Supp. 3d 922, 930-32 (N.D. Cal. 2015) (finding no standing where plaintiffs failed to show "they personally lost the opportunity to sell their information"); *In re Google Android Consumer Privacy Litig.*, No. 11-MD-02264, 2013 WL 1283236, at *4 (N.D. Cal. Mar. 26, 2013) (finding no standing where plaintiffs "d[id] not allege they attempted to sell their personal information, that they would do so in the future, or that they were foreclosed from entering into a value for value transaction"). Plaintiffs allege no such facts here.

### 2.    Allegations of "bare" procedural violations do not establish standing.

Plaintiffs cannot salvage their otherwise deficient allegations by asserting bare violations of CIPA and CDAFA. Mere assertions of statutory violations—divorced from any concrete harm—do not suffice for Article III standing. *TransUnion*, 594 U.S. at 440; *see also Kamal v. J.*

*Crew Grp., Inc.*, 918 F.3d 102, 111 (3d. Cir. 2019) (allegations of "bare" procedural violations are insufficient to confer standing). Rather, a procedural violation "must yield or risk actual harm to meet the requirements of Article III." *Kamal*, 918 F.3d at 111. In *TransUnion*, the Supreme Court expressly rejected the proposition that "a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." 594 U.S. at 414 (internal quotations omitted).

*Byars* and *Lightoller* are directly on point. Applying *Spokeo* and *TransUnion*, those courts rejected the plaintiffs' alleged bare violation of CIPA because they failed to plead any plausible allegation that their confidential or personal information was disclosed. *See Byars*, 2023 WL 2996686, at *3 (refusing to apply decisions predating *TransUnion*); *Lightoller*, 2023 WL 3963823, at *3 ("Under the Supreme Court's holding in *TransUnion*, a bare CIPA violation by itself is insufficient to demonstrate Article III injury in fact.").

Other courts have applied *Spokeo* and *TransUnion* with similar results. In *GameStop*, for example, the court held that the defendant's alleged statutory violation did not constitute a "concrete injury" sufficient to establish standing. 689 F. Supp. 3d at 66 n.2. There, the plaintiff asserted, among other claims, violations of a state wiretapping statute based on the retailer's use of a program that recorded, saved, and replayed visitor interactions with its website. *Id.* at 61. The plaintiff asserted that the act of the wiretap intruded upon her privacy, constituting both an injury under the statute and harm for "invasion of privacy." *Id.* at 64. The court rejected this "circular reasoning," concluding that it "simply folds back onto a bare statutory violation, which the Supreme Court has clarified cannot be the basis for standing." *Id.* (recognizing courts' "responsibility to independently decide whether a plaintiff has suffered a concrete harm under Article III") (internal quotations omitted).

This case is no different. Plaintiffs' alleged "injury" amounts to nothing more than mere statutory violations. Accepting Plaintiffs' logic would run afoul of *Spokeo* and *TransUnion* because it requires the Court to "begin and end" its analysis "with the statutory violation." *GameStop*, 689 F. Supp. 3d at 64. This reasoning was squarely rejected in each of the foregoing

cases, and should likewise be rejected here.

        **3.**      **Plaintiff Cordero's standing is not even a "close question."**

    While both Plaintiffs Cook and Cordero lack standing for the reasons established above, Plaintiff Cordero's claim to standing is even weaker than Plaintiff Cook's.  Unlike Plaintiff Cook, Plaintiff Cordero ***does not allege he received an email communication from or on behalf of Peet's.***  FAC ¶¶ 63-66.  This further weighs against a finding of injury-in-fact.  As this Court previously found, the existence of Article III standing turns, in part, on whether the plaintiff's device was "barrage[d] . . . with unwanted email communications" and whether the plaintiff "receive[d] unwanted email communications from AddShoppers when they visited the retailers' website."  Order at 2.

    Accepting Plaintiff's Cordero's allegations as true, AddShoppers collected ***only*** the following information about his visit to Peet's website:

```
peets_com:
    last visit: '2021-11-09T22:38:38.381000+00:00'
```

FAC ¶ 63.  Without more, Plaintiff Cordero cannot even meet the "close question" threshold to survive dismissal.  Order at 2.

    **C.**      <u>**Plaintiffs' Claims Against Peet's Are Otherwise Legally Deficient.**</u>

        **1.**      **Plaintiffs Cook and Cordero's CIPA Claim (Count 1) Against Peet's Suffers From Independent Legal Defects.**

    Plaintiffs Cook and Cordero each allege only one website visit giving rise to their claims, and that AddShoppers—not Peet's—violated CIPA by collecting information from their respective single visits.[4]  FAC ¶ 84.  Plaintiffs Cook and Cordero claim that Peet's "aided, agreed with, employed, and conspired with AddShoppers" in their alleged violative conduct.  *Id.* ¶ 85.  Plaintiffs Cook and Cordero's aiding and abetting theory against Peet's is legally defective in at least three respects, and all merit dismissal of Plaintiffs' CIPA claim.

