David M. Berger (SBN 277526)
**GIBBS LAW GROUP LLP**
1111 Broadway, Suite 2100
Oakland, California 94607
Telephone: (510) 350-9713
Facsimile: (510) 350-9701
dmb@classlawgroup.com

Norman E. Siegel (*pro hac vice*)
J. Austin Moore (*pro hac vice*)
Kasey Youngentob (*pro hac vice*)
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
(816) 714-7100 (tel.)
siegel@stuevesiegel.com
moore@stuevesiegel.com
youngentob@stuevesiegel.com

*ATTORNEYS FOR PLAINTIFFS*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ABBY LINEBERRY, TERRY MICHAEL COOK and MIGUEL CORDERO, individually and on behalf of all others similarly situated,<br><br>                     Plaintiffs,<br><br>    vs.<br><br>ADDSHOPPERS, INC., and PEET'S COFFEE, INC.,<br><br>                     Defendants. | Case No. 3:23-cv-01996-VC<br><br>**MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTIONS TO DISMISS AND RESET HEARING DATE**<br><br>Judge: Vince Chhabria |

Plaintiffs respectfully request a 27-day extension, until January 16, 2025, to file their opposition to Defendants' motions to dismiss. Plaintiffs further ask that the hearing on these motions be rescheduled to February 27, 2025, or another date convenient for the Court. In support of this motion, Plaintiffs state as follows:

1. On December 6, 2024, Defendants moved to Dismiss, challenging Plaintiffs' standing and asserting failure to state a claim for each statutory cause of action. *See* Dkt. Nos. 139-40. Plaintiffs' current deadline to respond is December 20, 2024.

2. This extension is necessary due to several compelling circumstances. First, Plaintiffs face concurrent critical deadlines in this case, including:

   a. Conducting depositions of two of Defendants' expert witnesses between December 24, 2024, and January 4, 2025;

   b. Preparing and filing a motion for class certification on January 7, 2025; and

   c. Preparing motions to exclude Defendants' expert witnesses on January 7, 2025.

3. Additionally, these substantive deadlines fall during the holiday season, timing caused in part by Plaintiffs' prior accommodations of Defendants' request for more time to file their expert declarations. *See* Dkt. No. 123.

4. Finally, Plaintiffs' counsel also faces several overlapping deadlines in other matters, including other motions for class certification deadlines that require immediate attention. *See* Youngentob Decl. ¶¶ 14, 16.

5. AddShoppers' counsel contacted Plaintiffs' counsel about consenting to a hearing date on December 4. *Id.* ¶ 1. Plaintiffs initially consented to a January 23 hearing date believing only AddShoppers was moving to dismiss, and the motion would be limited to the newly added Plaintiff, Miguel Cordero. *Id.* ¶ 2. Shortly afterward, Plaintiffs' counsel learned both Defendants were intending to file motions to dismiss all the Plaintiffs' claims. *Id.* ¶ 3-4. After learning about the breadth of Defendants' motions, Plaintiffs' counsel immediately informed Defendants' counsel that they would need additional time to respond to the motions. *Id.* ¶ 6.

6. After the motions were filed, Plaintiffs sought to resolve this matter without Court intervention by requesting Defendants' consent for an extension until January 16, 2025, to file their consolidated response. *Id.* ¶ 11. Defendants rejected this proposal and would only agree to extend the deadline to January 3, 2025, a date that falls right in the middle of the numerous deadlines discussed above. *Id.* ¶ 9-15.

7. On December 16, 2024, Defendants proposed for the first time extending Plaintiff's response deadline until January 13, 2025, but conditioned their proposal on modifying the class certification deadlines. *Id.* ¶ 18. Given the Court's statement that it "does not anticipate granting any further extension" of the class certification schedule (Dkt. No. 116), Plaintiffs rejected this offer as unnecessary and contrary to the Court's order. *Id.*

8. Throughout this litigation, Plaintiffs have demonstrated consistent cooperation and good faith by repeatedly consenting to Defendants' requests for extension of various deadlines, including several discovery deadlines and the expert disclosure deadline. *Id.* ¶ 19.

9. Defendants' claim that Plaintiffs' requested extension will cause prejudice by delaying adjudication of the motion to dismiss is unfounded. First, any delay stems in part from Defendants' refusal to consent to a routine amendment earlier in the case. Second, Defendants' motions largely reassert arguments the Court has already rejected, making their likelihood of success at this stage minimal. The requested extension is for the sole purpose of ensuring Plaintiffs have adequate time to respond to multiple substantive motions while maintaining compliance with the existing schedule.

Dated: December 17, 2024                    Respectfully submitted,

*/s/ Kasey A. Youngentob*
**STUEVE SIEGEL HANSON LLP**
Norman E. Siegel
J. Austin Moore
Kasey A. Youngentob

**GIBBS LAW GROUP LLP**
David M. Berger

*Attorneys for Plaintiffs*

4