David M. Berger (SBN 277526)
**GIBBS LAW GROUP LLP**
1111 Broadway, Suite 2100
Oakland, California 94607
Telephone: (510) 350-9713
Facsimile: (510) 350-9701
dmb@classlawgroup.com

Norman E. Siegel (*pro hac vice*)
J. Austin Moore (*pro hac vice*)
Kasey Youngentob (*pro hac vice*)
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
(816) 714-7100 (tel.)
siegel@stuevesiegel.com
moore@stuevesiegel.com
youngentob@stuevesiegel.com

*ATTORNEYS FOR PLAINTIFFS*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ABBY LINEBERRY, TERRY MICHAEL COOK and MIGUEL CORDERO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ADDSHOPPERS, INC., and PEET'S COFFEE, INC.,<br><br>Defendants. | Case No. 3:23-cv-01996-VC<br><br>**DECLARATION OF KASEY YOUNGENTOB IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTIONS TO DISMISS AND RESET HEARING DATE**<br><br>Judge: Vince Chhabria |

**DECLARATION**

I, Kasey Youngentob, hereby attest:

1. On December 4, AddShoppers' counsel Tomio Narita told me that it intended to move to dismiss the amended complaint on Friday, December 6, 2024. Mr. Narita asked me if Plaintiffs were available for a hearing on Thursday, January 16, 2025. I told him that I had a conflicting hearing on January 16 and would not be available until January 23, 2025.

2. At the time, I believed AddShoppers motion to dismiss would relate only to the newly added plaintiff Miguel Cordero because the Court already held Abby Lineberry adequately stated CIPA and CDAFA claims.

3. On December 6, AddShoppers' counsel circulated a draft stipulation. This stipulation revealed for the first time that Peet's was also moving to dismiss the amended complaint despite the Court already rejecting its futility argument.

4. Conversations with counsel for both Defendants revealed Defendants were taking a kitchen sink approach to dismissal including on many grounds the Court had already rejected for their previous motions to dismiss.

5. During our phone call, Peet's counsel Megan Suehiro informed me she was interested in moving the proposed January 3 reply deadline because it fell during the holidays.

6. On December 6, I sent defense counsel the following email:

> When we agreed to the original hearing date, we did not realize that Defendants would challenge many issues the Court already decided. Given the breadth of Defendants' motions to dismiss, the hearing date should be set for some time in February, so we have adequate time to respond. What February date works for Peet's and AddShoppers?

7. AddShoppers' counsel told me that they would file with the January 23 hearing date and get back to me the next week.

2

8. In response, I confirmed that the hearing date no longer worked. And although AddShoppers could file the motion to dismiss, the parties should work to resolve the issue as soon as possible.

9. On December 9, I circulated a draft stipulation that moved the deadlines for the motions to dismiss by a few weeks and would make Plaintiffs' consolidated response due on January 17, 2025.

10. When we met for depositions in person on December 11, AddShoppers' counsel Mr. Narita told me that his client would not agree to the proposed schedule.

11. That same day, during a call with Peet's counsel Megan Suehiro, Ms. Suehiro suggested Peet's would agree to a shorter timetable than originally proposed on December 9. I circulated an update stipulation with the following deadlines:

   a. Consolidated Opposition: January 16

   b. Replies: January 23.

12. Plaintiffs also informed defense counsel that they would not oppose dismissing the UCL claim and, as a result, they should file "a joint notice to Judge Kang reflecting that the discovery dispute ha[d] been resolved."

13. On December 11, Peet's counsel counteroffered the following deadlines:

   a. Oppositions: January 3

   b. Replies: January 17

14. On the same day, I informed defense counsel that the proposed timeline did not work because "[w]e have multiple substantive case deadlines during this time in addition to preparing for class certification." I instead suggested:

   a. Consolidated Opposition: January 13

    b. Replies: January 23

  15. On December 12, Peet's counsel, Ms. Suehiro, suggested materially the same briefing deadlines as before except Defendants would have one less day to reply, meaning Plaintiffs' opposition would be due January 3.

  16. On December 16, I sent an email expressing my disappointment that the parties could not reach an agreement on the deadlines. I reiterated that "Plaintiffs would appreciate the same professional courtesy they've repeatedly extended to Defendants. As we mentioned, one reason we seek an extension is because we also have important substantive deadlines in other cases around the same time."

  17. That same day, Peet's counsel Ms. Suehiro responded offering the same schedule as before requiring Plaintiffs to file an opposition on January 3. Ms. Suehiro explained that Plaintiffs' proposed schedule would require Defendants to file a reply brief during the same window they had to oppose class certification. She highlighted the tasks involved including motions to exclude, responses to motions to exclude and conducting a deposition of the expert.

  18. The parties met and conferred that evening. During the call, Plaintiffs offered to move back the hearing to whatever date worked for Defendants so no parties would have overlapping deadlines. AddShoppers' counsel asserted that their client wanted the Court to hear the motions to dismiss as soon as possible and was unwilling to move the hearing date by more than a week. They instead proposed for the first time extending Plaintiff's response deadline until January 13, 2025, but conditioned their proposal on adopting a schedule that modified all the class certification deadlines except Plaintiffs' filing deadline. Plaintiffs' counsel informed Defendants that altering the class certification schedule was unnecessary and inconsistent with the Court's directions.

19.     Throughout this litigation, Plaintiffs have consented to extensions by Defendants including several discovery deadlines. Indeed, they have sought to accommodate Defendants in every instance.

Dated: December 17, 2024                By: */s/ Kasey Youngentob*