David M. Berger (SBN 277526)
**GIBBS LAW GROUP LLP**
1111 Broadway, Suite 2100
Oakland, California 94607
Telephone: (510) 350-9713
dmb@classlawgroup.com

Norman E. Siegel (*pro hac vice*)
J. Austin Moore (*pro hac vice*)
Kasey A. Youngentob (*pro hac vice*)
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone: (816) 714-7100
siegel@stuevesiegel.com
moore@stuevesiegel.com
youngentob@stuevesiegel.com

*ATTORNEYS FOR PLAINTIFFS*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABBY LINEBERRY, TERRY MICHAEL COOK and MIGUEL CORDERO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ADDSHOPPERS, INC., and PEET'S COFFEE, INC.,<br><br>Defendants. | Case No. 3:23-cv-01996-VC<br><br>**DECLARATION OF KASEY A. YOUNGENTOB IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Hon. Vince Chhabria |

I, Kasey A. Youngentob, declare as follows:

1. I, Kasey A. Youngentob, am an attorney in good standing admitted *pro hac vice* before the Court for this case. I am an attorney at Stueve Siegel Hanson LLP and counsel for Plaintiffs in this case. I make this declaration based on my personal knowledge in support of Plaintiffs' Motion for Class Certification in this case. If called upon to do so, I will testify competently to the facts set forth below.

2. I certify that the following Table of Exhibits lists true and correct copies of all exhibits attached to this Declaration in support of Plaintiffs' Motion for Class Certification.

**TABLE OF EXHIBITS**

| Exhibit # | Description |
|---|---|
| 1 | December 11, 2024, Deposition of Jonathan West |
| 2 | December 12, 2024, Deposition of Chad Ledford |
| 3 | November 12, 2024, Deposition of Shawn King |
| 4 | Hahm Deposition Exhibit 23, PEETS_000244-245 |
| 5 | Ledford Deposition Exhibit 1 |
| 6 | West Deposition Exhibit 2, AS-00214-230 |
| 7 | Ledford Deposition Exhibit 3 |
| 8 | October 10, 2024, Declaration of Richard M. Smith |
| 9 | Ledford Deposition Exhibit 8, AS-00486-487 |
| 10 | December 20, 2024, Deposition of Will Clayton |
| 11 | King Deposition Exhibit 6, AS-00459-460 |
| 12 | West Deposition Exhibit 7, AddShoppers Master Subscription Agreement |

| 13 | Georgianna Deposition Exhibit 7, AS-00508-509 |
| --- | --- |
| 14 | November 18, 2024, Deposition of Jay Georgianna |
| 15 | November 19, 2024, Deposition of Steven Hahm |
| 16 | Georgianna Deposition Exhibit 3, PEETS_000166-179 |
| 17 | Georgianna Deposition Exhibit 8, PEETS_000201-202 |
| 18 | Georgianna Deposition Exhibit 9, PEETS_000238-241 |
| 19 | Georgianna Deposition Exhibit 2, Defendant Peet's Coffee, Inc.'s Response to Plaintiffs' First Set of Interrogatories |
| 20 | King Deposition Exhibit 5 |
| 21 | Georgianna Deposition Exhibit 11, Peet's Coffee, Inc. Privacy Policy (Effective January 1, 2020) |
| 22 | Georgianna Deposition Exhibit 12, Peet's Coffee, Inc. Privacy Policy (Effective May 14, 2021) |
| 23 | Georgianna Deposition Exhibit 13, Peet's Coffee, Inc. Privacy Policy (Effective January 1, 2023) |
| 24 | Georgianna Deposition Exhibit 14 Peet's Coffee, Inc. Privacy Policy (Effective January 12, 2024) |
| 25 | Georgianna Deposition Exhibit 15, Peet's Coffee, Inc. Privacy Policy (Effective March 25, 2024), PEETS_000014-21 |
| 26 | King Deposition Exhibit 2, spreadsheet AS-00538 |
| 27 | Declaration of Abby Lineberry in Support of Plaintiffs' Motion for Class Certification |
| 28 | Declaration of Terry Michael Cook in Support of Plaintiffs' Motion for Class Certification |
| 29 | Declaration of Miguel Cordero in Support of Plaintiffs' Motion for Class Certification |
| 30 | PEETS_000265 |

| 31 | Firm Resumes |
|---|---|
| 32 | DIA - Privacy Policy (July 2021) |
| 33 | Proposed Verdict Form |
| 34 | November 21, 2024, Expert Report of Will Clayton Responding to the Declaration of Richard M. Smith |

*Plaintiffs' counsel's efforts on behalf of the class*

3. Proposed class counsel are experienced class action attorneys who have demonstrated our commitment to prosecuting this case and vigorously representing the interest of the class.

4. We have successfully defended against Defendants' motions to dismiss. Dkt. No. 89.

5. We have actively engaged in both fact and expert discovery, striving to prosecute the case vigorously but efficiently and to meet the deadlines set forth by this Court to complete discovery in a timely manner.

6. To date, we have served numerous document requests on Defendants and reviewed thousands of pages of documents produced in the case. We also developed and served an expert report relating to Defendants' liability. We have been fully engaged in the non-stop prosecution of this matter throughout the discovery process in this case, including responding to and opposing discovery requests.

7. We have also produced Plaintiffs Abby Lineberry and Terry Michael Cook for their depositions, defended the deposition of Tracie Dessart, deposed five corporate representatives, and deposed two of Defendants' expert witnesses.

8.      Our firm has funded the entirety of the litigation, including advancing all costs related to experts and discovery, and are fully committed to sustaining our vigorous efforts on behalf of the class through trial.

### *AddShoppers' refusal to provide relevant class certification discovery*

9.      On October 25, 2024, Plaintiffs served interrogatories directly relevant to class certification on AddShoppers. These interrogatories sought to determine exact class sizes. For example, one interrogatory asked for the number of individuals in AddShoppers database for whom it collected data through Peet's website. Although AddShoppers already answered almost identical questions during mediation, it now refuses to provide any response to the formal interrogatories. During my meet and confer with AddShoppers' counsel, Mr. Narita suggested AddShoppers could not answer the interrogatories because its database does not contain people. I told him AddShoppers could answer it the same way it previously did with any caveats it wished to include. During multiple follow-up conversations, Mr. Narita told me his client was working on answering the interrogatories. Plaintiffs have still not received any response.

10.     On November 25, 2024, Plaintiffs also requested AddShoppers provide the data it maintained in its database for Miguel Cordero's email addresses, which it had swiftly provided for every other plaintiff. That same day, Mr. Narita informed me that he had asked his client to pull the data associated with Cordero's email addresses. On December 11, Mr. West testified that he had reviewed Cordero's data in preparation for his deposition. The next day, I met and conferred with Mr. Narita about Cordero's data. He confirmed AddShoppers would provide the data, acknowledging Plaintiffs would ultimately be entitled to such data despite the absence of a formal request. Mr. Narita committed to providing the data by the following week. After following up the

next week, Mr. Narita responded that his clients wanted a formal request. Plaintiffs served formal discovery requests the next day.  Despite multiple follow-ups and repeated requests, AddShoppers has still not produced its internal data associated with Cordero's email addresses.


Dated: January 7, 2025                                          By:      */s/ Kasey A. Youngentob*