UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ABBY LINEBERRY, et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>ADDSHOPPER, INC., et al.,<br><br>   Defendants. | Case No. 23-cv-01996-VC (PHK)<br><br>**ORDER DENYING WITHOUT PREJUDICE DEFENDANT ADDSHOPPERS'S MOTION TO COMPEL AND DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION TO QUASH**<br><br>Re: Dkt. 151 |

Now before the Court is a Joint Discovery Letter Brief between Plaintiffs Abby Lineberry, Terry Michael Cook, and Miguel Cordero (collectively "Plaintiffs") and Defendant AddShoppers Inc. ("AddShoppers"). [Dkt. 151]. Defendant AddShoppers requests that the Court deny Plaintiffs' request for a protective order and requests that the Court issue an order compelling third party Greg Dessart to sit for a deposition. *Id.* Plaintiffs request a "protective order to prevent [Defendant] AddShoppers from deposing Mr. [Greg] Dessart[.]" *Id.* After carefully reviewing the Joint Discovery Letter Brief and all relevant documents, the undersigned finds this matter fit for resolution without oral argument. Civil L. R. 7-1(b). Accordingly, the Court **DENIES WITHOUT PREJUDICE** Defendant AddShoppers's request for an order compelling Greg Dessart to sit for a deposition, and the Court **DENIES WITHOUT PREJUDICE** Plaintiffs' request to quash the subpoena and **DENIES WITHOUT PREJUDICE** Plaintiffs' request for a protective order as **MOOT**.

///

///

## RELEVANT BACKGROUND

On April 24, 2023, Plaintiffs Abby Lineberry, Terry Michael Cook, and Greg Dessart filed an initial class action complaint against Defendants AddShoppers, Presidio Brands, Inc., and Peet's Coffee, Inc., on behalf of themselves and all other similarly situated individuals. [Dkt. 1]. On January 17, 2024, the Court issued an order which granted Defendants' motion to dismiss the initial complaint. [Dkt. 89]. On November 4, 2024, the Court granted a joint request for Greg Dessart's claims to be fully dismissed. Dkt. 124; Dkt. 151 at 1 (Plaintiffs' position that the "Court already allowed Mr. Dessart to withdraw.") ("But because the Court dismissed Mr. Dessart's claims with prejudice, he is not even an absent class member.").

Sometime before November 4, 2024, Defendant "AddShoppers sought [Greg Dessart's] deposition while he was still a party[.]" Dkt. 151 at 4 n.4. After Greg Dessart "was dismissed from the case[,]" Defendant AddShoppers "properly served [Greg Dessart] with a subpoena pursuant to Rule 45[.]" *Id.*

On November 22, 2024, Plaintiffs filed their First Amended Complaint which removed Greg Dessart as a Plaintiff and added Miguel Cordero as a Plaintiff. [Dkt. 135]. On January 13, 2025, the Parties filed the instant Joint Discovery Letter Brief. [Dkt. 151]. The Joint Letter Brief is silent if Greg Dessart has logged an objection to the subpoena with the Parties. *See id.* Greg Dessart has not filed an objection or brief on this dispute with the Court.

## DISCUSSION

**I.   MOTION TO COMPEL THIRD-PARTY DESSART'S DEPOSITION**

Defendant AddShoppers requests an order compelling Greg Dessart to sit for a deposition. [Dkt. 151]. For the reasons stated below, the undersigned **DENIES WITHOUT PREJUDICE** Defendant AddShoppers's request for a Court order compelling Greg Dessart to sit for a deposition.

As a threshold matter, the Parties agree that Greg Dessart is a non-party. [Dkt. 151 at 1, 3]. A motion to compel directed to a non-party "must be made in the court where the discovery is or will be taken." Fed. R. Civ. P. 37(a)(2). Motions to compel discovery must be filed in the "place of compliance." *In re J&J Inv. Litig.*, No. 222CV00529GMNNJK, 2023 WL 3121922, at *1 (D. Nev. Apr. 26, 2023), *objections overruled*, No. 222CV00529GMNNJK, 2023 WL 8838059 (D.

