**WOMBLE BOND DICKINSON (US) LLP**
TOMIO B. NARITA (SBN 156576)
*Tomio.Narita@wbd-us.com*
JEFFREY A. TOPOR (SBN 195545)
*Jeff.Topor@wbd-us.com*
R. TRAVIS CAMPBELL (SBN 271580)
*Travis.Campbell@wbd-us.com*
SAMUEL R. MELAMED (SBN 301303)
*Samuel.Melamed@wbd-us.com*
MICHELLE F. CATAPANG (SBN 308038)
*Michelle.Catapang@wbd-us.com*
50 California Street, Suite 2750
San Francisco, California 94111
Telephone: (415) 433-1900
Facsimile: (415) 433-5530

**BRANN & ISAACSON**
DAVID W. BERTONI (admitted *pro hac vice*)
*dbertoni@brannlaw.com*
113 Lisbon Street
Lewiston, ME 04243-3070
Telephone: (207) 786-9325
Facsimile: (207) 783-9325

Attorneys for Defendant
ADDSHOPPERS, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| ABBY LINEBERRY, TERRY MICHAEL COOK and MIGUEL CORDERO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ADDSHOPPERS, INC. and PEET'S COFFEE, INC.,<br><br>Defendants. | CASE NO. 3:23-cv-01996-VC<br><br>**DEFENDANT ADDSHOPPERS, INC.'S SUPPLEMENTAL OPPOSITION TO MOTION FOR CLASS CERTIFICATION [DOCKET NOS. 147 AND 170]**<br><br>Date: March 20, 2025<br>Time: 10:00 a.m.<br>Place: Courtroom 4, 17th Floor<br>Judge: Hon. Vince Chhabria |

## I.  ARGUMENT

### A.  Plaintiffs' CIPA Claims Are Atypical And Subject To Unique Defenses

Plaintiffs Abby Lineberry ("Lineberry") and Miguel Cordero ("Cordero") have a single claim against Defendant AddShoppers, Inc. ("AddShoppers") – a "wiretapping" claim under section 631(a) of the California Penal Code ("CIPA"). *See* Doc. No. 170.[1] Neither Plaintiff can establish typicality, however, because their CIPA claims are subject to unique defenses that have been, and will continue to be, the primary focus of this litigation. *See, e.g., Hanon v. Dataprods. Corp.*, 976 F.2d 497, 508 (9th Cir. 1992).

For Cordero, AddShoppers <u>did not</u> collect the "contents" of his "communication" with Peet's website, because it did not capture "the specific product [he] viewed," if any. *See Lineberry v. Addshopper, Inc.*, 2025 U.S. Dist. LEXIS 29903, at *9 (N.D. Cal. Feb. 19, 2025); King Decl., ¶ 16 (no data about webpages or products viewed, or any products put in an online shopping cart during November 9, 2021 visit to Peet's website). Rather, AddShoppers merely logged the date of Cordero's visit to Peet's website and the fact that a campaign was triggered. *Id.,* ¶ 16(e) & (g). This is not "contents" of a "communication" under the Court's definition. *See Lineberry*, 2025 U.S. Dist. LEXIS 29903, at *9 ("just the IP address and fact that the website was accessed on a particular date" was not "contents" of "communication" under CIPA). This unique defense to Cordero's CIPA claim will undoubtedly lead to entry of summary judgment against him.  It also renders him atypical.

Nor did AddShoppers capture the "contents" of any "communication" from any visit by Lineberry to Dia & Co's website. The evidence shows it was Brenda Hill (not Lineberry) who visited the site and added a "Navy Olivia Cross-Back Blouse" to an online shopping cart. *See* Doc. No. 163 at p. 6, III.C. Lineberry's new claim that she visited Dia & Co's site on the date in

---

[1] The Court must now "rigorously analyze" whether Plaintiffs have demonstrated all the Rule 23 factors, which requires weighing "the persuasiveness of the evidence presented." *See, e.g., Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 983, n. 8 (9th Cir. 2011); *Miles v. Kirkland's Stores Inc.*, 89 F.4th 1217, 1225, n. 3 (9th Cir. 2024) (same).

question is based on her review of AddShoppers' records, not her own independent recollection. *See* Lineberry Decl., ¶ 6. The First Amended Complaint ("FAC") does not allege she visited Dia & Co's website. *See* Doc. No. 135, ¶¶ 53-57. And she produced nothing (*e.g.*, a copy of her browsing history, an email she received from AddShoppers, etc.) showing she visited that site on any date, let alone on April 10, 2022 (the date AddShoppers logged data about the blouse).

