**WOMBLE BOND DICKINSON (US) LLP**
TOMIO B. NARITA (SBN 156576)
*Tomio.Narita@wbd-us.com*
JEFFREY A. TOPOR (SBN 195545)
*Jeff.Topor@wbd-us.com*
R. TRAVIS CAMPBELL (SBN 271580)
*Travis.Campbell@wbd-us.com*
SAMUEL R. MELAMED (SBN 301303)
*Samuel.Melamed@wbd-us.com*
MICHELLE F. CATAPANG (SBN 308038)
*Michelle.Catapang@wbd-us.com*
50 California Street, Suite 2750
San Francisco, CA 94111
Telephone: (415) 433-1900
Facsimile: (415) 433-5530

**BRANN & ISAACSON**
DAVID W. BERTONI (admitted *pro hac vice*)
*dbertoni@brannlaw.com*
113 Lisbon Street
Lewiston, ME 04243-3070
Telephone: (207) 786-9325
Facsimile: (207) 783-9325

Attorneys for Defendant
ADDSHOPPERS, INC.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| ABBY LINEBERRY, TERRY MICHAEL COOK and MIGUEL CORDERO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ADDSHOPPERS, INC. and PEET'S COFFEE, INC.,<br><br>Defendants. | CASE NO.: 3:23-cv-01996-VC<br><br>**DEFENDANT ADDSHOPPERS, INC.'S OBJECTIONS TO PLAINTIFFS' REPLY EVIDENCE** |

Pursuant to Local Rule 7-3(d), Defendant AddShoppers, Inc. ("AddShoppers") objects to Plaintiffs' reply Exhibits 46, 47, and 48. *See* Doc. Nos. 178-13, 178-14, and 178-15. "[T]he Court does not consider new arguments or evidence presented for the first time in a reply." *In re Flash Memory Antitrust Litig.*, 2010 U.S. Dist. LEXIS 59491, *68 (N.D. Cal. Mar. 31, 2010). For this reason alone, the exhibits should be stricken.

Additionally, the Court should exclude Exhibit 46, a purported screenshot of Dia.com dated March 3, 2025, allegedly showing Dia's cookie banner. *See* Doc. No. 178-13. Plaintiff Abby Lineberry("Lineberry") cites the purported cookie banner in support of her assertion that she declined cookies at Dia & Co's website. *See* Doc. No. 178 at p. 29, II.B.2.c. A cookie banner from 2024 says nothing about whether Lineberry accepted the privacy policies or cookie banner on the site in April 2022 (when she claims AddShoppers' records show she visited the site). Regardless, it was her burden to demonstrate in her moving papers that she did not consent to AddShoppers' alleged collection of her data when she purportedly visited Dia & Co's website. *See, e.g., Reyes v. Educ. Credit Mgmt. Corp.*, 773 Fed. App.'x 989, 990, n. 1 (9th Cir. 2019) ("plaintiff bringing a CIPA claim has the burden to prove that the defendant lacked consent to record"). Her attempt to make this showing for the first time in her reply by relying on new evidence is improper. Exhibit 46 should be excluded.

Exhibits 47 and 48, purported screenshots from Lineberry and Cordero's devices that their counsel claims show evidence of AddShoppers' cookie (*see* Doc. No. 178-14 and 178-15), should also be excluded. These unauthenticated screenshots must be excluded because both Lineberry and Plaintiff Miguel Cordero ("Cordero") expressly refused to produce their devices for inspection during discovery and therefore deprived AddShoppers of the opportunity to inspect Plaintiffs' devices for the presence of its cookie.[1] *See In re Flash*, 2010 U.S. Dist. LEXIS 59491, *68 (defendants entitled to "a full and fair opportunity to respond" to evidence proffered in support of class certification). The Court should not consider Exhibits 47 and 48. If

---

[1] *See* Youngentob Decl., Ex. 40 [Cordero Depo., pp. 171:5-18; 269:7-14]; Ex. 41 [Lineberry Depo., pp. 228:16 – 229:8; 233:8-17].

the Court does consider them, fundamental fairness requires that AddShoppers be given an opportunity to inspect Plaintiffs' devices, so that it can properly respond to Plaintiffs' counsel's contention that AddShoppers' cookie is on the devices.

For the reasons stated herein, AddShoppers requests the Court sustain AddShoppers' objections and not consider Exhibits 46, 47, and 48.

DATED: March 10, 2025                    WOMBLE BOND DICKINSON (US) LLP


By:   s/ *Samuel R. Melamed*
      Samuel R. Melamed
      Attorneys for Defendant AddShoppers, Inc.