# EXHIBIT B

```
                          ___ FILED      ___ LODGED
                          ___ RECEIVED   ___ COPY

                               SEP 1 3 2024

                          CLERK U S DISTRICT COURT
                          DISTRICT OF ARIZONA
                          BY_____DEPUTY
```

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lydia Bultemeyer, on behalf of herself and the Class, | No. CV-14-02530-PHX-SPL |
| Plaintiff, | **VERDICT** |
| v. | |
| CenturyLink, Inc., | |
| Defendant. | |

We, the jury, duly empaneled and sworn in the above-entitled action, upon our oaths, unanimously find as follows:

1. Did CenturyLink obtain consumer credit reports on Ms. Bultemeyer and the Class?

   Yes: ___X___          No: _____

If you answered "yes" to Question No. 1, please proceed to Question No. 2. However, if you do not answer "Yes" to Question No. 1, then your deliberations are concluded. The Foreperson should sign this verdict and inform Court staff.

2. Did CenturyLink have a permissible purpose for obtaining consumer credit reports on Ms. Bultemeyer and the Class?

Yes: _____      No: ___✗_____

If you answered "no" to Question No. 2, proceed to Question No. 3. However, if you did not answer "No" to Question No. 2, then your deliberations are concluded. The Foreperson should sign this verdict and inform Court staff.

3. When obtaining Ms. Bultemeyer's and the Class's consumer credit reports, was CenturyLink's failure to comply with the Fair Credit Reporting Act willful?

Yes: ___✗_____      No: _____

If you answered "Yes" to Question No. 3, proceed to Questions No. 4-5. However, if you did not answer "Yes" to Question No. 3, then your deliberations are concluded. The Foreperson should sign this verdict and inform Court staff.

4. What amount of statutory damages (of not less than $100 and not more than $1,000) do you award to Plaintiff and each class member individually?

$: _500.⁰⁰_____

5. What amount, if any, of punitive do you award in favor of Plaintiff and each class member individually?

$: _2,000___

_September 13ᵗʰ 2024_          _#5_____

DATE                                          FOREPERSON NUMBER

- 2 -

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARY BETH MONTERA,

    Plaintiff,

    v.

PREMIER NUTRITION CORPORATION,

    Defendant.

Case No. 16-cv-06980-RS

**VERDICT FORM**

VERDICT FORM

**I.**

As you have been instructed, in order to establish a violation of New York General Business Law ("GBL") § 349, each of the following elements must be established by a preponderance of evidence: (1) that Premier Nutrition engaged in an act or practice that is deceptive or misleading in a material way; and (2) that Ms. Montera and the class suffered injury as a result.

Do you find that Plaintiff established each of the above elements by a preponderance of the evidence, and therefore that Premier Nutrition engaged in materially deceptive business practices?

Yes    X      No     _____

Please proceed to Question II on page 3.

**II.**

As you have been instructed, in order to establish a violation of GBL § 350, each of the following elements must be established by a preponderance of evidence: (1) that Premier Nutrition engaged in advertising that was deceptive or misleading in a material way; and (2) that Ms. Montera and the class suffered injury as a result.

Do you find that Plaintiff established each of the above elements by a preponderance of the evidence, and therefore that Premier Nutrition engaged in false advertising?

Yes    X       No    _____

If you answer YES to either or both of Question I or Question II, then proceed to Question III on page 4.

If you answered NO to both Question I and Question II, then proceed to the signature line on page 5.

VERDICT FORM
CASE NO. 16-cv-06980-RS

3

**III.**

If you have found, by a preponderance of the evidence, that Premier Nutrition violated GBL § 349 or GBL § 350 by answering "YES" to Question I or Question II above, you must determine how much to award Plaintiff and the class in money damages.

As part of this determination, you are also asked to determine the number of Joint Juice units sold in the state of New York between December 5, 2013 and December 28, 2021, inclusive of those dates.

