David M. Berger (SBN 277526)
**GIBBS LAW GROUP LLP**
1111 Broadway, Suite 2100
Oakland, California 94607
Telephone: (510) 350-9713
Facsimile: (510) 350-9701
dmb@classlawgroup.com

Norman E. Siegel (*pro hac vice*)
J. Austin Moore (*pro hac vice*)
Kasey Youngentob (*pro hac vice*)
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
(816) 714-7100 (tel.)
siegel@stuevesiegel.com
moore@stuevesiegel.com
youngentob@stuevesiegel.com

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ABBY LINEBERRY and MIGUEL CORDERO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ADDSHOPPERS, INC., and PEET'S COFFEE, INC.,<br><br>Defendants. | Case No. 3:23-cv-01996-VC<br><br>**PLAINTIFFS' OPPOSITION TO ADDSHOPPPERS' MOTION TO STRIKE EXHIBITS 46-48**<br><br>Judge: Hon. Vince Chhabria |

AddShoppers' moves the Court to strike three exhibits: (a) Exhibit 46 (a screenshot from Dia & Co.'s website) and (b) Exhibits 47-48 (screenshots showing AddShoppers' cookie on Plaintiffs' devices). Dkt No. 183. Plaintiffs presented sufficient evidence necessary to satisfy the requirements for class certification in their opening motion for class certification. The Court should deny AddShoppers' request because Plaintiffs' exhibits are responsive evidence, not new evidence.

Indeed, "evidence is not new, if it is submitted in direct response to proof adduced in opposition to a motion." *Edwards v. Toys "R" Us*, 527 F. Supp. 2d 1197, 1205 (C.D. Cal. 2007) (cleaned up). Here, "[r]ather than offering new facts, the [evidence] to which [AddShoppers] object[s] offer a characterization" about issues on consent and standing "that is different than [AddShoppers] offered in [its] opposition." *Id*. In other words, Plaintiffs "submitted the evidence in direct response to Defendants' arguments in their opposition." *Bank v. Shanker*, 2021 WL 3112452, at *7 (N.D. Cal. July 22, 2021).

**A. Plaintiffs' Dia website screenshot is proper rebuttal evidence.**

AddShoppers misunderstands both the purpose for the Dia screenshot and class certification standards. It claims Lineberry must "prove she did not consent to the data collection on Dia & Co.'s website" for class certification. Dkt. No. 183 at 2. Not so. Even if Lineberry carries the burden for consent (she doesn't), she need only show that consent is a common issue. *See* Reply at 3-13. And AddShoppers highlighted this commonality when it relied on Dia's form disclosures to show class members consented to its conduct. *Id.*

AddShoppers also contends "[a] cookie banner from 2024 says nothing about whether Lineberry accepted the privacy policies or cookie banner on the site in April 2022." Dkt. No. 183 at 2. But Plaintiffs offer the screenshot for a different purpose: to show even Dia's most recent cookie banner fails to establish express consent under the Ninth Circuit's recent decision in *Chabolla v. ClassPass, Inc.*, --- F.4th ---, 2025 WL 630813 (9th Cir. Feb. 27, 2025). *See* Reply at 5-6. This is particularly relevant for Lineberry, who consistently declines cookies when presented with such banners. *Id*. at 29.

1

**B. Plaintiffs' cookie screenshots are proper rebuttal evidence.**

AddShoppers' objection to "unauthenticated screenshots" documenting its cookies on Plaintiffs' devices in meritless for three reasons:

*First*, Plaintiffs introduced these exhibits to correct AddShoppers' misleading assertions about Plaintiffs' risk of future tracking. Although Plaintiffs need not show the presence of any AddShoppers cookie to establish standing, this evidence directly rebuts its incorrect claims on this issue. *See* Reply at 32-34. By contrast, AddShoppers only cites a case where the plaintiffs tried to provide an expert declaration on reply. *See In re Flash Memory Antitrust Litig.*, 2010 WL 2332081, at *15 (N.D. Cal. June 9, 2010).

*Second*, Plaintiffs produced these screenshots in response to AddShoppers' own discovery requests. AddShoppers had the opportunity to examine this evidence and question Cordero about the screenshots during his deposition but chose not to do so. AddShoppers is merely recycling complaints about access to Plaintiffs' devices that the Court has already rejected. *See Lineberry v. AddShoppers, Inc.*, 2024 WL 4707986 (N.D. Cal. Nov. 6, 2024); Dkt No. 131 (objections to order on letter brief); N.D. Cal. Civ. L.R. 72-2(d) ("If no order denying the motion or setting a briefing schedule is made within 14 days of filing the motion, the motion shall be deemed denied.").

*Third*, Ninth Circuit expressly held that "[i]nadmissibility alone is not a proper basis to reject evidence submitted in support of class certification." *Sali v. Corona Reg'l Med. Ctr.*, 909 F.3d 996, 1004 (9th Cir. 2018). Thus, like AddShoppers' other arguments against class certification, its objection based on authentication is foreclosed by binding Ninth Circuit precedent. *See* Reply at 1-2 (comparing each argument to Ninth Circuit precedent).

For the above reasons, Plaintiffs ask the Court to deny AddShoppers' objections to Exhibits 46-48.

Dated: March 17, 2025                    Respectfully submitted,

                                         /s/ *Kasey A. Youngentob*
                                         Norman E. Siegel (*pro hac vice*)
                                         J. Austin Moore (*pro hac vice*)

Kasey Youngentob (*pro hac vice*)
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
(816) 714-7100 (tel.)
siegel@stuevesiegel.com
moore@stuevesiegel.com
youngentob@stuevesiegel.com

David M. Berger (SBN 277526)
**GIBBS LAW GROUP LLP**
1111 Broadway, Suite 2100
Oakland, California 94607
Telephone: (510) 350-9713
Facsimile: (510) 350-9701
dmb@classlawgroup.com