MORGAN, LEWIS & BOCKIUS LLP
Megan A. Suehiro, Bar No. 316104
megan.suehiro@morganlewis.com
300 South Grand Avenue, Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: +1.213.612.2500

Phillip J. Wiese, Bar No. 291842
phillip.wiese@morganlewis.com
M. Abigail West, Bar No. 324456
abigail.west@morganlewis.com
Alexandra M. Gonsman, Bar No. 339361
alexandra.gonsman@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel: +1.415.442.1000

Ezra D. Church (*admitted pro hac vice*)
ezra.church@morganlewis.com
2222 Market Street
Philadelphia, PA 19103-3007
Tel: +1.215.963.5000

Attorneys for Defendant
PEET'S COFFEE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABBY LINEBERRY, TERRY MICHAEL COOK and MIGUEL CORDERO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ADDSHOPPERS, INC., and PEET'S COFFEE INC.,<br><br>Defendants. | Case No. 3:23-cv-01996-VC<br><br>**DEFENDANT PEET'S COFFEE, INC.'S SECOND SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND MOTION TO EXCLUDE EXPERT TESTIMONY**<br><br>Ctrm: 4 – 17th Floor<br>Judge: Hon. Vince Chhabria |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

PEET'S COFFEE'S SECOND SUPP. BRIEF IN
OPP. TO CLASS CERTIFICATION
3:23-cv-01996-VC

## I. INTRODUCTION

The Court's tentative ruling that "Cordero is not a typical and adequate class representative" (Dkt. 202) should be entered as the Court's final ruling. Cordero is not a typical or adequate class representative because he proffered no evidence that AddShoppers ever collected browsing activity about his alleged November 2021 visit—or any other visit—to Peet's website. To the contrary, Cordero testified as follows:

- AddShoppers' data on Cordero reflects only one visit to Peet's website, recorded on November 9, 2021;

- The only information in AddShoppers' data about the November 9, 2021, visit is the date and time of the visit;

- Nothing in AddShoppers' records reflects any specific product viewed on Peet's website;

- Nothing in AddShoppers' records shows any specific pages that were viewed on Peet's website;

- Nothing in AddShoppers' records shows any product placed into the shopping cart on Peet's website;

- Nothing in AddShoppers' records shows any purchase from Peet's website; and

- He never received an email sent from or on behalf of Peet's.

Declaration of Megan A. Suehiro, Ex. A (March 21, 2025, Hearing Transcript) ("Tr.") at 8:11-9:2, 14:8-17, 59:16-61:8.

Cordero is not even a member of the class he seeks to represent—those whose "detailed browsing activity" was collected—and the resolution of the class claims would be derailed by questions of whether Cordero has standing, whether "contents" of a communication were intercepted under CIPA, and whether his claims are barred by the statute of limitations. These questions, along with the "serious credibility issues" the Court identified, confirm that Cordero is

Morgan, Lewis &
Bockius LLP
Attorneys at Law

- 1 -

PEET'S COFFEE'S SECOND SUPP. BRIEF IN
OPP. TO CLASS CERTIFICATION
3:23-cv-01996-VC

not a typical or adequate class representative under Rule 23(a)(3) and (4), and class certification as to Peet's should be denied.[1]

## II. CORDERO'S LACK OF CREDIBILITY PRECLUDES A FINDING OF TYPICALITY AND ADEQUACY.

The Court properly determined that Cordero's testimony "raised serious credibility issues," both with respect to the chicken waffle sandwich and Christmas shopping in July. Dkt. 202.

*First*, Cordero's memory of his visit to Peet's website has shifted over the course of the litigation. In both the First Amended Complaint and Cordero's class certification declaration, Cordero failed to mention anything about a chicken waffle sandwich. Dkts. 135, 147-30. When Cordero filed the First Amended Complaint, he did not even know about the chicken waffle sandwich. Tr. 45:23-46:2. Cordero's class certification declaration was similarly silent about any specific items he purportedly viewed, and instead stated that AddShoppers' data collection likely occurred because he viewed ***multiple*** product pages on Peet's website. Dkt. 147-30 at ¶ 6.

At the hearing, Cordero's story changed entirely. He testified that despite the passage of more than three years since his purported November 2021 visit to Peet's website, he now specifically recalled viewing a chicken waffle sandwich—and only a chicken waffle sandwich— on Peet's website. Tr. 29:21-30:11, 34:17-35:2. He testified adamantly that he put the sandwich in his shopping cart "to see kind of taxes, how much it would be, allergen information, things of that nature." *Id.* 30:12-18. When this Court pressed him, Cordero's story changed further by conceding that he did not need to put the sandwich in his cart to discern allergy information. *Id.* 32:8-12. Cordero's shifting and inconsistent testimony demonstrates that he is not credible and is an inadequate class representative as a result. *See, e.g.*, *Nighien v. Dick's Sporting Goods, Inc.*,

---

[1] This supplemental brief does not address the Court's tentative rulings as to Lineberry, who does not assert any claims against Peet's.

