**WOMBLE BOND DICKINSON (US) LLP**
TOMIO B. NARITA (SBN 156576)
*Tomio.Narita@wbd-us.com*
JEFFREY A. TOPOR (SBN 195545)
*Jeff.Topor@wbd-us.com*
R. TRAVIS CAMPBELL (SBN 271580)
*Travis.Campbell@wbd-us.com*
SAMUEL R. MELAMED (SBN 301303)
*Samuel.Melamed@wbd-us.com*
MICHELLE F. CATAPANG (SBN 308038)
*Michelle.Catapang@wbd-us.com*
50 California Street, Suite 2750
San Francisco, CA 94111
Telephone: (415) 433-1900
Facsimile: (415) 433-5530

**BRANN & ISAACSON**
DAVID W. BERTONI (admitted *pro hac vice*)
dbertoni@brannlaw.com
113 Lisbon Street
Lewiston, ME 04243-3070
Telephone: (207) 786-9325
Facsimile: (207) 783-9325

Attorneys for Defendant
ADDSHOPPERS, INC.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| ABBY LINEBERRY and MIGUEL CORDERO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ADDSHOPPERS, INC. and PEET'S COFFEE, INC.,<br><br>Defendants. | CASE NO.: 3:23-cv-01996-VC<br><br>**DEFENDANT ADDSHOPPERS, INC.'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** |

## I. INTRODUCTION

Pursuant to Civil L.R. 7-11 and 79-5, and the Court's Civil Standing Order ¶¶ 28-34, Defendant AddShoppers, Inc. ("AddShoppers") responds to Plaintiff's Administrative Motion To Consider Whether Another Party's Material Should Be Sealed (Dkt. No. 209).[1]

As they did with their initial moving and reply papers, Plaintiffs recently submitted discovery in support of their supplemental brief that is <u>not</u> cited by any party in connection with the pending motions. Previously, they filed nearly 1,000 pages of deposition transcripts that no party cited. *See* Dkt. Nos. 161 & 182. Now, they have filed AddShoppers' interrogatory responses that no party cited. *See* Dkt. No. 209-3 (Plaintiffs' Ex. 52). Plaintiffs' practice of filing uncited and irrelevant discovery is improper and appears designed to harass AddShoppers.

Accordingly, AddShoppers respectfully requests the Court keep under seal AddShoppers' uncited interrogatory responses[2] until and unless they become pertinent to an issue before the Court.[3] AddShoppers further requests the Court admonition Plaintiffs to take steps to avoid filing uncited deposition testimony and discovery responses going forward, especially when the testimony and responses have been marked "confidential."

## II. LEGAL STANDARD

Motions to seal documents relating to class certification are subject to the "compelling reasons" standard. *Adtrader, Inc. v. Google LLC*, 2020 U.S. Dist. LEXIS 206823, *4-5 (N.D. Cal. 2020) (citing *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F. 3d 1092, 1101-02 (9th Cir. 2016) and collecting cases). Under this standard, a record may be sealed when it "might be used to 'gratify private spite or promote public scandal,' …'" *Ctr. For Auto Safety*, 809 F. 3d at 1097 (quoting *Nixon v. Warner Commnc'ns Inc.*, 435 U.S. 589, 598-99 (1978)).

//

---

[1] AddShoppers incorporates by reference its Responses to Plaintiffs' prior Administrative Motions to Consider Whether Another Party's Material Should Be Sealed, along with the supporting declarations and exhibits. (Dkt. Nos. 161 & 182.)
[2] Specifically, interrogatory responses numbers 16 and 18.
[3] At the Court's direction, AddShoppers will file a redacted version of the interrogatory responses.

### III.    ARGUMENT

#### A.    Uncited Interrogatory Responses Should Remain Under Seal

In their supplemental brief, Plaintiffs cite to AddShoppers' interrogatory responses 17 and 19. *See* Dkt. No. 208 at fns. 2 & 3. Yet, having cited just two responses, they inexplicably filed AddShoppers' responses to Plaintiffs' entire second set of interrogatories. *See* Dkt. No. 209-3 (Plaintiffs' Ex. 52). These uncited responses – which include compensation amounts AddShoppers received from one of its clients – are not cited or otherwise referenced in Plaintiffs' supplemental brief. Indeed, they have no relevance to the question of class certification (or any other issue pending before the Court).

The strong presumption of access to court records is "based on the need for federal courts … to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. For Auto Safety*, 809 F. 3d at 1096 (quoting *United States v. Amodeo (Amodeo II)*, 71 F. 3d 1044, 1048 (2d Cir. 1995)). In short, open records ensure the public can review the evidence that courts rely on in making their decisions. But that noble purpose is not present here where none of the parties rely upon or cite the evidence in question. As a rule, materials that are uncovered during pretrial discovery and not admitted into evidence are ordinarily not within the scope of public access. *See Seattle Times Co. v. Rhinehart*, 467 US 20, 33 (1984) (pretrial depositions and interrogatories "are not public components of a civil trial"); *SEC v. TheStreet.Com*, 273 F. 3d 222, 229 (2nd Cir. 2001) (deposition testimony not a "judicial document" open to the public).

Here, the uncited interrogatory responses are extraneous to the Court's determination of the underlying issue—namely, Plaintiffs' motion for class certification—and thus not entitled to the presumption of public access. *See AV Builder Corp. v. Houston Cas. Co.*, 2022 U.S. Dist. LEXIS 108378, *15-18 (S.D. Cal. Mar. 22, 2022) (sealing documents "not necessary for the resolution of the [summary judgment] motions and [] not relied upon by the court").

Accordingly, AddShoppers requests the Court keep its uncited interrogatory responses under seal.[4]

### IV. CONCLUSION

For these reasons, AddShoppers requests the Court grant its request to seal and enter the Proposed Order filed contemporaneously herewith.

                                                  Respectfully submitted,

DATED: April 25, 2025                WOMBLE BOND DICKINSON (US) LLP

                                          By:   s/ *R. Travis Campbell*
                                                       R. Travis Campbell
                                                       Attorneys for Defendant AddShoppers, Inc.

---

[4] AddShoppers makes this request without prejudice to the Court unsealing the responses if they become relevant in future proceedings in this case.