MORGAN, LEWIS & BOCKIUS LLP
Megan A. Suehiro, Bar No. 316104
megan.suehiro@morganlewis.com
300 South Grand Avenue, Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: +1.213.612.2500

Phillip J. Wiese, Bar No. 291842
phillip.wiese@morganlewis.com
M. Abigail West, Bar No. 324456
abigail.west@morganlewis.com
Alexandra M. Gonsman, Bar No. 339361
alexandra.gonsman@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel: +1.415.442.1000

Ezra D. Church (*admitted pro hac vice*)
ezra.church@morganlewis.com
2222 Market Street
Philadelphia, PA 19103-3007
Tel: +1.215.963.5000

Attorneys for Defendant
PEET'S COFFEE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABBY LINEBERRY, TERRY MICHAEL COOK and MIGUEL CORDERO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ADDSHOPPERS, INC., and PEET'S COFFEE INC.,<br><br>Defendants. | Case No. 3:23-cv-01996-VC<br><br>**DEFENDANT PEET'S COFFEE, INC.'S SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND MOTION TO EXCLUDE EXPERT TESTIMONY**<br><br>Date: March 20, 2025<br>Time: 10:00 a.m.<br>Ctrm: 4 – 17th Floor<br>Judge: Hon. Vince Chhabria |

The Court's recent Order on Defendants' Motion to Dismiss, Dkt. 170 (the "Order"), significantly narrowed Plaintiffs' claims, and as a result, emphasizes that there is no viable path to certify any class against Peet's Coffee, Inc. ("Peet's"). The Order removed Plaintiff Terry Michael Cook from the case—leaving Plaintiff Miguel Cordero as the only Plaintiff with a claim against Peet's—and dismissed Plaintiffs' California Computer Data and Fraud Act ("CDAFA") claims. Order at 5. The only remaining proposed class as to Peet's is Cordero's California Invasion of Privacy Act ("CIPA") subclass. *See* Plaintiff's Motion for Class Certification, Dkt. 147 ("Class Cert Motion"). This proposed class cannot be certified.

As set forth in Peet's Opposition to Plaintiffs' Motion for Class Certification, Dkt. 165 ("Peet's Opposition"), Cordero's CIPA claim is subject to unique and dispositive defenses because AddShoppers, Inc. ("AddShoppers") did not collect Cordero's browsing activity on Peet's website. Opp. at 18-19. **Indeed, months of discovery has confirmed that with regard to Cordero's single visit to Peet's website over three years ago, AddShoppers only received a record of the date and time of Cordero's visit to Peet's website, nothing more.** As recognized in the Order, the mere fact that a website was accessed on a particular date does not constitute "contents" under CIPA. *See* Order at 5. In addition to this fatal shortcoming, Cordero's CIPA claim is barred by CIPA's one-year statute of limitations. *See* Opp. at 14-15. Cordero's claim is not typical, nor is Cordero an adequate representative of the remaining CIPA subclass consisting of California residents whose "detailed browsing activity" was collected.

The necessity of evaluating these issues for Cordero's and other proposed class members' CIPA claims demonstrates that individualized issues will predominate over any common questions of law or fact. Certification of Cordero's CIPA subclass must be denied.

I. <u>ARGUMENT</u>

In light of the Order, only one proposed class against Peet's remains:

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

- 1 -

PEET'S COFFEE'S SUPP. BRIEF IN OPP.
TO CLASS CERTIFICATION
3:23-cv-01996-VC

| Proposed Class | Representative |
|---|---|
| <u>California CIPA Subclass</u>: "All natural persons who, while in California, visited Peet's website for whom AddShoppers collected their detailed browsing activity." | Miguel Cordero |

*See* Mot. at i.  Cordero is not a member of the proposed California CIPA subclass as defined, much less a typical or adequate representative, because AddShoppers did not collect any of his "detailed browsing activity" from Peet's website, and the alleged data collection occurred over three years ago.  Individualized determinations will be required to evaluate whether any other natural person is part of the California CIPA subclass, rendering class certification inappropriate.