---

[4] To the extent Plaintiffs allege the "communications" at issue were between them and Peet's, CIPA's "party exemption" would also bar their claims.  *See Licea v. Am. Eagle Outfitters, Inc*., No. EDCV 22-1702, 2023 WL 2469630, at *7 (C.D. Cal. Mar. 7, 2023).

DEFENDANT PEET'S COFFEE, INC.'S
MOTION TO DISMISS; 3:23-CV-01996-VC

### a. Plaintiffs Cook and Cordero do not allege facts showing that AddShoppers intercepted "contents" of their communications.

To state a claim under CIPA, Plaintiffs must allege facts that plausibly show that the "contents" of their communications were "read or attempted to be read" by a third-party without their consent. Cal. Penal Code § 631(a). Under CIPA, "'[c]ontents' refers to the intended message conveyed by the communication, and does not include record information regarding the characteristics of the message that is generated in the course of the communication" known as "record information." *In re Zynga Priv. Litig.*, 750 F.3d 1098, 1106 (9th Cir. 2014). Information that reveals a "substantive message" about a user's communication is "contents." *R.C. v. Walgreen Co.*, --- F. Supp. 3d ---, No. EDCV 23-1933, 2024 WL 2263395, at *16 (C.D. Cal. May 9, 2024). On the other hand, usernames, passwords, geographic information, IP addresses, app usage data, and time/date/duration of an interaction, are not "contents." *Yoon v. Lululemon*, 549 F. Supp. 3d 1074, 1082 (C.D. Cal. 2021). At a minimum, Plaintiffs must demonstrate "that the contents were not record information." *Byars v. Goodyear Tire & Rubber Co.*, 654 F. Supp. 3d 1020, 1027 (C.D. Cal. 2023).

Despite speculating as to all of the information AddShoppers *could* have captured (FAC ¶ 34), neither Plaintiff alleges the "content" of any communication captured during their visit to Peet's website. *Id.* ¶¶ 58, 63. Plaintiff Cook alleges a single visit to Peet's website during which AddShoppers purportedly collected information on the products he viewed. *Id.* ¶ 59. Even taking those allegations as true, such information is not "contents" because it reveals no "substantive message" about Cook's interaction with Peet's website. *See Ingrao*, No. 2:24-cv-01022-JHS, at 30-31 (dismissing CIPA claim where plaintiff received marketing email capturing her personal browsing history). Plaintiff Cordero's allegations are even further lacking. He merely alleges that AddShoppers tracked the date and time of his visit to Peet's website, nothing more. *Id.* ¶ 63 (screenshot in Section IV.B.3 above). He fails to allege how this information constitutes the "contents" of a communications rather than "record information." *See In re Zynga Priv. Litig.*, 750 F.3d at 1106. As neither Plaintiff can demonstrate the "contents" of their communications were intercepted, their CIPA claim fails.

**b.**    **Plaintiffs do not allege facts showing that any alleged interception occurred in transit.**

"The second clause of section 631(a) requires that messages be intercepted while *in transit*." *Licea*, 2023 WL 2469630, at *8 (citing *Mastel v. Miniclip SA*, 549 F. Supp. 3d 1129, 1135 (E.D. Cal. 2021)) (emphasis added).  Specifically, Plaintiffs must allege that the interception occurred "*in transit* or *passing over* any wire, line, or cable, or is *being sent from, or received* at any place *within California*." *Mastel*, 549 F. Supp. 3d at 1135 (emphasis added).  "Courts in the Ninth Circuit have interpreted the in transit requirement narrowly." *Id.* (citing *Bunnell v. Motion Picture Ass'n of Am.*, 567 F. Supp. 2d 1148, 1152 (C.D. Cal. 2007)).  Courts have also acknowledged that, given the speed of modern internet communications, the wiretapping statutes' application to such "form[s] of electronic communication is undoubtedly limited." *NovelPoster v. Javitch Canfield Group*, 140 F. Supp. 3d 938, 951 (N.D. Cal. 2014).  Section 631(a) applies only if the interception occurs during the "narrow window" in which the communication is in transit. *Id.* at 951-52 (citation omitted).  Thus, "interception" of electronic communications is "virtually impossible." *See id.* at 952 (quotation omitted).