2

Nev. Dec. 19, 2023) (citing *Agincourt Gaming, LLC v. Zynga, Inc.*, No. 2:14-cv-00708-RFB-NJK, 2014 WL 4079555, at *4 (D. Nev. Aug. 15, 2014)); *In re Outlaw Lab'ys, LP Litig.*, No. 18CV840 GPC (BGS), 2020 WL 5709386, at *3 (S.D. Cal. Sept. 24, 2020). Courts routinely find that the "place of compliance" is tethered to the location of the subpoenaed person. *In re J&J Inv. Litig.*, 2023 WL 3121922, at *1 (citing *Agincourt Gaming, LLC*, 2014 WL 4079555, at *4); *In re Outlaw Lab'ys, LP Litig.*, 2020 WL 5709386, at *3.

Here, the initial complaint asserts that Mr. Dessart has a residence and domicile in Everett, Washington. [Dkt. 1 at 3]. Defendant AddShoppers cites the same allegation in the Joint Discovery Letter Brief and does not indicate to the contrary. *See* Dkt. 151 at 4 n.5 (citing Dkt. 1 at 3). Defendant AddShoppers indicates that it offered to take Mr. Dessart's deposition virtually which Defendant AddShoppers presumed he would join from his home. [Dkt. 151 at 3]. As such, the "place of compliance" for the Dessart deposition would be in Everett, Washington. *In re J&J Inv. Litig.*, 2023 WL 3121922, at *1 (citing *Agincourt Gaming, LLC*, 2014 WL 4079555, at *4); *In re Outlaw Lab'ys, LP Litig.*, 2020 WL 5709386, at *3. The Court takes judicial notice of the fact that Everett, Washington is located within the geographic boundaries of the U.S. District Court for the Western District of Washington. *See Muckleshoot Tribe v. Lummi Indian Tribe*, 141 F.3d 1355, 1358 n.4 (9th Cir. 1998) ("The court may take judicial notice of undisputed geographical facts."); *Windom-Mattox v. City of Vacaville*, No. C 96-3087 VRW, 1996 WL 557748, at *1 (N.D. Cal. Sept. 26, 1996) ("The court takes judicial notice that the City of Vacaville is located in Solano County.").

Pursuant to the legal standards discussed above, this Court is not the court from which Defendant AddShoppers should properly seek an order compelling third-party Dessart to sit for a deposition sought by subpoena. The "place of compliance" is not within the geographical boundaries of the Northern District of California, because the location from which Mr. Dessart would be deposed is his home in Everett, Washington. Discovery disputes involving requests to compel a third-party to attend a deposition pursuant to subpoena must be filed in the first instance in the court where compliance is required. *Id.* Courts routinely deny motions to compel compliance with a subpoena where such motions are filed in the wrong district. *See, e.g.*, *In re J&J Inv. Litig.*, 2023 WL 3121922, at *1; *Europlay Capital Advisors, LLC v. Does*, 323 F.R.D. 628, 629–30 (C.D.

Cal. 2018).

Accordingly, Defendant AddShoppers's motion to compel third party Greg Dessart to attend his deposition pursuant to subpoena is **DENIED WITHOUT PREJUDICE**.

## II.   PLAINTIFFS' MOTION TO QUASH THE DESSART SUBPOENA

In the Joint Discovery Letter Brief, Plaintiffs move the Court to issue a protective order preventing Defendant AddShoppers from deposing third-party Greg Dessart. [Dkt. 151 at 1]. As such, Plaintiffs seek to quash Defendant AddShoppers's deposition subpoena directed to Mr. Dessart.

First, Plaintiffs' motion for a protective order is denied as moot because, as discussed above, Defendant AddShoppers should have filed their motion to compel the Dessart deposition in the court of the place of compliance (the Western District of Washington).