Indeed, Lineberry did not disclose her intent to pursue claims based on her alleged visit to Dia & Co until Plaintiffs filed this motion, after her deposition was taken. *Compare* Doc. No. 147 *with* Doc Nos. 1 & 135. Lineberry should not be allowed to represent a class based on a theory she did not plead or disclose until she sought to certify a class. *See, e.g., Johansson v. Nelnet, Inc.*, 2022 U.S. Dist. LEXIS 184614, at **9-13 (D. Neb. July 21, 2022) ("Plaintiff cannot use a motion for class certification or a redefined putative class to introduce an unpled claim and corresponding theories of liability."). AddShoppers will prevail on summary judgment on this new claim. At a minimum, Lineberry is atypical, because AddShoppers' defense (that it was Brenda Hill, not Lineberry, who viewed the blouse) will become a significant focus of this litigation going forward.

Plaintiffs' CIPA claims are also subject to unique statute of limitations defenses because their purported website visits occurred more than a year before this action was filed. *See* Doc. No. 163 at pp. 6-7. Plaintiffs cannot establish the delayed discovery rule applies because they have not alleged any facts to support its application. *See, e.g.*, *Akopian v. VW Credit, Inc.*, 2013 U.S. Dist. LEXIS 200075, at *6 (C.D. Cal. Apr. 30, 2013) ("a plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must *specifically* plead facts to show (1) the time *and* manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." (emphasis in original, citation omitted));

*see also* Doc. No. 135, ¶¶ 53-57, 63-68.  Indeed, the FAC does not even mention Lineberry's alleged visit to Dia & Co.[2]

Moreover, Peet's and Dia's privacy policies disclosed that third party advertising companies (like AddShoppers) may use tracking technologies to collect information about visitors, including the webpages viewed, and that they would use the data to email targeted offers. *See* Doc. No. 163 at pp. 13-14. Plaintiffs were on inquiry notice of their claims because they had reason to suspect their browsing activity was being collected by companies like AddShoppers. *See Javier v. Assur. IQ LLC*, 649 F. Supp. 3d 891, 901-04 (N.D. Cal. 2023) (rejecting delayed discovery argument; website privacy policy put plaintiffs on notice that third parties were collecting information).[3]

Plaintiffs were also on notice because they knew their email addresses were in AddShoppers' "network" when they received emails <u>from SafeOpt</u> (not the websites they had visited) in 2021 and 2022. *See* Suppl. Catapang Decl.*,* Ex. M [Lineberry Depo., 164:16 – 166:17 (SafeOpt email to Lineberry in June 2021)]; Ex. N [Cordero Depo., 341:12 – 343:17 (SafeOpt emails to Cordero in December 2021 and February 2022)]. Plaintiffs could have easily clicked the hyperlinks in those emails to request their data from AddShoppers. *See Javier*, 649 F. Supp. 3d at 901 (plaintiffs must conduct a "reasonable investigation" when they "suspect[] or should suspect" an injury caused by wrongdoing). Cordero did eventually request his data, but he inexplicably waited until late 2023. *See* Youngentob Decl. (Doc. No. 121-1), ¶¶ 1-5.

Plaintiffs are atypical and any effort to demonstrate their claims should be equitably tolled will require careful consideration of their unique facts.  *See Javier*, 649 F. Supp. 3d at 901 ("The question when a plaintiff actually discovered or reasonably should have discovered the facts for

---

[2] AddShoppers produced data in August 2024 reflecting Lineberry's email address had been associated with the Dia & Co website visit. *See* Suppl. Catapang Decl., ¶ 2. There is no excuse for Plaintiffs failure to plead facts about this website visit in the FAC filed in November 2024.
[3] Indeed, Peet's displayed a cookie banner on its website that contained a link to its policies. *See* Doc. No. 165 at pp. 4, II.A. & pp. 9-10, III.B.1.

purposes of the delayed discovery rule is a question of fact unless the evidence can support only one reasonable conclusion.").[4]

### B.  Plaintiffs Are Inadequate Because They Are Not Members Of The Classes

Neither Cordero nor Lineberry are members of the classes they seek to represent. *See* Doc. No. 163 at pp. 5-6, III.C. AddShoppers did not collect Cordero's "detailed browsing history" when he visited Peet's website. *Id*. at p. 5. Nor did AddShoppers collect Lineberry's "detailed browsing history" during the April 10, 2022 visit to Dia & Co's website. *Id*. at p. 6. Rather, it logged a blouse that someone else viewed; likely Lineberry's friend's mother, Brenda Hill, and only later connected that visit to the record for Lineberry's email. *Id*.  Neither Plaintiff is adequate. *See Sali v. Corona Regional Medical Ctr.*, 909 F.3d 996, 1007 (9th Cir. 2018).