Total Number of Units Sold: ___166,249___

Total Damages: $___1,488,078.49___

Please ensure that you have complied with the instructions in this form and answered all questions that these instructions directed you to complete. Then please have the foreperson sign and date this form below. After signing the form, please notify the Courtroom Deputy that a verdict has been reached.

Date: 6/7/2022

_Jean P Clarke_

Signature of Foreperson

VERDICT FORM
CASE NO. 16-cv-06980-RS

**FILED**

MAY 13 2019

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| IGNACIO PEREZ, ET AL., | CASE NO. 16-cv-03396-YGR |
| Plaintiffs, | **CLASS ACTION** |
| vs. | **VERDICT FORM** |
| RASH CURTIS & ASSOCIATES, | |
| Defendant. | |

United States District Court
Northern District of California

United States District Court
Northern District of California

**WE, THE JURY IN THE ABOVE-ENTITLED CASE,** unanimously render the following verdicts in accordance with the instructions provided by the Court:

A. **On Plaintiff Perez's individual claims under the <u>Telephone Consumer Protection Act</u>:**

1. Did Rash Curtis call Plaintiff Ignacio Perez on his cellular telephone during the class period with the Global Connect dialer?

   _____X_____         _____
       Yes                  No

   **If you answered "no" to Question No. 1, skip Question Nos. 2 and 3 and proceed to Question No. 4.  If you answered "yes" to Question No. 1, answer Question Nos. 2 and 3.**

2. How many times did Rash Curtis call Plaintiff Ignacio Perez on his cellular telephone during the class period with the Global Connect dialer?

   _____14_____

3. How many of the calls in your answer to Question No. 2 were made using an artificial or prerecorded voice?

   _____14_____

B. **On Class Members' claims under the <u>Telephone Consumer Protection Act</u>, with respect to defendant's use of the Global Connect Dialer:**

4. Did Rash Curtis make calls with its Global Connect dialer to Class Members' cellular telephone numbers obtained through skip-tracing during the class period without their prior express consent?

   

   _____X_____         _____
       Yes                  No

VERDICT FORM                                            NO. 4:16-CV-03396-YGR

If you answered "no" to Question No. 4, skip Question Nos. 5 and 6 and proceed to Question No. 7.  If you answered "yes" to Question No. 4, answer Question Nos. 5 and 6.

5.  State the number of calls Rash Curtis made with its Global Connect dialer to Class Members' cellular telephone numbers during the class period without their prior express consent:

_501,043_

6.  How many of the calls in your answer to Question No. 5 were made using an artificial or prerecorded voice?

_501,043_

C.  **On Class Members' claims under the <u>Telephone Consumer Protection Act</u>, with respect to defendant's use of the VIC Dialer:**

7.  Did Rash Curtis make calls with its VIC dialer to Class Members' cellular telephone numbers obtained through skip-tracing during the class period without their prior express consent?

_____X_____                    _____
   Yes                             No

If you answered "no" to Question No. 7, skip Question Nos. 8 and 9 and proceed to Question No. 10.  If you answered "yes" to Question No. 4, answer Question Nos. 8 and 9.

8.  State the number of calls Rash Curtis made with its VIC dialer to Class Members' cellular telephone numbers during the class period without their prior express consent:

_2,591_

VERDICT FORM                                          NO. 4:16-CV-03396-YGR

9.  How many of the calls in your answer to Question No. 8 were made using an artificial or prerecorded voice?

_____2,591_____

**D.  On Class Members' claims under the <u>Telephone Consumer Protection Act</u>, with respect to defendant's use of the TCN Dialer:**

10. Did Rash Curtis make calls with its TCN dialer to Class Members' cellular telephone numbers obtained through skip-tracing during the class period without their prior express consent?