Morgan, Lewis &
Bockius LLP
Attorneys at Law

- 2 -

PEET'S COFFEE'S SECOND SUPP. BRIEF IN
OPP. TO CLASS CERTIFICATION
3:23-cv-01996-VC

318 F.R.D. 375, 383 (C.D. Cal. 2016) (finding class representative inadequate when "he and his counsel [would] have to devote most of their time and resources trying to refute" attacks to his credibility); *Harris v. Vector Mktg. Corp.*, 753 F. Supp. 2d 996, 1015 (N.D. Cal. 2010) ("The honesty and credibility of a class representative is a relevant consideration when performing the adequacy inquiry 'because an untrustworthy plaintiff could reduce the likelihood of prevailing on the class claims.'").

*Second*, Cordero testified that he went to Peet's website in July 2024 to do Christmas shopping. Tr. 36:12-24. Setting aside the implausibility of Christmas shopping in the middle of the summer for products he ultimately did not gift, *id.* 38:25-39:2, Cordero could not explain the self-described "cosmic coincidence" that he happened to visit Peet's website for the first time in nearly three years **on the same day** he spoke with his counsel in this case, and **just hours before** requesting his data from AddShoppers. *Id.* 35:20-37:5, 37:17-24. The more logical explanation is that Cordero visited Peet's website in July 2024 in attempt to trigger the collection of information by AddShoppers and/or an email from AddShoppers, which, in any event, never occurred. *Id.* 8:11-9:2, 14:8-17. Cordero's lack of credibility regarding the July 2024 visit to Peet's website further confirms that he is an inadequate class representative. *See Nighien*, 318 F.R.D. at 383.

### III. CORDERO IS NOT EVEN A MEMBER OF THE PUTATIVE CLASS HE SEEKS TO REPRESENT.

Cordero also cannot meet Rule 23's typicality requirement because he is not even a member of the putative class he seeks to represent: "All natural persons who, while in California, visited Peet's website for whom AddShoppers collected their **detailed browsing activity**." Dkt. 147 at i (emphasis added).

Cordero concedes that the only data that was collected about him was the date and time of a single visit to Peet's website in November 2021. Tr. 45:17-19, 60:5-7. That information is not

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

- 3 -

PEET'S COFFEE'S SECOND SUPP. BRIEF IN
OPP. TO CLASS CERTIFICATION
3:23-cv-01996-VC

"detailed browsing activity," and means that he cannot represent the putative class. *See Sali v. Corona*, 909 F.3d 996, 1007 (9th Cir. 2018) (recognizing that a named plaintiff "must be a member of the class [he] seeks to represent").

To the extent Cordero speculates that AddShoppers collected his shopping cart data based on his Google search history, Tr. 29:2-30:1, the existence of product browsing history in the Google search engine on Plaintiff's own device says nothing about whether ***AddShoppers*** actually collected that data. Nothing in the record demonstrates by a preponderance of the evidence that AddShoppers did so. At a minimum, the fact that extensive discovery and an evidentiary hearing were necessary to evaluate whether AddShoppers collected any browsing information underscores the individualized nature of Cordero's claim and its unsuitability for class treatment.

## IV. CORDERO'S TESTIMONY CONFIRMS THAT HE IS SUBJECT TO UNIQUE DEFENSES AND CANNOT MEET HIS BURDEN ON TYPICALITY AND ADEQUACY.

As the Ninth Circuit has recognized, a plaintiff seeking certification must demonstrate that his claims are not subject to unique factual and legal circumstances. *Sandoval v. Cnty. of Sonoma*, 912 F.3d 509, 518 (9th Cir. 2018). Even "an arguable defense peculiar to the named plaintiff or a small subset of the plaintiff class may destroy the required typicality of the class as well as bring into question the adequacy of the named plaintiff's representation." *Cholakyan v. Mercedes-Benz, USA, LLC*, 281 F.R.D. 534, 557 (C.D. Cal. 2012); *see also Berger v. Home Depot USA Inc.*, 2011 WL 13224881, at *6 (C.D. Cal. Mar. 28, 2011) (finding typicality lacking "where putative class members face different defenses"). Cordero cannot meet his burden on typicality or adequacy because he is subject to unique defenses that will distract from the resolution of any class claims.