        A.      **<u>The Order Recognizes That Standing Is an Individualized Issue.</u>**

The threshold question as to whether any class member actually suffered an injury to their privacy sufficient to confer Article III standing is necessarily an individualized inquiry.  As stated in the Order: **"Whether browsing activity is private or personal enough depends on the facts of each case, including how much information is captured and how it is aggregated or used."**  Order at 2 (emphasis added).  Courts have declined to certify a class requiring individualized questions to determine standing.  *See, e.g.*, *Stiner v. Brookdale Senior Living, Inc.*, 665 F. Supp. 3d 1150, 1199 (N.D. Cal. 2023).  The same result is warranted here.

Cordero's experience on Peet's website underscores the need for individual standing determinations.  As Cordero has acknowledged multiple times, AddShoppers collected only the date and time of his visit to Peet's website, nothing more.  *See* FAC ¶ 63; Declaration of Megan A. Suehiro, Dkt. 165-2 ("Suehiro Decl. ISO Opp."), Ex. K (Cordero Depo. 58:5-21).  Because the mere date and time of a website visit is not private or personal information, Cordero lacks standing to bring a claim.  *See Lightoller v. Jetblue Airways, Corp.*, 2023 WL 3963823, at *4-5 (S.D. Cal. June 12, 2023) (collection of flight pricing information during plaintiff's website visit was not

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

- 2 -

PEET'S COFFEE'S SUPP. BRIEF IN OPP.
TO CLASS CERTIFICATION
3:23-cv-01996-VC

personal information for injury-in-fact purposes); *I.C. v. Zynga, Inc.*, 600 F. Supp. 3d 1034, 1049 (N.D. Cal. 2022) (plaintiffs lacked standing where they failed to show that the information at issue was "private"); *Byars v. Sterling Jewelers, Inc.*, 2023 WL 2996686, at *3 (C.D. Cal. Apr. 5, 2023) (plaintiff lacked Article III standing where she did not identify "any specific personal information" or "sensitive information" implicating "a protectable privacy interest").[1]

The same threshold standing inquiry will be needed for every proposed class member. Among other things, the Court will need to determine "[w]hether browsing activity is private or personal enough," depending on "how much information is captured and how it is aggregated or used." Order at 2. These individualized standing inquiries, along with the other individualized inquiries identified in the Opposition, overwhelmingly predominate over any common questions.

### B. Cordero's CIPA Claim Is Not Typical and Cordero Is Not an Adequate Class Representative.

#### 1. AddShoppers Did Not Collect "Browsing Activity" During Cordero's Visit to Peet's Website.

CIPA requires interception of the "contents" of a private communication. Opp. at 13 (citing *In re Zynga Priv. Litig.*, 750 F.3d 1098, 1107-09 (9th Cir. 2014)). In the Order, the Court reasoned that "the specific products viewed as opposed to just the IP address and fact that the website was accessed on a particular date" should be considered the "contents" of the communication under CIPA. Order at 5; *see also Yoon v. Lululemon*, 549 F. Supp. 3d 1074, 1082 (C.D. Cal. 2021) (finding the time, date, and duration of an interaction are not "contents" of a

---

[1] While the Court found Cordero had standing to survive dismissal at the pleadings stage, the evidence in the record at class certification makes clear that AddShoppers collected nothing more than the date and time of Cordero's visit to Peet's website, far short of the standing threshold. *See Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 980 (9th Cir. 2011) (courts' "rigorous analysis" of the Rule 23 factors may "entail some overlap with the merits of the plaintiff's underlying claim"); *see also Williams v. Apple, Inc.*, 338 F.R.D. 629, 636 (N.D. Cal. 2021) (noting the court may be required to "judg[e] the persuasiveness of the evidence presented" at the class certification stage).

user's communication). Accepting the Court's definition of "contents," there is no evidence that the "contents" of any communications were collected on Peet's website—necessary to support a claim against Peet's under CIPA.