As noted above, Plaintiff Cook is not a California resident.  FAC ¶ 7.  He alleges that the interception of his information occurred during his one-time visit to Peet's website. *Id.* ¶¶ 7, 58.  He does not allege that he accessed Peet's website while in California.  Without any allegations to the contrary, the only reasonable inference is that he accessed Peet's website from his home state of Florida.  Plaintiff Cook alleges that AddShoppers, who is located in North Carolina, intercepted his "messages" to Peet's through a third-party cookie that sent "messages" *directly* to AddShoppers. *Id.* ¶¶ 31-33.  Thus, by Plaintiff Cook's own allegations, the allegedly intercepted "messages" went directly from his computer in Florida to AddShoppers in North Carolina.  Plaintiff Cook has not plausibly alleged any interception occurred "in transit" or any plausible transmission from or to California.

Plaintiff Cordero' alleges even less than Plaintiff Cook, offering no allegations that AddShoppers intercepted any "messages" he sent to Peet's website.  Unlike Plaintiff Cook,

Plaintiff Cordero alleges only the tracking of the date and time of his visit to Peet's website. *Id.* ¶ 63. Plaintiff Cordero does not allege when this information was captured, much less that it was captured **in transit**. *See id.* ¶¶ 63-66. Because Plaintiffs Cook and Cordero fail to allege facts showing any interception while in transit, their CIPA claim must be dismissed.

### c. Plaintiffs Cook and Cordero concede that Peet's did not collect confidential information.

Finally, Plaintiffs Cook and Cordero's CIPA claim fails because neither disclosed personal or private information during their respective visits to Peet's website. Again, Plaintiffs Cook and Cordero each allege a single visit to Peet's website, during which AddShoppers allegedly collected information on the products they viewed or the time and date of the visit. *Id.* ¶¶ 58-59, 63. For all the reasons stated in Section IV.B.1, Plaintiffs' CIPA claim fails because they do not allege the disclosure of "specific personal information . . . that implicates a protectable privacy interest" protected by CIPA. *Byars*, 2023 WL 2996686, at *3. The Court should dismiss Plaintiffs' CIPA claim against Peet's with prejudice.

### 2. Plaintiffs' CDAFA Claim (Count 2) Against Peet's Fails.

In addition to the grounds for dismissal discussed in Sections IV.A–B above, Plaintiffs' CDAFA claim against Peet's should be dismissed because Plaintiffs do not allege cognizable damage or loss under Section 502(e)(1). CDAFA is a hacking statute "originally enacted to combat 'computer crime' and hacking." *Heiting v. Taro Pharms. USA, Inc.*, No. 2:23-CV-08002, 2023 WL 9319049, at *6 (C.D. Cal. Dec. 26, 2023). CDAFA requires that the "owner or lessee of the computer, computer system, computer network, computer program, or data" suffer "damage or loss" as a prerequisite to bringing a claim. Cal. Penal Code § 502(e)(1).

In *Wesch v. Yodlee, Inc.*, No. 20-CV-05991, 2021 WL 1399291 (N.D. Cal. Feb. 16, 2021), the court dismissed a CDAFA claim under Section 502(e)(1) where plaintiffs failed to allege "that the data incurred any damage or loss." *Id.* at *7. Likewise, the court in *In re Google Android Consumer Privacy Litigation* dismissed the plaintiffs' CDAFA claim because "the allegations regarding the diminished value of Plaintiff's PII [personally identifying information] are not

sufficient to allege damage or loss under the CDAFA." 2013 WL 1283236, at *11.

Plaintiffs Cook and Cordero similarly fail to allege any damage or loss as required to bring a claim under CDAFA. The FAC contains no allegation of damage with respect to their CDAFA claim. Rather, it contains only a rote recitation of "loss," stating that "AddShoppers has caused loss to Plaintiffs and the class members in an amount to be proven at trial." FAC ¶ 99. This perfunctory statement is entirely devoid of specific facts demonstrating loss or damage under CDAFA. *See Doe v. Meta Platforms, Inc.*, No. 22-cv-03580, 2023 WL 5837443, at *9 (N.D. Cal. Sept. 7, 2023) (finding no cognizable form of loss or damage actionable under CDAFA where plaintiffs only claimed damage based on privacy violations). To the extent Plaintiffs claim that AddShoppers "depriv[ed] them of the value of their personally identifiable information," (FAC ¶ 93), courts have held that this is "not sufficient to allege damage or loss under the CDAFA." *In re Google Android Consumer Priv. Litig.*, 2013 WL 1283236, at *11. Plaintiffs' failure to allege this required element warrants dismissal of their CDAFA claim.

## V.    <u>CONCLUSION</u>

For the foregoing reasons, the Court should grant Peet's Motion to Dismiss in its entirety.

Dated: December 6, 2024                MORGAN, LEWIS & BOCKIUS LLP


                                       By  */s/ Megan Suehiro*
                                          Megan A. Suehiro
                                          Ezra D. Church (*pro hac vice*)
                                          M. Abigail West
                                          Alexandra M. Gonsman


                                          Attorneys for Defendant
                                          PEET'S COFFEE, INC.