Second, out of an abundance of caution and for completeness of the record, the Court addresses the merits of Plaintiffs' motion. "To have standing to bring a claim in federal court, a party must have a personal stake in the outcome, and this threshold requirement also applies to discovery disputes." *In re Uber Techs., Inc., Passenger Sexual Assault Litig.*, No. 23-MD-03084-CRB (LJC), 2024 WL 3416644, at *2 (N.D. Cal. July 14, 2024) (citing *Chevron Corp. v. Donziger*, No. 12-mc-80237-CRB (NC), 2013 WL 4536808, at *4 (N.D. Cal. Aug. 22, 2013)). "Generally speaking, a party to an action does not have standing to move to quash a subpoena served upon a nonparty unless the party claims a personal right or privilege with respect to the documents requested in the subpoena." *In re Uber Techs., Inc., Passenger Sexual Assault Litig.*, 2024 WL 3416644, at *2 (quoting *Glass Egg Digital Media v. Gameloft, Inc.*, No. 17CV04165MMCRMI, 2019 WL 2499710, at *5 (N.D. Cal. June 17, 2019)). "Because of this, 'a party's objection that a subpoena to a nonparty seeks irrelevant information, or that it would impose an undue burden, are not grounds on which that party can base standing to move to quash a subpoena when the nonparty has not objected.'" *Id.*

Here, the Parties agree that Greg Dessart is a non-party to the action. [Dkt. 151 at 1, 3]. The amended complaint withdraws Mr. Dessart as a named plaintiff, and the Parties provide no reason why the Court should treat Mr. Dessart as a party. *See* Dkt. 151. Because Dessart is undisputedly

4

a non-party to this action, the general presumption that parties to the litigation lack standing to move to quash a subpoena directed to a non-party applies here. *In re Uber Techs., Inc., Passenger Sexual Assault Litig.*, 2024 WL 3416644, at *2 (quoting *Glass Egg Digital Media*, 2019 WL 2499710, at *5).

Based on the arguments and relief sought in Joint Discovery Letter Brief, Plaintiffs are moving to quash the Dessart subpoena (albeit by styling their "request" as a motion seeking to "prevent" his deposition). *See* Dkt. 151. As the movants, Plaintiffs have the burden of persuasion to overcome the presumption that they lack standing to quash a non-party subpoena. *In re Uber Techs., Inc., Passenger Sexual Assault Litig.*, 2024 WL 3416644, at *2 (citing *EON Corp. IP Holdings, LLC v. T-Mobile USA, Inc.*, No. 12-cv-080082-LHK (PSG), 2012 WL 1980361, at *1 (N.D. Cal. June 1, 2012)).

Based on the record presented here, Plaintiffs have not met their burden of persuasion and have thus failed to establish they have standing to move to quash the subpoena. In the Joint Discovery Letter Brief, Plaintiffs argue that the deposition subpoena directed to Mr. Dessart seeks irrelevant information and that the subpoena imposes undue burdens. Dkt. 151 at 1–3. Based on the record presented, Mr. Dessart has not objected to the subpoena. Plaintiffs' objections and arguments against the deposition subpoena do not demonstrate that Plaintiffs have a personal right or privilege with respect to the Dessart deposition. Accordingly, Plaintiffs' objections and arguments are not sufficient to show they have standing to move to quash the Dessart subpoena. *In re Uber Techs., Inc., Passenger Sexual Assault Litig.*, 2024 WL 3416644, at *2 (quoting *Glass Egg Digital Media*, 2019 WL 2499710, at *5). Plaintiffs' arguments against the subpoena (relevance and alleged undue burden) are the kinds of objections Mr. Dessart would have standing to assert, not Plaintiffs. Therefore, the Court finds that the Plaintiffs lack standing to move to quash the Dessart subpoena.

Accordingly, the Court **DENIES WITHOUT PREJUDICE** Plaintiffs' motion to quash the deposition subpoena directed to Mr. Dessart. The Court also **DENIES WITHOUT PREJUDICE** Plaintiffs' request for a protective order as **MOOT**.

///

## CONCLUSION

As discussed herein, the Court **DENIES WITHOUT PREJUDICE** Defendant AddShoppers's motion for an order compelling non-party Greg Dessart to attend a deposition pursuant to subpoena. The Court **DENIES WITHOUT PREJUDICE** Plaintiffs' motion to quash the Dessart subpoena and **DENIES WITHOUT PREJUDICE** Plaintiffs' request for a protective order as **MOOT**.

**IT IS SO ORDERED.**

Dated: January 23, 2025

PETER H. KANG
United States Magistrate Judge