### C.  Plaintiffs Have Not Demonstrated Numerosity

AddShoppers already set forth in its Opposition brief why Plaintiffs have not "affirmatively demonstrate[d] . . . that there are in fact sufficiently numerous parties." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011); *see also* Doc. No. 163 at pp. 4-5, III.B. Notably, with only the CIPA claim remaining, it bears repeating that there is only **one person** in the Dia class who had a "specific product viewed" shared with AddShoppers.[5] Because numerosity is not satisfied, certification must be denied.

### D.  Determining Article III Standing Requires An Individualized Inquiry

The proposed class is comprised of "All natural persons who, while in California, visited Peet's or Dia's websites for whom AddShoppers collected their detailed browsing activity." Doc. 147, Notice of Motion. The Court's recent ruling on the motion to dismiss the FAC makes it clear Plaintiffs cannot establish predominance under Rule 23(b)(3), because an individualized inquiry

---

[4] The same inquiry will be required for each class member that visited websites more than a year before the filing of the original Complaint, which completely undercuts predominance. Alternatively, if the Court were to limit the class to persons who visited the sites within a year of the filing of the original Complaint, neither Plaintiffs would be class members. Either way, certification should be denied.

[5] And that member is almost certainly not Lineberry. *See supra*, II.A.

of the "facts of each case" will be required to determine whether class members have Article III standing. *See Lineberry*, 2025 U.S. Dist. LEXIS 29903 at *3 ("Whether browsing activity is private or personal enough depends on the facts of each case, including how much information is captured and how it is aggregated or used.") (emphasis added).

Under the Court's Order, it would not be sufficient to show that putative class members had visited either Peet's site or Dia's site while in California. Establishing Article III standing as to class members would turn on whether AddShoppers had tied their "browsing activity on one site with personal information disclosed on another site" and whether AddShoppers had "aggregated browsing activity that spanned across many retailers and over years." *Id.* at **3-4. This process would be complicated (if not precluded) by the fact that AddShoppers does not collect personally identifying information about people who visit its brand partner's websites. *See* King Decl., ¶¶ 6, 10, 12. Nor does AddShoppers create "dossiers" about individuals. *See* Catapang Decl., Ex. A [Feamster Report, pp. 24:11-16, 27:1-9]; King Decl., ¶ 10. And AddShoppers often associates the wrong email addresses with devices, like it did with Plaintiffs' expert and the Dessarts. *See* Doc. No. 163 at pp. 8-10, III.D.1. AddShoppers also does not share the information it does collect about specific browsing sessions with any retailer in its network. *See* Youngentob Decl. (Doc. No. 147-1), Ex. 3 [King Depo., at pp. 79:10-15; 206:23 – 207:10; Catapang Decl., Ex. A [Feamster Report, p. 18:23-25].

If a class member can establish their "browsing activity was tracked by dozens of companies through SafeOpt over several years" this might be sufficient (*Lineberry*, 2025 U.S. Dist. LEXIS 29903 at *4), but the Court did not set any clear line, noting that "facts of each case" would determine whether the browsing activity was "personal or private enough." *Id.* at *3. Determining whether each class member suffered a concrete injury will require an individual analysis of the nature of the information AddShoppers collected over time.

## II.   CONCLUSION

For the reasons set forth herein, and in AddShoppers' Opposition (Doc. No. 163), the Court should deny the motion for class certification.

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED February 24, 2025 | **WOMBLE BOND DICKINSON (US) LLP** |
| | | TOMIO B. NARITA |
| 3 | | JEFFREY A. TOPOR |
| | | R. TRAVIS CAMPBELL |
| 4 | | SAMUEL R. MELAMED |
| | | MICHELLE F. CATAPANG |

By: /s/R. Travis Campbell
R. Travis Campbell
Attorneys for Defendant
AddShoppers, Inc.