___X___                    _____

Yes                            No

**If you answered "no" to Question No. 10, you are finished.  If you answered "yes" to Question No. 10, answer Question No. 11.**

11. State the number of calls Rash Curtis made with its TCN dialer to Class Members' cellular telephone numbers during the class period without their prior express consent:

_____31,064_____

**Please sign and date this verdict form, then return to the Court.**

Dated: _____5/13/19_____

_____3_____
FOREPERSON NUMBER

_____
FOREPERSON SIGNATURE

United States District Court
Northern District of California

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LORI WAKEFIELD, individually and on behalf of a class of others similarly situated,** | Case No. 3:15-cv-1857-SI |
| Plaintiff, | **SPECIAL VERDICT** |
| v. | |
| **VISALUS, INC.,** | |
| Defendant. | |

**WE, THE JURY**, being first duly sworn, unanimously find as follows:

## COUNT ONE

### Ms. Wakefield's Individual Claim

1.    Did the Plaintiff, Ms. Wakefield, prove by a preponderance of the evidence that the Defendant, ViSalus, Inc., made or initiated at least one telemarketing call using an artificial or prerecorded voice to a residential telephone line (residential landline) belonging or registered to Ms. Wakefield, in violation of the TCPA?

YES ___✓___          NO _____

*If you answered "Yes" to Question No. 1, please proceed to Question No. 2. If you answered "No" to Question No. 1, please skip Question No. 2 and proceed to Question No. 3.*

PAGE 1 – SPECIAL VERDICT

2.      How many telemarketing calls using an artificial or prerecorded voice made or initiated to a residential telephone line (residential landline) belonging or registered to Ms. Wakefield did the Plaintiff prove by a preponderance of the evidence?

_____4_____ (number)

## COUNT TWO

### Class Claim

A.      **Mobile (Cellular) Telephones and Residential Landlines Combined**

3.      Did the Plaintiff, as Class Representative, prove by a preponderance of the evidence that the Defendant, ViSalus, Inc., made or initiated at least one telemarketing call using an artificial or prerecorded voice to either: (a) a mobile (or cellular) telephone or (b) a residential telephone line (residential landline), belonging or registered to one or more class members other than Ms. Wakefield, in violation of the TCPA?

YES ___✓___            NO _____

*If you answered "Yes" to Question No. 3, please proceed to Question No. 4. If you answered "No" to Question No. 3, please skip all remaining questions and have the presiding juror date and sign this form.*

4.      How many telemarketing calls using an artificial or prerecorded voice made or initiated by the Defendant, ViSalus, Inc., to either: (a) a mobile (or cellular) telephone or (b) a residential telephone line (residential landline), belonging or registered to one or more class members other than Ms. Wakefield, in violation of the TCPA, did the Plaintiff, as Class Representative, prove by a preponderance of the evidence?

1,850,436 (number)

PAGE 2 – SPECIAL VERDICT

### B. Mobile (Cellular) Telephones <u>Only</u>

5.     Did the Plaintiff, as Class Representative, prove by a preponderance of the

evidence that the Defendant, ViSalus, Inc., made or initiated at least one telemarketing call using

an artificial or prerecorded voice to a mobile (or cellular) telephone belonging or registered to

one or more class members other than Ms. Wakefield, in violation of the TCPA?

YES __________          NO _____

*If you answered "Yes" to Question No. 5, please proceed to Question No. 6. If you answered
"No" to Question No. 5, please skip Question No. 6 and proceed to Question No. 7.*

6.     How many telemarketing calls using an artificial or prerecorded voice made or

initiated by the Defendant, ViSalus, Inc., to a mobile (or cellular) telephone belonging or

registered to one or more class members other than Ms. Wakefield, in violation of the TCPA, did

the Plaintiff, as Class Representative, prove by a preponderance of the evidence?

 (number)

### C. Residential Landline Telephones <u>Only</u>

7.     Did the Plaintiff, as Class Representative, prove by a preponderance of the

evidence that the Defendant, ViSalus, Inc., made or initiated at least one telemarketing call using

an artificial or prerecorded voice to a residential telephone line (residential landline) belonging

or registered to one or more class members other than Ms. Wakefield, in violation of the TCPA?