*First*, Cordero cannot demonstrate Article III standing given his testimony that the only information AddShoppers collected about his visit to Peet's website was the date and time of that visit. *See I.C. v. Zynga, Inc.*, 600 F. Supp. 3d 1034, 1049 (N.D. Cal. 2022) (plaintiffs lacked

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

- 4 -

PEET'S COFFEE'S SECOND SUPP. BRIEF IN
OPP. TO CLASS CERTIFICATION
3:23-cv-01996-VC

standing where they failed to show the information at issue was "private"); *Byars v. Sterling Jewelers, Inc.*, 2023 WL 2996686, at *3 (C.D. Cal. Apr. 5, 2023) (plaintiff lacked Article III standing where she did not identify "any specific personal information" or "sensitive information" implicating "a protectable privacy interest").[2] This Court's recent motion to dismiss decision specifically identified Article III standing as a key inquiry. Dkt. 170 at 1-2. Although courts within the Ninth Circuit have certified classes including uninjured putative class members, here, the ***named plaintiff*** arguably does not have standing, rendering him an inadequate and atypical class representative. *See NEI Contracting & Eng'g, Inc. v. Hanson Aggregates Pac. Sw., Inc.*, 926 F.3d 528, 532 (9th Cir. 2019) ("[I]f none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class.") (citations omitted).

*Second*, since only date and time were collected, Cordero faces further questions about whether AddShoppers intercepted the "contents" of any communication with Peet's—a basic requirement to establish a claim under CIPA. *In re Zynga Priv. Litig.*, 750 F.3d 1098, 1107-09 (9th Cir. 2014). Courts routinely conclude that date and time constitute record information and are not actionable. *See* Dkt. 171 (Peet's Supp. Brief) at 3-4; *Jones v. Tonal Sys., Inc.*, 751 F. Supp. 3d 1025, 1037-38 (S.D. Cal. 2024) (citing *Yoon v. Lululemon*, 549 F. Supp. 3d 1074, 1082 (C.D. Cal. 2021)); *Doe v. Adventist Health Care Network, Inc.*, No. 22STCV36304 (L.A. Super. Ct. Feb. 14, 2025) (finding the collection of record data insufficient to support CIPA claim). Even if the

---

[2] *See also Cordero v. Sportsman's Warehouse Holdings, Inc.*, No. 2:24-cv-575-DAK-CMR (D. Utah 2025) (finding Cordero lacked standing because he did not allege an invasion of a protectable privacy interest); *Ingrao v. AddShoppers, Inc.*, No. 2:24-cv-01011-JHS (E.D. Pa. 2024) (finding plaintiffs lacked standing given their failure to allege the disclosure of private or personal information).

Morgan, Lewis &
Bockius LLP
Attorneys at Law

- 5 -

PEET'S COFFEE'S SECOND SUPP. BRIEF IN
OPP. TO CLASS CERTIFICATION
3:23-cv-01996-VC

Court considers this to be an open question, the existence of a question unique to Cordero renders him atypical under Rule 23. *See Cholakyan*, 281 F.R.D. at 557.

*Third*, given Cordero's testimony that his claim is based solely on his alleged visit to Peet's website in November 2021—**more than a year before this lawsuit was commenced**—he faces significant questions at trial about whether his claim is time-barred by CIPA's one-year statute of limitations. Cal. Code Civ. Proc. § 340(a). Statute of limitations issues often preclude named plaintiffs from serving as class representative. *See, e.g.*, *Nguyen v. Nissan N. Am., Inc.*, 487 F. Supp. 3d 845, 858-60 (N.D. Cal. 2020) (typicality not met when named plaintiff's claims were time-barred); *Lindblom v. Santander Consumer USA, Inc.*, 2018 WL 573356, at *5 (E.D. Cal. Jan. 26, 2018) ("[T]his Court and other courts in this Circuit routinely preclude time-barred plaintiffs from serving as class representatives when they seek to represent members with timely claims."). Although Cordero may argue that he can claim the benefit of equitable tolling, that does not solve the problem, since the trial would invariably focus on unique questions about whether he had reasonable notice and acted with diligence to pursue his claims. *See Lindblom*, 2018 WL 573356, at *5.

## V. CONCLUSION

For the foregoing reasons, and the reasons set forth in Peet's Opposition and Supplemental Brief in Opposition to Plaintiffs' Motion for Class Certification, the Court should affirm its tentative ruling and deny Plaintiffs' Motion as to Cordero and any purported class against Peet's.

/ / /

/ / /

/ / /

/ / /

Dated: April 18, 2025

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By  /s/ *Megan A. Suehiro*
Megan A. Suehiro
Phillip J. Wiese
M. Abigail West
Alexandra M. Gonsman
Ezra D. Church (*admitted pro hac vice*)

Attorneys for Defendant
PEET'S COFFEE, INC.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

- 7 -

PEET'S COFFEE'S SECOND SUPP. BRIEF IN
OPP. TO CLASS CERTIFICATION
3:23-cv-01996-VC