Cordero does not allege that AddShoppers collected *any* of his browsing activity on Peet's website. FAC ¶ 63. In fact, discovery has confirmed that, consistent with Cordero's allegations in the FAC, **the *only* information AddShoppers collected about Cordero's visit to Peet's website was the date and time of that visit, *not* any products Cordero may have viewed**. Suehiro Decl. ISO Opp., Ex. K (Cordero Depo. 58:5-21); *id.*, Ex. L (PLTF00001321-22); *see also* Declaration of Shawn King, Dkt. 163-1 ¶ 16 ("AddShoppers did not collect any information about any webpages or product information that may have been viewed during the Peet's Session, or any information about any products that may have been put in an online shopping cart.").[2]

Cordero is not a member of the proposed CIPA subclass, much less an adequate representative of such class, and his CIPA claim likewise is not typical given the limited nature of AddShoppers' data collection. *See* Mot. at 14 (defining the proposed CIPA subclass as those for whom AddShoppers collected their "detailed browsing activity" on Peet's website); *see also Sali v. Corona Reg'l Med. Ctr.*, 909 F.3d 996, 1007 (9th Cir. 2018) (finding a plaintiff "must be a member of the class [he] seeks to represent"). Certification of Cordero's CIPA subclass should be denied for this additional reason.

### 2. Cordero's CIPA Claim is Barred by the Statute of Limitations.

The Order leaves only one remaining claim against Peet's, and that claim is time-barred. CIPA claims are subject to a one-year statute of limitations. Cal. Code Civ. Proc. § 340(a); *see*

---

[2] While Cordero maintains that the Google browsing history on his computer shows that he viewed a chicken waffle sandwich on Peet's website, he admitted that *AddShoppers'* records do *not* reflect any product that he viewed, including the chicken waffle sandwich. Declaration of Megan A. Suehiro ISO Supp. Brief, Ex. 1 (Cordero Depo. 193:9-194:15).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

- 4 -

PEET'S COFFEE'S SUPP. BRIEF IN OPP.
TO CLASS CERTIFICATION
3:23-cv-01996-VC

*also Javier v. Assurance IQ, LLC*, 649 F. Supp. 3d 891, 901 (N.D. Cal. 2023). The statute of limitations for a CIPA claim begins to run when the data is collected. *Brodsky v. Apple Inc.*, 445 F. Supp. 3d 110, 136 (N.D. Cal. 2020).

Cordero's only visit to Peet's website was on November 9, 2021—more than a year before this lawsuit was commenced on April 24, 2023. FAC ¶ 63; Youngentob Decl., Ex. 29 at ¶ 6 (Cordero Declaration). His CIPA claim is plainly time-barred and, as established in the Opposition, the "delayed discovery doctrine" cannot save his untimely claim. Opp. at 14-15. Cordero cannot establish typicality or adequacy for this additional reason. *See Nguyen v. Nissan N. Am., Inc.*, 487 F. Supp. 3d 845, 858-60 (N.D. Cal. 2020) (finding typicality requirement not met when named plaintiff's claims were time-barred); *Lindblom v. Santander Consumer USA, Inc.*, 2018 WL 573356, at *5 (E.D. Cal. Jan. 26, 2018) (noting that courts "routinely preclude potentially time-barred plaintiffs from serving as class representatives").

### C. Individualized Inquiries Extend to All Putative Class Members.

Even if the Court were to find that Cordero is an adequate representative and that his CIPA claim is typical—despite the overwhelming facts demonstrating otherwise—class certification must still be denied. As resolution of Cordero's claim demonstrates, the Court will need to undertake individualized inquiries for each putative class member including, at a minimum, the nature of information collected and the date of collection. In addition, as discussed in the Opposition, other individualized inquiries will be required to determine, among other things, whether the proposed class member consented to the use of AddShoppers' technology, where they were located at the time of their visit to Peet's website, whether they received an email from Peet's, and whether the data in AddShoppers' database is properly attributed to them. Opp. at 9-13. The need for such individualized inquiries alone defeats class certification. *Id.* at 9.

Dated: February 24, 2025

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By  /s/ *Megan A. Suehiro*
    Megan A. Suehiro
    Phillip J. Wiese
    M. Abigail West
    Alexandra M. Gonsman
    Ezra D. Church (*admitted pro hac vice*)

    Attorneys for Defendant
    PEET'S COFFEE, INC.