YES _____✓_____          NO _____

*If you answered "Yes" to Question No. 7, please proceed to Question No. 8. If you answered
"No" to Question No. 7, please skip Question No. 8 and have the presiding juror date and sign
this form.*

PAGE 3 – SPECIAL VERDICT

8.      How many telemarketing calls using an artificial or prerecorded voice made or
initiated by the Defendant, ViSalus, Inc., to a residential telephone line (residential landline)
belonging or registered to one or more class members other than Ms. Wakefield, in violation of
the TCPA, did the Plaintiff, as Class Representative, prove by a preponderance of the evidence?

<u>We cannot tell</u> (number)

*Your deliberations are now complete. Please have the presiding juror date and sign this form
and inform the Courtroom Deputy that you are ready to return to the Courtroom.*

DATED this __12th__ day of April, 2019.

PAGE 4 – SPECIAL VERDICT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SERGIO L. RAMIREZ,

Plaintiff,

v.

TRANS UNION, LLC,

Defendant.

Case No.12-cv-00632-JSC

**FINAL VERDICT FORM**

We, the jury in the above-entitled action, find as follows:

**Question No. 1 (First Claim)**:  Did Defendant Trans Union, LLC willfully fail to follow reasonable procedures to assure the maximum possible accuracy of the OFAC information it associated with members of the class?

Yes _____✓_____ No _____

Proceed to Question No. 2.

**Question No. 2 (Second Claim)**:  Did Defendant Trans Union, LLC willfully fail to clearly and accurately disclose OFAC information in the written disclosures it sent to members of the class?

Yes _____✓_____ No _____

Proceed to Question No. 3.

**Question No. 3 (Third Claim)**: Did Defendant Trans Union, LLC willfully fail to provide class members a summary of their FCRA rights with each written disclosure made to them?

Yes _____✓_____ No _____

**If your answer is "Yes" to Question Nos. 1, 2, or 3 (or any combination of these), proceed to Question No. 4. However, if you do not answer "Yes" to any of Questions Nos. 1, 2, or 3, then your deliberations are concluded. Your Presiding Juror should sign this verdict and inform Court staff.**

**Question No. 4**: What amount of statutory damages (of not less than $100 and not more than $1,000) do you award to each class member?

$ ___984.22___

**Your deliberations are now concluded. Your Presiding Juror should sign this verdict and inform Court staff.**

_____
**Presiding Juror**

2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RAUL SIQUEIROS, et al.,

            Plaintiffs,

    v.

GENERAL MOTORS LLC,

           Defendant.

Case No. 16-cv-07244-EMC

**VERDICT FORM**

**VERDICT FORM**

United States District Court
Northern District of California

**BREACH OF IMPLIED WARRANTY UNDER CALIFORNIA SONG-BEVERLY**

**CONSUMER WARRANTY ACT**

1.      Do you find, by a preponderance of the evidence, that Plaintiffs have proven all elements of this claim for Plaintiff Tarvin and all other California class members?

_____✓_____ YES

_____ NO

**If you answered "yes" to Question #1, answer Questions #2 and #3 below. If you answered "no" to Question 1, skip Questions #2 and #3, and proceed to Question #4, below.**

2.      Do you find, by a preponderance of the evidence, that Plaintiffs have proven that the statute of limitations is to be tolled for all California class members who purchased or leased a Class Vehicle before December 19, 2012?

_____✓_____ YES

_____ NO

3.      What amount of damages do you find (if any), by a preponderance of the evidence, to be the economic damages of each member of the California class, including Plaintiff Tarvin, for breach of implied warranty under the Song-Beverly Warranty Act? Any damages should be awarded on a per vehicle basis.

$ __2,700__

United States District Court
Northern District of California

**BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

**UNDER NORTH CAROLINA LAW**

    4.     Do you find, by a preponderance of the evidence, that Plaintiffs have proven all elements of this claim for Plaintiff Davis and all other North Carolina class members?

    _____✓_____  YES

    _____  NO

**If you answered "yes" to Question #4, answer Questions #5 and #6 below. If you answered "no" to Question #4, skip Questions #5 and #6, and proceed to Question #7, below.**

    5.     Do you find, by a preponderance of the evidence, that Plaintiffs have proven that the statute of limitations is to be tolled for all North Carolina class members who purchased or leased a Class Vehicle before December 19, 2012?

    _____✓_____  YES

    _____  NO

    6.     What amount of damages do you find (if any), by a preponderance of the evidence, to be the economic damages of each member of the North Carolina class, including Plaintiff Davis, for breach of implied warranty under North Carolina law? Any damages should be awarded on a per vehicle basis.

$ __2,700__

United States District Court
Northern District of California

3

# VIOLATION OF THE IDAHO CONSUMER PROTECTION ACT

7. Do you find, by a preponderance of the evidence, that Plaintiffs have proven all elements of this claim for Plaintiff Del Valle and all other Idaho class members?

_____✓_____ YES

_____ NO

**If you answered "yes" to Question #7, answer Questions #8 and #9 below. If you answered "no" to Question #7, there are no further questions.**

8. For any Idaho class member who purchased or leased a Class Vehicle before December 19, 2014, do you find, by a preponderance of the evidence, that Plaintiffs have proven that Plaintiff Del Valle and all other Idaho class members did not know, and through the exercise of reasonable diligence could not have known, that their claim might exist before December 19, 2014?

_____✓_____ YES

_____ NO

9. What amount of damages do you find (if any), by a preponderance of the evidence, to be the economic damages of each member of the Idaho class, including Plaintiff Del Valle, for violation of the Idaho Consumer Protection Act?

$ __2,700__

DATED: __October 4__, 2022

_____
FOREPERSON

4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

FILED
IN THIS OFFICE
JAN 19 2017
Clerk U.S. District Court
Greensboro NC
BY

THOMAS H. KRAKAUER, )
 )
Plaintiff, )
 )
v. )    1:14-CV-333
 )
DISH NETWORK L.L.C., )
 )
Defendant. )

## VERDICT SHEET

1.    Was SSN acting as Dish's agent when it made the telephone calls at issue from May 11, 2010, through August 1, 2011?

[ ✓ ]    YES

[   ]    NO

*If Yes, continue to Question 2.  If No, skip all other questions and sign the verdict sheet.*

2.    Did SSN make and class members receive at least two telephone solicitations to a residential number in any 12-month period by or on behalf of Dish, when their telephone numbers were listed on the National Do Not Call Registry?

[ ✓ ]    YES as to Dr. Krakauer and all class members

*If Yes, continue to Question 3 and skip the following questions.*

[   ]    YES as to Dr. Krakauer and all class members except the following, whose numbers plaintiff has not proven were residential:

[   ]    Telephone numbers that LexisNexis always identifies as "unknown"

[   ]    Telephone numbers that LexisNexis identifies as residential before May 11, 2010 or after August 1, 2011

[   ]   Telephone numbers that LexisNexis identifies as "unknown" in the May 2010 to August 2011 time period that the calls were made but identifies differently at other times

[   ]   Telephone numbers that LexisNexis identifies as both residential and "unknown"

[   ]   Telephone numbers that LexisNexis always identifies as residential, including in the May 2010 to August 2011 time period that the calls were made

[   ]   Telephone numbers that LexisNexis identifies as cellular and possibly cellular

[   ]   NO

> *If you answer Yes in whole or in part, also answer Question 3. If you answer No to Question 2, skip Question 3 and sign the verdict sheet.*

3.    What amount, up to $500, do you award for each call made in violation of the TCPA?

$   *400.00*

_Robert S. Jackson_     _01/19/2017_
Foreperson                  Date